UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

KEVIN O'BRIEN, Individually and on Behalf
of All Others Similarly Situated,

                         Plaintiff,

      vs.

PARETEUM CORPORATION, VICTOR
BOZZO, EDWARD O'DONNELL and
DENIS MCCARTHY,

                         Defendants.

: Civil Action No. 1:19-cv-09767-AKH

: <u>CLASS ACTION</u>

———————————————————

AJAY SINGH, Individually and on Behalf of
All Others Similarly Situated,

                         Plaintiff,

      vs.

PARETEUM CORPORATION, ROBERT
TURNER, VICTOR BOZZO, EDWARD
O'DONNELL and DENIS MCCARTHY,

                         Defendants.

: Civil Action No. 1:19-cv-09795-AKH

: <u>CLASS ACTION</u>

——————————————————— x

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF LEAD COUNSEL

—————————————————————— x

LAILA MANSUR, Individually and on Behalf of All Others Similarly Situated,

                     Plaintiff,

      vs.

PARETEUM CORPORATION, ROBERT TURNER, DENIS MCCARTHY, VICTOR BOZZO and EDWARD O'DONNELL,

                     Defendants.

Civil Action No. 1:19-cv-09849-AKH

CLASS ACTION

——————————————————————

JOHN VARGO, Individually and on Behalf of All Others Similarly Situated,

                     Plaintiff,

      vs.

PARETEUM CORPORATION, ROBERT TURNER and EDWARD O'DONNELL,

                     Defendants.

Civil Action No. 1:19-cv-09936-AKH

CLASS ACTION

x

4848-0986-9231.v2

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................1

II.     SUMMARY OF THE ACTION......................................................................3

III.    ARGUMENT......................................................................................................5

        A.    The Related Actions Should Be Consolidated..........................................5

        B.    Mr. Bassarath and Mr. Lisi Should Be Appointed Lead Plaintiff ...........6

              1.    Mr. Bassarath and Mr. Lisi's Motion Is Timely .........................7

              2.    Mr. Bassarath and Mr. Lisi Possess the Largest Financial Interest .............7

              3.    Mr. Bassarath and Mr. Lisi Otherwise Satisfy Rule 23 .............7

        C.    Mr. Bassarath and Mr. Lisi's Selection of Counsel Should Be Approved ..............8

IV.     CONCLUSION..................................................................................................11

4848-0986-9231.v2

# TABLE OF AUTHORITIES

**Page**

**CASES**

*DeMarco v. Pareteum Corp.*,
No. 1:19-cv-05949 (E.D.N.Y.) ........................................................................................2

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865-AG-JCG (C.D. Cal.).........................................................................10

*In re Barrick Gold Corp. Sec. Litig.*,
2017 WL 4862779 (S.D.N.Y. Oct. 4, 2017).......................................................................8

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) ..............................................................................10

*In re Cmty. Health Sys., Inc. S'holder Derivative Litig.*,
No. 3:11-cv-00489 (M.D. Tenn.)......................................................................................11

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
586 F. Supp. 2d 732 (S.D. Tex. 2008) ................................................................................9

*In re Enron Corp. Sec.*,
No. 4:01-cv-03624 (S.D. Tex.) .........................................................................................10

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.)......................................................................10

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) .......................................................................10

*In re Titan, Inc. Sec. Litig.*,
No. 3:04-cv-0676-LAB (S.D. Cal. Dec. 20, 2005) ...........................................................10

*In re UnitedHealth Group Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.).........................................................................10

*Jackson Cty. Emps.' Ret. Sys. v. BHP Billiton Ltd.*,
No. 1:16-cv-01445-NRB (S.D.N.Y. June 14, 2016)...........................................................9

*Jones v. Pfizer, Inc.*,
No. 1:10-cv-03864-AKH (S.D.N.Y. July 30, 2015)............................................................9

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................1, 5, 7, 8

4848-0986-9231.v2

**Page**

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) ...................................................................................10

*Mansur v. Pareteum Corp.*,
No. 1:19-cv-09849-AKH ....................................................................................1, 6

*O'Brien v. Pareteum Corp.*,
No. 1:19-cv-09767-AKH ..............................................................................1, 5, 6, 7

