**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN O'BRIEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PARETEUM CORPORATION, VICTOR BOZZO, ROBERT H. TURNER AND EDWARD O'DONNELL,<br><br>Defendant. | No.: 1:19-cv-0009767-AKH<br><br>MEMOARANDUM OF LAW IN SUPPORT OF THE PARETEUM INVESTOR GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL |
| AJAY SINGH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PARETEUM CORPORATION, ROBERT TURNER, VICTOR BOZZO, EDWARD O'DONNELL and DENNIS MCCARTHY,<br><br>Defendants. | No.: 1:19-cv-09795-AKH |
| LAILA MANSUR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PARETEUM CORPORATION, ROBERT H. TURNER, VICTOR BOZZO, EDWARD O'DONNEL and DENIS MCCARTHY,<br><br>Defendants. | No.: 1:19-cv-09849-AKH |

| | |
|---|---|
| JOHN VARGO, individually and on behalf of all others similarly situated, | No.: 1:19-cv-09936-AKH |
| Plaintiff, | |
| v. | |
| PARETEUM CORPORATION, ROBERT H. TURNER and EDWARD O'DONNELL, | |
| Defendants. | |

## PRELIMINARY STATEMENT

John Vargo, Thinh Van Tran, Paul Berger, and John Murphy (the "Pareteum Investor Group"), respectfully submit this memorandum in support of their motion pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (a) consolidating all related actions; (b) appointing the Pareteum Investor Group as lead plaintiffs for a class (the "Class") of investors who purchased the publicly traded securities of Pareteum Corporation ("Pareteum" or "the Company"); and (c) approving their selection of Block & Leviton LLP ("Block & Leviton") Lead Counsel for the Class.

Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact. Here, the above-captioned actions ("Related Actions") are securities class actions brought against Pareteum and certain of the Company's top officials (collectively, "Defendants") on behalf of investors who purchased Pareteum securities. All four complaints on file are substantially the same, alleging that Defendants issued false and misleading statements about Pareteum's financial health and revenues that resulted in the Company restating its financial reports for all of 2018 and the first two quarter of 2019. The Company's announcement of these

2

restatements resulted in The Company's share price falling from $0.74 per share to $0.30 per share in a single day of trading – a drop of almost 60%.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movants who possesses the largest financial interest in the outcome of the action and who satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Pareteum Investor Group has losses of approximately $300,000.00 in connection with their purchases of Pareteum securities using the longest class period pled in the above captioned cases – December 14, 2017 to October 21, 2019, inclusive.[1]

The Pareteum Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as they ae adequate representatives with claims typical of the other Class members. Accordingly, the Pareteum Investor Group respectfully submits that it should be appointed Lead Plaintiff, and that its selection of Block & Leviton as Lead Counsel should be approved.

## STATEMENT OF FACTS

Pareteum is the successor in interest to Elephant Talk Communications ("ETC") a global provider of mobile proprietary Software Defined Network Architecture. The Company began a restructuring in 2015 under a new management team. As part of this process, ETC cut jobs and refinanced the Company's debt through a series of private placements. These efforts culminated in the rebranding of ETC as Pareteum on Novembers 1, 2016. The Company now trades on the

---

[1] Copies of the PSLRA-required Certifications submitted by the Pareteum Investor Group are attached as Exhibits A-D to the Declaration of Jeffrey C. Block (the "Block Decl."). These Certifications set forth the transactions of the Pareteum Investor Group in Pareteum securities during the relevant period. In addition, charts reflecting calculations of each of the Pareteum Investor Group's financial losses on Pareteum securities are attached as Exhibits E-L to the Block Decl.

NASDAQ stock exchange under the ticker symbol "TEUM." According to the Company's website, Pareteum is now a leading provider of "Communications Platform as a Service Solution."

The rebranding and restructuring of Pareteum initially appeared to be a wild success, with the Company reporting record revenues for every quarter in 2018 and the first two quarters in 2019. In fact, the Company's revenues purportedly increased from $4.1 million to $34 million in 6 quarters – representing an increase of 730%. This impressive growth quickly drew investor and analyst attention, and the Company's common stock rose from $1.75 per share in January 2019 to a high of $5.70 per share in March of 2019 – an increase of 225%. At least one analyst predicted that the stock could go as high as $9.00 per share before the end of 2019.

