**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN O'BRIEN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:19-cv-09767-AKH |
| Plaintiff, | |
| v. | |
| PARETEUM CORPORATION, VICTOR BOZZO, EDWARD O'DONNELL, and DENIS MCCARTHY, | |
| Defendants. | |
| AJAY SINGH, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:19-cv-09795-AKH |
| Plaintiff, | |
| v. | |
| PARETEUM CORPORATION, ROBERT TURNER, VICTOR BOZZO, EDWARD O'DONNELL, and DENIS MCCARTHY, | |
| Defendants. | |
| LAILA MANSUR, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:19-cv-09849-AKH |
| Plaintiff, | |
| v. | |
| PARETEUM CORPORATION, ROBERT H. TURNER, DENIS MCCARTHY, VICTOR BOZZO, and EDWARD O'DONNELL, | |
| Defendants. | |

[Caption continued on next page.]

| | |
|---|---|
| JOHN VARGO, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>v.<br><br>PARETEUM CORPORATION, ROBERT H. TURNER, and EDWARD O'DONNELL,<br><br>               Defendants. | Case No. 1:19-cv-09936-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF CACIOPPO & DARLEY'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, <u>AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND...................................................................................................... 2

LEGAL STANDARD................................................................................................................. 4

ARGUMENT .............................................................................................................................. 5

    I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................5

    II.     CACIOPPO & DARLEY ARE THE PRESUMPTIVE LEAD PLAINTIFFS
          AND SHOULD BE APPOINTED LEAD PLAINTIFFS ......................................6

          A.     Cacioppo & Darley Filed a Timely Motion.................................................6

          B.     Cacioppo & Darley Have the Largest Financial Interest in the Relief
                 Sought by the Class....................................................................................7

          C.     Cacioppo & Darley Satisfy Rule 23............................................................8

    III.    CACIOPPO & DARLEY'S SELECTION OF LEAD COUNSEL SHOULD
          BE APPROVED ..................................................................................................9

CONCLUSION.......................................................................................................................... 11

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Constance Sczesny Tr. v. KPMG LLP*,
223 F.R.D. 319 (S.D.N.Y. 2004) ...................................................................................9

*Cornwell v. Credit Suisse Grp.*,
No. 1:08-cv-03758 (S.D.N.Y. July 20, 2011) ........................................................10, 11

*Dolan v. Axis Capital Holdings Ltd.*,
No. 04 Civ. 8564(RJH), 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) .....................6

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) ..................................................................................1

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)........................................................................................4

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015)........................................................................2, 5

*Peters v. Jinkosolar Holding Co., Ltd.*,
No. 11 Civ. 7133(JPO), 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) .....................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*,
229 F.R.D. 395 (S.D.N.Y. 2004) .................................................................................9

*Taft v. Ackermans*,
No. 02 Civ. 7951(PKL), 2003 WL 402789 (S.D.N.Y. Feb. 20, 2003)......................9

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015)..........................................................................10

*In re Tronox, Inc. Sec. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) ...........................................................................5, 8, 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008).........................................................................9

*Weltz v. Lee*,
199 F.R.D 129 (S.D.N.Y. 2001) ...................................................................................5

**STATUTES, RULES & REGULATIONS**

15 U.S.C.

§78u-4(a)(1) ................................................................................................................4

§78u-4(a)(3)(A)(i) .......................................................................................................4

§78u-4(a)(3)(A)(i)(II)-(B)(iii)(I) ................................................................................5

§78u-4(a)(3)(B) ...........................................................................................................4

§78u-4(a)(3)(B)(i) .......................................................................................................2

§78u-4(a)(3)(B)(iii) .....................................................................................................8

§78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ..............................................................................2, 5

§78u-4(a)(3)(B)(iii)(I)(cc) ..........................................................................................8

§78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................10

§78u-4(a)(3)(B)(v) ......................................................................................................9

FEDERAL RULES OF CIVIL PROCEDURE

Rule 42(a) ....................................................................................................................4

Putative Class[1] members and Lead Plaintiff movants Philip Cacioppo ("Cacioppo") and Reed Darley ("Darley") (collectively, "Cacioppo & Darley" or "Movants"), on behalf of themselves and all others similarly situated, respectfully submit this Memorandum of Law in support of their motion: (1) consolidating the above-captioned actions; (2) appointing Cacioppo & Darley as Lead Plaintiffs on behalf of all persons or entities who purchased or otherwise acquired Pareteum Corporation ("Pareteum" or the "Company") securities during the Class Period;[2] (3) approving Cacioppo & Darley's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (4) granting such other and further relief as the Court may deem just and proper (the "Motion").

