# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN O'BRIEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PARETEUM CORPORATION, VICTOR BOZZO, EDWARD O'DONNELL, and DENIS MCCARTHY, <br><br> Defendants. | Case No. 1:19-cv-09767-AKH |
| AJAY SINGH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PARETEUM CORPORATION, ROBERT TURNER, VICTOR BOZZO, EDWARD O'DONNELL, and DENIS MCCARTHY, <br><br> Defendants. | Case No. 1:19-cv-09795-AKH |
| LAILA MANSUR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PARETEUM CORPORATION, ROBERT H. TURNER, DENIS MCCARTHY, VICTOR BOZZO, and EDWARD O'DONNELL, <br><br> Defendants. | Case No. 1:19-cv-09849-AKH |

[Caption continued on next page.]

| | |
|---|---|
| JOHN VARGO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PARETEUM CORPORATION, ROBERT H. TURNER, and EDWARD O'DONNELL, <br><br> Defendants. | Case No. 1:19-cv-09936-AKH |

**JOINT DECLARATION OF PHILIP CACIOPPO AND REED DARLEY IN SUPPORT OF THEIR MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

We, Philip Cacioppo and Reed Darley, pursuant to 28 U.S.C. §1746, declare as follows:

1. We, Philip Cacioppo and Reed Darley (collectively, "Cacioppo & Darley" or "Movants"), respectfully submit this Joint Declaration in support of our motion for: (i) consolidation of the above-captioned actions and all other related actions; (ii) appointment as Lead Plaintiffs in the related actions; and (iii) approval of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel.

2. We are informed of and understand the requirements of serving as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Each of us has personal knowledge about the information in this Joint Declaration as to ourselves.

3. I, Philip Cacioppo, as reflected in my Certification, purchased Pareteum Corporation ("Pareteum") securities during the Class Period (as defined in our motion papers) and suffered a substantial loss as a result of the violations of the federal securities laws alleged in these actions. After due consideration, and after conferring with Reed Darley ("Darley"), I decided to join with Darley in seeking appointment as Lead Plaintiffs. I suggested that Darley contact Scott+Scott regarding these cases.

4. I, Reed Darley, as reflected in my Certification, purchased Pareteum securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in these actions. After due consideration, and after conferring with Philip Cacioppo ("Cacioppo"), I decided to join with Cacioppo in seeking appointment as Lead Plaintiffs. I had communications with Cacioppo regarding these cases prior to contacting Scott+Scott.

5. Movants are highly incentivized to recover substantial losses suffered as a result of Defendants' alleged violations of the federal securities laws and are committed to actively directing this litigation and maximizing the recovery for the Class.

6.     We understand that each of us could have chosen to pursue individual actions, made a motion for the appointment as Lead Plaintiff individually, or could have taken no action and remained absent class members.  However, based on our respective financial losses, and in order to gain the advantages of joint decision-making, collective resources, and to provide the Class broad representation, we affirmatively decided that it would be a benefit to ourselves and the class if we jointly sought appointment as Lead Plaintiffs.  Movants agree that our joint prosecution of this action will be in the best interests of Class members.  These reasons, along with our commitment to ensure that the Class's claims are efficiently and effectively prosecuted, motivated us to seek appointment with one another.

7.     We each understand that we owe a duty to all members of the proposed Class to provide fair and adequate representation.  We intend to work with one another and our chosen counsel to protect the interests of all Class members and to vigorously prosecute the claims brought forth in this action on behalf of the Class.

8.     We do not foresee any problems communicating with one another or staying abreast of the progress of this litigation.  Indeed, as part of our effort to formalize our leadership of this action, and our commitment to jointly prosecute the action against Defendants, before seeking appointment as Lead Plaintiffs, we participated in a conference call with our chosen counsel, Scott+Scott, to discuss, among other things: the facts and the merits of the claims against Defendants; our interest in serving jointly as Lead Plaintiffs; the benefits our small and cohesive group of investors may provide to the Class; and ensuring that the Class's claims will be efficiently and zealously prosecuted by our oversight of our proposed Lead Counsel.  We believe that a small, cohesive group of experienced investors serving as Lead Plaintiffs will have a positive effect on the quality of the representation provided to absent Class members.

9.      We also discussed a lead plaintiff's obligation under the PSLRA to select Lead Counsel and to supervise the prosecution of the case to guarantee that the action is prosecuted efficiently.  Through supervision of our chosen counsel, we will ensure that the action is prosecuted for the benefit of the Class in an efficient and effective manner.  In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone and email, and if necessary, in person.  We also understand that some of these meetings may need to be conducted without counsel.  To this end, we have exchanged contact information with each another and will be able to call meetings with and without counsel, as needed, including on an emergency basis if circumstances arise requiring such urgent communications.  We are confident in our ability to reach unanimous decisions regarding litigation matters.  If, by chance, we disagree with each other on a significant decision, we will work with our counsel to make sure we overcome our differences to reach an agreement.

10.      After careful consideration, we have selected Scott+Scott to serve as Lead Counsel. We are satisfied that our chosen counsel is experienced in prosecuting actions of this nature and capable of diligently prosecuting the Class's claims under our supervision.  We have instructed our counsel to conduct the litigation in an efficient manner.  We have instructed our proposed Lead Counsel to provide us with regular updates on the progress of the litigation.  We recognize that developments in this case may require more frequent updates and have instructed counsel to provide updates as frequently as necessary.

11.      As set forth above, Movants are committed to actively overseeing the effective and efficient prosecution of this action by, among other things, reviewing court documents, actively participating in litigation decisions, monitoring and directing counsel, and attending hearings and depositions, as necessary.  We take the obligations owed by a lead plaintiff to the Class very

3

seriously and hereby reaffirm our commitment to actively monitor our counsel and the litigation, to prosecute the action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiffs.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct.

Executed this __20__ day of December, 2019.

/s/ Reed Bryce Darley

Reed Darley

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct.

Executed this 20th day of December, 2019.

_____

Philip Cacioppo

6