*Pound v. Stereotaxis, Inc.*,
No. 4:11-cv-01752-HEA (E.D. Mo. Dec. 29, 2011)...........................................10, 11

*Singh v. Pareteum Corp.*,
No. 1:19-cv-09795-AKH ................................................................................ *passim*

*Vargo v. Pareteum Corp.*,
No. 1:19-cv-09936-AKH ....................................................................................1, 6

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(1) .......................................................................................................6
§78u-4(a)(3)(A)(i) ...............................................................................................6
§78u-4(a)(3)(B)(i) .............................................................................................2, 6
§78u-4(a)(3)(B)(ii) ...........................................................................................2, 5
§78u-4(a)(3)(B)(iii) ..........................................................................................2, 7
§78u- 4(a)(3)(B)(iii)(I)(cc)..................................................................................7
§78u-4(a)(3)(B)(iii)(II)(aa) .................................................................................9
§78u-4(a)(3)(B)(v) ..............................................................................................2

Federal Rule of Civil Procedure
Rule 23.............................................................................................................2, 6, 7
Rule 23(a)(4)........................................................................................................8
Rule 42(a).......................................................................................................1, 2, 5

4848-0986-9231.v2

## I.  INTRODUCTION

Presently pending before this Court are four related securities class actions (the "Related Actions") brought on behalf of purchasers of Pareteum Corporation ("Pareteum" or the "Company") securities seeking to pursue remedies under §§10(b) and 20(a) the Securities Exchange Act of 1934 (the "1934 Act") against the Company and certain of its senior executives. The Related Actions are: (1) *O'Brien v. Pareteum Corp.*, No. 1:19-cv-09767-AKH, filed on October 22, 2019 on behalf of investors who purchased or otherwise acquired Pareteum securities between March 12, 2019 and October 21, 2019, inclusive; (2) *Singh v. Pareteum Corp.*, No. 1:19-cv-09795-AKH, filed on October 23, 2019, on behalf of investors who purchased or otherwise acquired Pareteum securities between December 26, 2017 and October 21, 2019, inclusive; (3) *Mansur v. Pareteum Corp.*, No. 1:19-cv-09849-AKH, filed on October 24, 2019, on behalf of investors who purchased Pareteum common stock between December 14, 2017 and October 21, 2019, inclusive; and (4) *Vargo v. Pareteum Corp.*, No. 1:19-cv-09936-AKH, on behalf of investors who purchased or otherwise acquired Pareteum common stock between May 7, 2018 and October 21, 2019, inclusive.  For purposes of this motion, the longest and most inclusive alleged class period is used – December 14, 2017 through October 21, 2019, inclusive (the "Class Period"). *See, e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("For the purposes of [the lead plaintiff] analysis, we use the longer class period with the earlier start date.").[1]

Putative class members and proposed lead plaintiff Clarence Bassarath and James A. Lisi respectfully submit this memorandum of law in support of their motion for an order: (1) consolidating the Related Actions pursuant to Federal Rule of Civil Procedure 42(a); (2)

---

[1]  On October 30, 2019, this Court accepted the *Singh*, *Mansur*, and *Vargo* actions as related to the first-filed *O'Brien* action.

4848-0986-9231.v2

appointing Mr. Bassarath and Mr. Lisi lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (3) approving Mr. Bassarath and Mr. Lisi's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Robbins LLP as lead counsel for the proposed class.[2]

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate under Rule 42(a) because the Related Actions involve common questions of law and fact. Further, the PSLRA directs courts to appoint as lead plaintiff the class member or group of members it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Mr. Bassarath and Mr. Lisi are the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition to timely filing their motion, Mr. Bassarath and Mr. Lisi have a significant financial interest – an interest believed to be greater than that of any plaintiff. And, Mr. Bassarath and Mr. Lisi meet the Rule 23 typicality and adequacy requirements because their claims are typical of those of absent class members and Mr. Bassarath and Mr. Lisi will fairly and adequately represent the interests of the proposed class. Mr. Bassarath and Mr. Lisi have also selected Robbins Geller and Robbins LLP to serve as lead counsel for the putative class in the event their motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Bassarath and Mr. Lisi's chosen counsel has extensive experience in the prosecution of complex securities class actions,