During the Class Period, defendants issued a series of press releases and made statements in United States Securities and Exchange Commission ("SEC") filings and during conference calls for analysts and investors that promoted the Company's financial status and rapidly growing revenues. What Defendants did not disclose, however, was that these glowing assessments were based upon accounting sleights of hand and that the Company lacked proper internal accounting and disclosure controls.

Pareteum's rags-to-riches storyline would start to fall apart on June 7, 2019, when the short seller with the pseudonym Marcus Aurelius published a report on Pareteum entitled "TEUM: Where Are The Customers?"[2] This report alleged that the Company's financials were fatally flawed – if not criminal. Among other things, Aurelius alleged that the Company's public claims regarding its customer base did not hold up to "investigative scrutiny." For example, Aurelius alleged that the Company was reporting sham contracts with non-existent customers. The publication of the Aurelius report immediately caused turmoil among investors, causing the stock

---

[2] See http://aureliusvalue.com/research/teum-where-are-the-customers/

to plunge $0.83 or 24% to close at $2.58 in a single day of trading.

Then, on October 21, 2019, Pareteum reported that it had improperly recognizing revenues for all of 2018 and the first two quarters of 2019, and the Company's financial statements for those periods would be restated. According to Company estimates, the restatements would negate $9 million dollars of revenue for 2018 and $24 million for the first two quarters of 2019. This news shocked investors – as the restatements would negate over 42% of the aggregate revenue previously recorded for that period. The Company's share price reacted as one would expect, falling from $0.74 per share to $0.30 per share on the next day of trading – a drop of almost 60%.

The initial class action complaint was filed on October 22, 2019. The first notice of the pendency of this action was published on *Business Wire* the same day. Block Decl., Exhibit M. The PSLRA permits any member of the purported class to move for appointment as lead plaintiff within 60 days of the publication of the first notice that a class action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). By the filing of this motion, the Pareteum Investor Group has timely moved under the PSLRA.

## ARGUMENT

### A.    The Related Actions Should Be Consolidated

Four class action complaints have been filed in this Court[3] alleging that Pareteum and certain of its officers violated the federal securities laws by issuing materially false and misleading statements that artificially inflated Pareteum's stock price, in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5. While substantial

---

[3] In addition, the Pareteum Investor Group is aware of at least one securities class action against Pareteum and certain of its officers which was filed in the U.S. District for the Eastern District of New York on October 22, 2019 which appears to bring claims substantial similar to those brought by the Related Actions. *See DeMarco v. Pareteum, et. al.*, 1:19-cv-05949 (E.D.N.Y.)

similar, there are differences in the class periods and the identity of the individual defendants, as shown below:

| Case Caption | Individual Defendants | Class Period | Filing Date |
|---|---|---|---|
| *O'Brien v. Pareteum, et. al,* 1:19-cv-09767 | Victor Bozzo, Robert H. Turner and Edward O'Donnell | 5/12/2019 – 10/21/2019 | 10/22/2019 |
| *Singh v. Pareteum, et. al.,* 1:19-cv-09795 | Victor Bozzo, Robert H. Turner, Edward O'Donnell and Dennis McCarthy | 12/26/2017 – 10/21/2019 | 10/23/2019 |
| *Mansur v. Pareteum, et. al.,* 1:19-cv-09849 | Victor Bozzo, Robert H. Turner, Edward O'Donnell and Dennis McCarthy | 12/14/2017 – 10/21/2019 | 10/24/2019 |
| *Vargo v. Pareteum et. al.,* 1:19-cv-09936 | Robert H. Turner and Edward O'Donnell | 5/07/2018 – 10/21/2019 | 10/27/2019 |

These securities class actions present virtually identical factual and legal issues, as they arise out of the same alleged misstatements regarding the Company's violations of the federal securities laws. In addition, each of these class actions name Robert H. Turner (the Company's founder) and Edward O'Donnell (the Company's Former CFO) as defendants. Accordingly, consolidation is appropriate here. *See Kaplan*, 240 F.R.D. at 91 (finding that differences in defendant or the class periods "do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation"); *Pinkowitz v. Elan Corp., PLC,* No. 02 CIV. 865(WK), 2002 WL 1822118, at *3-4 (S.D.N.Y. July 29, 2002) (granting consolidation despite divergence in the defendants, class periods, and causes of action); *Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 401 (S.D.N.Y. 2004) (consolidation proper where two complaints assert "essentially similar and overlapping claims").