## PRELIMINARY STATEMENT

Presently pending before the Court are the four above-captioned related securities class actions brought on behalf of all persons who purchased or otherwise acquired Pareteum securities during a certain timeframe (the "Related Actions"). Plaintiffs in the Related Actions allege violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. The four cases are sufficiently similar that they should be consolidated and proceed together.

---

[1]    The "Class" is comprised of all persons or entities other than Defendants who purchased or otherwise acquired Pareteum Corporation securities during the Class Period (defined herein). "Defendants" collectively include Pareteum Corporation, Robert H. Turner ("Turner"), Denis McCarthy ("McCarthy"), Victor Bozzo ("Bozzo"), and Edward O'Donnell ("O'Donnell").

[2]    Movants seek to represent Class members included in the longest alleged class period, December 14, 2017 through October 21, 2019, inclusive (the "Class Period"), because it is the "longe[st], most inclusive class period." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (finding the most inclusive class period proper in analyzing lead plaintiff motion).

1

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides that a court must appoint as lead plaintiff the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(i); *see also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015). Cacioppo & Darley are the most adequate plaintiffs because they timely moved to be appointed as such, have the largest financial interest in the litigation (with approximately $799,800 in collective recoverable losses),[3] and satisfy the representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

For the reasons summarized herein and discussed more fully below, Cacioppo & Darley's Motion should be approved in its entirety.

## FACTUAL BACKGROUND

On October 22, 2019, Plaintiff Kevin O'Brien ("O'Brien") filed the first-filed action in this Court, captioned *O'Brien v. Pareteum Corp.*, No. 1:19-cv-09767 (the "*O'Brien* Action"), on behalf of all persons and entities that purchased or otherwise acquired Pareteum securities between March 12, 2019 and October 21, 2019, inclusive, asserting claims under §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. ¶1.[4] Three similar actions were filed in this Court thereafter, as reflected in the following chart:

---

[3] Movants' certifications identifying their Pareteum transactions during the Class Period, as required by the PSLRA, as well as charts identifying their losses, are attached to the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl."), filed in support hereof, as Exs. 2-3, respectively.

[4] All "¶" and "¶¶" citations refer to the Class Action Complaint for Violations of Federal Securities Laws filed in the *O'Brien* Action on October 22, 2019 (ECF No. 1) (the "Complaint"). References to the complaints filed in the other Related Actions are indicated as such.

| Docket No. | Caption | Date Filed | Class Period |
|---|---|---|---|
| 1:19-cv-9795 | *Singh v. Pareteum Corporation* (the "*Singh* Action")[5] | 10/23/2019 | December 26, 2017 to October 21, 2019 |
| 1:19-cv-9849 | *Mansur v. Pareteum Corporation* (the "*Mansur* Action")[6] | 10/24/2019 | December 14, 2017 to October 21, 2019 |
| 1:19-cv-9936 | *Vargo v. Pareteum Corporation* (the "*Vargo* Action")[7] | 10/27/2019 | May 7, 2018 to October 21, 2019 |

The four related pending actions all bring similar claims against similar, overlapping defendants.[8]

Defendant Pareteum is a cloud communication company; its platforms connect mobile networks using multiple communications channels including mobile telephony, data, SMS, VOIP, and OTT services. ¶23. According to the complaints (taken together), throughout the respective class periods, Pareteum and four of its executives made materially false and misleading statements regarding the Company's business, operational, and compliance policies. ¶¶24-37. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's backlog had been artificially inflated; (2) the Company was not likely to collect from several of its key customers; (3) as a result, the Company's accounts receivable was overstated; (4) the Company improperly recognized revenue from certain customer transactions; (5) there was a material weakness in Pareteum's internal control over financial reporting related to the Company's backlog; (6) as a result of the foregoing, the Company was reasonably likely to restate

---

[5]     The *Singh* complaint names Turner as an additional defendant. *See Singh* Compl. ¶19.