---

[2] A substantially similar complaint, *DeMarco v. Pareteum Corp.*, No. 1:19-cv-05949 (E.D.N.Y.), was filed in the Eastern District of New York on October 22, 2019, on behalf of investors who purchased or otherwise acquired Pareteum securities between March 12, 2019 and October 21, 2019. Mr. Bassarath and Mr. Lisi are also filing a lead plaintiff motion in the *DeMarco* action. If appointed Lead Plaintiff, Mr. Bassarath and Mr. Lisi would seek to transfer and consolidate the actions in one forum.

4848-0986-9231.v2

has efficiently and effectively worked together in other actions, and the Court may be assured that by granting this motion and approving Mr. Bassarath and Mr. Lisi's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.C, *infra*.

Accordingly, Mr. Bassarath and Mr. Lisi's motion should be granted.

## II.   SUMMARY OF THE ACTION

Pareteum is a mobile networking software and services provider with its principal executive offices located in New York, New York. Pareteum's shares trade on the NASDAQ under the ticker TEUM.

The complaints allege that during the Class Period, defendants made materially false and misleading statements about Pareteum's business, operations, and prospects. These statements are alleged to be materially false and misleading because they failed to disclose: (1) that Pareteum's backlog had been artificially inflated; (2) that Pareteum was not likely to collect from several of its key customers; (3) that, as a result, Pareteum's accounts receivable was overstated; (4) that Pareteum improperly recognized revenue from certain customer transactions; (5) that there was a material weakness in Pareteum's internal control over financial reporting related to the Company's backlog; (6) that, as a result of the foregoing, Pareteum was reasonably likely to restate financial statements for several periods; and (7) that, as a result of the foregoing, defendants' positive statements about Pareteum's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

The truth began to emerge through a series of disclosures. On June 7, 2019, research firm Marcus Aurelius Value issued a scathing report describing Pareteum's "massive downside potential" and noting its belief that "the stock is completely uninvestible." *Singh* ECF No. 1 at ¶8. Then, on June 25, 2019, a second research firm, Viceroy Research ("Viceroy"), published a report

- 3 -

entitled "Pareteum - The Wild West of Telecoms." Viceroy's report echoed many of the findings from the Marcus Aurelius Value Report, including that several of Pareteum's partner entities were either nonexistent, insolvent or lacked sufficient resources to satisfy reported contract values, "leading us to believe that they are Pareteum customers who are unable to pay or have no operations." *Id.* at ¶9. Viceroy's report also noted that "Pareteum's 36-month contractual backlog measurement is not an accurate predictor of future profits."

On August 23, 2019, Pareteum announced that it was forced to amend its credit agreement with senior creditor Post Road to get access to $2.5 million. As part of the deal, Pareteum had to issue 750,000 shares to Post Road on August 22, 2019, and an additional 250,000 shares on November 15, 2019, thereby seriously diluting existing shareholders. Then, on October 16, 2019, Pareteum announced the sudden and unexplained termination of the Company's Chief Operating Officer, defendant Denis McCarthy, who had been "deeply involved" with the "contract backlog" metric. *Singh* ECF No. 1 at ¶11. Finally, on October 21, 2019, Pareteum announced that it would restate its previously issued consolidated financial statements as of and for the full year ended December 31, 2018, and interim periods ended March 31, 2019 and June 30, 2019. According to Pareteum, "[t]he decision to restate these financial statements is based on the Company's conclusion that certain revenues recognized during 2018 and 2019 should not have been recorded during that period. For certain customer transactions, the Company may have prematurely or inaccurately recognized revenue." *Id.* at ¶12. All told, Pareteum has lost hundreds of millions of dollars in shareholder value during the Class Period, and the shares remain down approximately 90% from their Class Period high.

- 4 -

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Pareteum shares, Mr. Bassarath, Mr. Lisi, and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated.  *See Kaplan*, 240 F.R.D. at 91.