The securities complaints in these actions rely upon the same allegedly false and misleading public statements. Despite the different class periods and defendants, all the securities class actions filed to date rely on common questions of fact and law; to wit, that defendants' statements to the investing public misrepresented or omitted to state material facts in violation of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. In addition, consolidation of these actions would be in the interests of judicial economy.

**B.      The Pareteum Investor Groups Have The Largest Financial Interest In The Relief Sought by the Class**

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the person or group that "has the largest financial interest in the relief sought by the class" and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "The PSLRA does not state how to determine which plaintiff has the largest financial interest in the relief sought by the class." *Xianglin Shi v. Sina Corp.*, No. 05 Civ. 2154, 2005 WL 1561438 (S.D.N.Y. July 1, 2005) (Buchwald, J.); *see also Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 406 (S.D.N.Y. 2004) ("in the absence of statutory guidance or Second Circuit case law, the method used and the factors considered in determining each movant's financial interest remain fully within the discretion of the district court").

Lacking any direction from the PSLRA, courts generally look first to the losses each movant incurred from transactions in the subject security to identify the presumptive lead plaintiff:

> '[The district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the presumptively most adequate plaintiff – and hence the presumptive lead plaintiff – the

7

> one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.' The court should 'compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.'

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2003 WL 102806, at *2 (S.D.N.Y. Jan. 10, 2003) (Kram, J.), quoting citing, *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir.2002) (internal quotations omitted).

As noted above, the four actions filed against the Defendants assert four different Class Periods. The court-appointed lead plaintiff will bear ultimate responsibility for determining the appropriate class period to assert in a consolidated amended complaint based upon a thorough investigation of the facts. *See In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401, 407 n.1 (S.D. Tex. 2000) ("The proper class period will be determined only after lead plaintiff is appointed, lead counsel is approved, and an amended complaint is filed."); *Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007) ("the filing of a consolidated complaint, and the determination of class certification each offer opportunities to resolve remaining issues concerning the differing class periods") (citation omitted); *Id.*

At this stage of the proceedings, however it is appropriate to calculate losses using the longest class period on file, in this case, December 14, 2017 to October 21, 2019, inclusive. *See e.g., In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 114-15 (E.D.N.Y. 2012) ("For the purpose of determining a lead plaintiff, the Court finds that the use of the longer, most inclusive class period identified by the present movants … is proper, as it encompasses more potential class members."); *In re Bank of America Corp. Sec., Deriv. and ERISA Litig.,* 258 F.R.D. 260, 269 (S.D.N.Y.2009) (determining the largest financial interest based upon "the longest class period").

The Pareteum Investor Group believes that they have the largest financial interest in the relief sought by the Class using this class period – suffering aggregate losses of $299,562.44 on a

LIFO basis and are the presumptive lead plaintiffs based on the losses they incurred as a result of their trading in Pareteum stock. Block Decl., Exhibits E-L.

Moreover, the express language of the PSLRA permits the appointment of a group of class members as the lead plaintiff, as courts in this District have long recognized. *See, e.g.*, *City of Brockton Ret. Sys. v. Shaw Group, Inc.*, No. 06 Civ. 8245(CM)(MHD), 2007 WL 2845125, at *3 (S.D.N.Y. Sept. 26, 2007) (Dollinger, M.J.) ("From this language, it is evident that the court may appoint multiple persons – whether individuals or entities – as lead plaintiffs."); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 163 (S.D.N.Y. 2005) (Holwell, J.) ("courts have adopted a 'rule of reason' test, pursuant to which the acceptability of the proposed 'group' is tested against its ability to represent the interests of the class"); *Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001) (collecting cases). The Pareteum Investor Group are a small, dedicated and cohesive group of three investors who have followed Pareteum closely. It is thus proper to aggregate the losses of the Pareteum Investor Group to determine their financial interest in this litigation.