[6]     The *Mansur* complaint also names Turner as a defendant. *See Mansur* Compl. ¶8.

[7]     The *Vargo* complaint does not name Bozzo or McCarthy as defendants. *See Vargo* Compl. ¶¶14-17.

[8]     Additionally, a fifth similar action was filed in the Eastern District of New York on October 22, 2019, bearing docket number 1:19-cv-05949 (the "EDNY Action"). Cacioppo & Darley are also filing a motion to be appointed lead plaintiffs of the EDNY Action.

financial statements for several periods; and (7) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.  ¶38.

As a result of these false and/or misleading statements, Pareteum securities traded at inflated prices during the Class Period.  ¶47.  The truth was partially revealed in a series of disclosures during the Class Period (¶¶29-33, 36-37), and then was ultimately revealed on October 21, 2019, when the Company disclosed that certain revenues recognized during 2018 and 2019 should not have been recorded during those periods and that, as a result, the Company would restate previously-issued consolidated financial statements as of and for the full year ended December 31, 2018, and interim periods ended March 31 and June 30, 2019.  ¶39.  On this news, the Company's stock price fell nearly 60%, to close at $0.2992 on October 22, 2019, on unusually heavy trading volume.  ¶40.

## LEGAL STANDARD

Under Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"), consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B).  First, the plaintiff who files the first-filed action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  15 U.S.C. §78u-4(a)(3)(A)(i).  Second, within 60 days after publication of the Early Notice, any member of the

4

proposed class may apply to the court to be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, the Court "'shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions.'" *Alibaba*, 102 F. Supp. 3d at 530 (quoting 15 U.S.C. §78u-4(a)(3)(B)(ii)). Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the "person or group of persons that": (1) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (2) "has the largest financial interest in the relief sought"; and (3) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tronox*, 262 F.R.D. at 343-44. The Rule 23 element of the presumption necessitates only a "'preliminary showing that [the movant] satisfies the typicality and adequacy requirements of Rule 23.'" *Id.* at 344.[9] Second, so long as the presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff. *Id.* As demonstrated below, Cacioppo & Darley meet these requirements and should be appointed to serve as Lead Plaintiffs.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D 129, 131 (S.D.N.Y. 2001). "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id.*; *see also*

---

[9]    Unless otherwise indicated, citations are omitted and emphasis is added.

*Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564(RJH), 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The Related Actions present very similar factual and legal issues, allege the same violations of the federal securities laws against similar defendants, and are based on an identical revelation of the truth. Because the Related Actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions. As this Court has noted, "[c]onsolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same "public statements and reports"' and defendants will not be prejudiced." *Dolan*, 2005 WL 883008, at *1. Accordingly, consolidation under Rule 42(a) is appropriate here.

## II. CACIOPPO & DARLEY ARE THE PRESUMPTIVE LEAD PLAINTIFFS AND SHOULD BE APPOINTED LEAD PLAINTIFFS

### A. Cacioppo & Darley Filed a Timely Motion

On October 22, 2019, the same day the *O'Brien* Action was filed, a notice of pendency of the action was published on *Business Wire*, a national, business-oriented newswire service. *See* Laughlin Decl., Ex. 1. The requirements of §78u-4(a)(3)(A)(i) have, therefore, been met. The Early Notice states that all putative class members seeking to be appointed lead plaintiff are required to move for appointment no later than 60 days from the publication of the Early Notice (*i.e.*, by December 23, 2019). *See id*.

Cacioppo & Darley's motion for appointment as Lead Plaintiffs is therefore timely filed. Moreover, Cacioppo & Darley submit herewith certifications stating their willingness to serve as representative parties on behalf of the Class and providing their Class Period transactions. *See*

6

Laughlin Decl., Ex. 2.  Cacioppo & Darley also submit herewith a Joint Declaration stating their desire to serve as a small cohesive group.  *See* Laughlin Decl., Ex. 4.  In the Joint Declaration, Cacioppo & Darley also document their pre-existing relationship – Cacioppo suggested that Darley contact Scott+Scott.  *See id.* ¶¶3-4.