Here, the Related Actions pending before this Court present virtually identical factual and legal issues, alleging the same violations of the 1934 Act against similar defendants, during similar periods:

| COMPLAINT | DEFENDANTS | CLAIMS | CLASS PERIOD |
|---|---|---|---|
| *O'Brien v. Pareteum Corp.* | Pareteum, Victor Bozzo, Edward O'Donnell, Denis McCarthy | §§10(b) and 20(a) of the 1934 Act | 3/12/2019 - 10/21/2019 |
| *Signh v. Pareteum Corp.* | Pareteum, Robert Turner, Victor Bozzo, Edward O'Donnell, Denis McCarthy | §§10(b) and 20(a) of the 1934 Act | 12/26/2017 – 10/21/2019 |

| *Mansur v. Pareteum Corp.* | Pareteum, Robert H. Turner, Victor Bozzo, Edward O'Donnell, Denis McCarthy | §§10(b) and 20(a) of the 1934 Act | 12/14/2017 – 10/21/2019 |
|---|---|---|---|
| *Vargo v. Pareteum Corp.* | Pareteum, Robert H. Turner, Edward O'Donnell | §§10(b) and 20(a) of the 1934 Act | 5/7/2018 – 10/21/2019 |

The *O'Brien* and *Singh* actions seek to represent investors who purchased or otherwise acquired Pareteum securities while the *Mansur* and *Vargo* actions seek to represent investors who purchased or otherwise acquired Pareteum common stock. This difference, as well as the difference in class periods, will be resolved upon the filing of a consolidated complaint. The factual allegations, class periods, defendants, and claims are all substantially similar. Accordingly, the Related Actions should be consolidated.

### B. Mr. Bassarath and Mr. Lisi Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice . . .;

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4848-0986-9231.v2

15 U.S.C. §78u-4(a)(3)(B)(iii). Mr. Bassarath and Mr. Lisi meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. Mr. Bassarath and Mr. Lisi's Motion Is Timely

On October 22, 2019, the statutory notice for the first-filed *O'Brien* action was published on *Business Wire*, which advised class members of the pendency of action, the alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days of the publication of the notice, or by December 23, 2019. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. 1. Thus, Mr. Bassarath and Mr. Lisi filed within the applicable deadline and their motion should be considered for lead plaintiff appointment.

### 2. Mr. Bassarath and Mr. Lisi Possess the Largest Financial Interest

As indicated in their Certifications and loss chart, Mr. Bassarath and Mr. Lisi purchased 462,441 shares during the Class Period and suffered approximately $566,052 in losses as a result of defendants' alleged wrongdoing. *See* Rosenfeld Decl., Exs. 2, 3. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Bassarath and Mr. Lisi satisfy the PSLRA's "largest financial interest" requirement.

### 3. Mr. Bassarath and Mr. Lisi Otherwise Satisfy Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA. *Kaplan*, 240 F.R.D. at 94.

4848-0986-9231.v2

"The typicality threshold is satisfied 'where the claims arise from the same conduct from which the other class members' claims and injuries arise.'" *Id.* (citation omitted). Mr. Bassarath and Mr. Lisi satisfy this requirement because, just like all other class members, they: (1) purchased Pareteum securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* Here, Mr. Bassarath and Mr. Lisi are adequate representatives of the class because their interests are aligned with those of the putative class and there is no evidence of any antagonism between Mr. Bassarath and Mr. Lisi's interests and the class's interests. Further evidencing their ability to fairly and competently represent the interests of the class, Mr. Bassarath and Mr. Lisi have submitted a joint declaration affirming their ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Rosenfeld Decl., Ex. 4. As described in greater detail below, Mr. Bassarath and Mr. Lisi have also retained competent and experienced counsel to prosecute these claims. Finally, Mr. Bassarath and Mr. Lisi's substantial loss provides the requisite interest to ensure vigorous advocacy. Thus, Mr. Bassarath and Mr. Lisi satisfy the adequacy requirements of Rule 23(a)(4).

**C.      Mr. Bassarath and Mr. Lisi's Selection of Counsel Should Be Approved**

"The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at *3 (S.D.N.Y. Oct. 4, 2017) (citation omitted). Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."