In sum, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Pareteum Investor Groups are the presumptive "most adequate plaintiff" and should be appointed as lead plaintiffs in this action.

### C.       The Pareteum Investor Group Satisfies The Requirements Of Rule 23

The PSLRA further provides that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, a movant need only make prima facie showing that the adequacy and typicality requirements of Rule 23 have been met. *See, e.g., Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

The Pareteum Investor Group have submitted Certifications in which they affirm their understanding of the duties they owe to the members of the Class by expressing their commitment

to oversee the prosecution of the instant litigation. Block Decl., Exhibits A-D. Through these Certifications, the Pareteum Investor Group accept the fiduciary obligations they will undertake if they are appointed lead plaintiffs in this action.

The Pareteum Investor Group also satisfies the typicality requirements of Rule 23. "The typicality threshold is satisfied 'where the claims arise from the same conduct from which the other class members' claims and injuries arise.'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (internal citation omitted); *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993). The Pareteum investor Group's interests are the same as those of other Class members. For instance, the Pareteum investor Group, like other Class members, seek to hold Defendants liable for the consequences of their violations of the federal securities laws. In addition, there are no facts which indicate any conflicts of interest between the Pareteum investor Group and the other Class members. Indeed, the events and course of conduct that give rise to the Pareteum Investor Group' claims are the same events and course of conduct that give rise to the claims of the Class. Since the Pareteum Investor Group's claims are based on the same legal theories and arise from the same events giving rise to the claims of other Class members, the typicality requirement of Rule 23 is satisfied. *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (Stein, J.).

> **D.      The Court Should Approve the Pareteum Investor Group' Selection of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. *See* Securities and Exchange Act of 1934 § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 276 (holding that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb

the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." *See* Statement of Managers – The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H. R. Conf. Rpt. No. 104-369, at 35, 104th Cong. 1st Sess. (Nov. 28, 1995).

Here, the Pareteum investor Group have selected Block & Leviton to serve as Lead Counsel. Block & Leviton is highly-experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities fraud class actions.[4] Block & Leviton represented the Ohio Public Employees Retirement System in *In Re BP, Plc. Sec. Litig.*, 4:10-md-02185 (S.D. Tex.) and obtained a $175 million recovery on behalf of investors, representing more than 50% of investor losses. Courts have noted Block & Leviton's ability to act as lead counsel in class actions finding the firm's "experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.)* . . . will benefit the shareholders in this suit." *Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D. N.J. 2018) (ECF No. 21) (internal quotations and citations omitted) *Scuderi v. Mammoth Energy Services, Inc., et. al.*, No. CIV-19-522-SLP, slip op at 11-12 (W.D. Ok. Sept. 13, 2019) ("The record establishes Block & Leviton has extensive experience litigating federal securities fraud class actions.")

Thus, the Court may be assured that, in the event this motion is granted, the Class will receive the highest caliber of legal representation available.  Accordingly, the Court

---

[4] Block & Leviton's firm Resume is attached to Block Decl. as Exhibit M.

should approve the Pareteum Investors Group's selection of Block & Leviton as Lead Counsel for the Class.

## CONCLUSION

For all the above reasons, the Pareteum Investor Group respectfully request that the Court: (a) consolidate all related actions; (b) appoint the Pareteum Investor Group as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Exchange Act; (c) approve the Pareteum Investor Group's selection of Lead Counsel for the Class; (d) consolidate all related actions; and (e) grant such other and further relief as the Court may deem just and proper.

Dated: December 23, 2019          Respectfully submitted,

/s/ Jeffrey C. Block
**BLOCK & LEVOTON LLP**
Jeffery C. Block (JB-0387)
260 Franklin Street, STE 1860
Boston, MA 02110
Telephone: 617-398-5600
Facsimile: 617-507-6020

*Counsel to the Pareteum Investor Group and*
*Proposed Lead Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Jeffrey C. Block
Jeffrey C. Block