> **B.  Cacioppo & Darley Have the Largest Financial Interest in the Relief Sought by the Class**

To their knowledge, Cacioppo & Darley are the lead plaintiff movants with the largest financial interest in the relief sought by the Class.  "Courts in this District generally look at the following factors to determine financial interest: '(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . .; (3) the net funds expended during the class period . . .; and (4) the approximate losses suffered.'" *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)).  "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Id.* (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alteration in original).

As evidenced by the PSLRA certifications and charts detailing transactions and losses filed herewith, Cacioppo & Darley purchased or otherwise acquired Pareteum securities during the Class Period and suffered losses as a result of Defendants' misconduct.  *See* Laughlin Decl., Exs. 2-3.  Specifically, Cacioppo & Darley suffered collective losses of approximately $799,800.  *See id.*, Ex. 3.  As to the other factors courts look to, Cacioppo & Darley collectively purchased over 443,000 shares of Pareteum during the Class Period, for a total expenditure of approximately $1.6 million, and retained over 204,900 of those shares through the end of the Class Period.  *Id.*

Cacioppo & Darley thus have a significant financial interest in this case. Moreover, Cacioppo & Darley are unaware of any other movant that has sustained greater financial losses in connection with their Pareteum transactions during the Class Period. Therefore, Cacioppo & Darley have the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).

### C. Cacioppo & Darley Satisfy Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the Rule 23 prerequisites, only two − typicality and adequacy − directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a motion to appoint lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff, and at this stage, those findings need only be "'preliminary.'" *Tronox*, 262 F.R.D. at 344. Cacioppo & Darley easily make this preliminary showing.

"Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* Here, the claims asserted by Cacioppo & Darley are typical of the claims of the other members of the putative Class because, like all other Class members, they: (1) purchased or otherwise acquired Pareteum securities during the Class Period; (2) were adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof. Since Cacioppo & Darley's claims are based on the same legal theories and arise from the same events, practices, or courses of conduct that gave rise to the claims of the other Class members, typicality is satisfied.

8

*See similarly Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2003 WL 402789, at *3 (S.D.N.Y. Feb. 20, 2003).

With respect to adequacy, a plaintiff is an adequate class representative when he possesses common interests and an absence of conflict with fellow class members and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Tronox*, 262 F.R.D. at 343. Cacioppo & Darley are "adequate" to serve as Class representatives in the instant litigation because their interests are aligned with the interests of the putative Class. Cacioppo & Darley, like all other members of the Class, suffered losses as a result of purchasing Pareteum securities at prices that were artificially inflated due to Defendants' alleged misstatements. Cacioppo & Darley will, therefore, benefit from the same relief as other Class members. Cacioppo & Darley have also demonstrated that they are adequate representatives by retaining competent and experienced counsel. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (considering qualifications of proposed lead counsel in evaluating adequacy); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (same). As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Cacioppo & Darley have made a *prima facie* showing that they satisfy all of the requirements of Rule 23 for the purposes of this Motion.

## III. CACIOPPO & DARLEY'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, a court

should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id*. at (B)(iii)(II)(aa). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Cacioppo & Darley have selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. 5. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[10]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

---

[10]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

No. 1:08-cv-03758, Order Awarding Attorneys' Fees and Expenses at 3, ¶9(c) (S.D.N.Y. July 20, 2011) (ECF No. 117).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Amann v. Metro Bank PLC*, No. 2:19-cv-04739 (C.D. Cal.); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Cacioppo & Darley's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movants' choice of counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Cacioppo & Darley respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint Cacioppo & Darley as Lead Plaintiffs on behalf of the consolidated case; (3) approve Cacioppo & Darley's selection of counsel, Scott+Scott, as Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: December 23, 2019

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 *s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Rhiana L. Swartz
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444

11

Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Proposed Lead Counsel for Lead Plaintiff*
*Movants Philip Cacioppo and Reed Darley*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV

13