4848-0986-9231.v2

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Here, Mr. Bassarath and Mr. Lisi have selected Robbins Geller and Robbins LLP to serve as lead counsel for the proposed class.[3]

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  Robbins Geller, a 200-attorney firm with offices nationwide, including in this District, regularly represents clients in complex class action litigation.  Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Jackson Cty. Emps.' Ret. Sys. v. BHP Billiton Ltd.*, No. 1:16-cv-01445-NRB, ECF No. 46 at 8 (S.D.N.Y. June 14, 2016) (approving movant's selection of Robbins Geller as lead counsel and finding Robbins Geller "has the experience and resources necessary to adequately litigate this case"); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (Hellerstein, J.) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well . . . .  You did a really good job.  Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability,

---

[3]  For detailed descriptions of the firms' track records, resources, and attorneys, please *see generally* https://www.rgrdlaw.com and https://www.robbinsllp.com.  Hard copies of the firms' resumes are available upon the Court's request, if preferred.

4848-0986-9231.v2

and reputation" of Robbins Geller's attorneys "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[4]  And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Robbins LLP is a nationally-recognized shareholder rights firm focusing its practice on complex shareholder litigation.  Robbins LLP attorneys have secured impressive recoveries in shareholder rights' actions.  For example, Robbins LLP served as Lead Counsel in the securities fraud class action *In re Titan, Inc. Sec. Litig.*, No. 3:04-cv-0676-LAB (S.D. Cal. Dec. 20, 2005), which settled for $61.5 million.

Robbins Geller and Robbins LLP have experience serving as lead counsel with one another and understand the importance of providing comprehensive representation to the class without performing duplicative work.  *See Pound v. Stereotaxis, Inc.*, No. 4:11-cv-01752-HEA, ECF No.

---

[4]  *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4848-0986-9231.v2

15 (E.D. Mo. Dec. 29, 2011) (firms appointed as lead counsel in securities case); *Weston v. CIBER, Inc.*, No. 1:11-cv-02827-JLK, ECF No. 15 (D. Col. Jan. 31, 2012) (same); *see also In re Cmty. Health Sys., Inc. S'holder Derivative Litig.*, No. 3:11-cv-00489 (M.D. Tenn.) (firms served as lead counsel in shareholder derivative case, securing a $60 million settlement).

Thus, the Court can be assured that by approving Mr. Bassarath and Mr. Lisi's choice of Robbins Geller and Robbins LLP as lead counsel, the putative class will receive the highest caliber of representation without duplicating fees, costs, or expenses.

## IV.    CONCLUSION

The Related Actions should be consolidated as they involve virtually identical factual and legal issues, alleging the same violations of the 1934 Act against similar defendants, during similar periods.  In addition, Mr. Bassarath and Mr. Lisi have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Mr. Bassarath and Mr. Lisi respectfully request that the Court grant their motion.

DATED:  December 23, 2019                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

- 11 -

4848-0986-9231.v2

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS LLP
BRIAN J. ROBBINS
GREGORY DEL GAIZO
5040 Shoreham Place
San Diego, CA  92122
Telephone:  619/525-3990
619/525-3991 (fax)
brobbins@robbinsllp.com
gdelgaizo@robbinsllp.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 12 -

4848-0986-9231.v2

# Mailing Information for a Case 1:19-cv-09767-AKH O'Brien v. Pareteum Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Jeffrey James Chapman**
  jchapman@mcguirewoods.com,cguerrero@mcguirewoods.com,Sruffin@mcguirewoods.com

- **Stephen G. Foresta**
  sforesta@orrick.com,nymao@orrick.com

- **Laurence Jesse Hasson**
  lhasson@bernlieb.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Gregory Mark Nespole**
  gnespole@zlk.com,jtash@zlk.com

- **Melinda Ann Nicholson**
  melinda.nicholson@ksfcounsel.com,ecf.filings@ksfcounsel.com,patrick.abercrombie@ksfcounsel.com

- **Joshua Wolf Ruthizer**
  jruthizer@wolfpopper.com,cdunleavy@wolfpopper.com

- **Jason Allen Zweig**
  jasonz@hbsslaw.com,ceciliah@hbsslaw.com,nicolleg@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)