UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN O'BRIEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PARETEUM CORPORATION, VICTOR BOZZO, EDWARD O'DONNELL, and DENIS MCCARTHY,<br><br>Defendants. | Case No.  1:19-cv-09767-AKH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE PARETEUM INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** |
| AJAY SINGH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PARETEUM CORPORATION, ROBERT TURNER, VICTOR BOZZO, EDWARD O'DONNELL, and DENIS MCCARTHY,<br><br>Defendants. | Case No.  1:19-cv-09795-AKH |
| LAILA MANSUR, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PARETEUM CORPORATION, ROBERT H. TURNER, DENIS MCCARTHY VICTOR BOZZO and EDWARD O'DONNELL<br><br>Defendants | Case No.  1:19-cv-09849-AKH |

JOHN VARGO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PARETEUM CORPORATION, ROBERT H. TURNER and EDWARD O'DONNELL,

Defendants.

Case No.   1:19-cv-09936-AKH

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS.....................................................................................................2

ARGUMENT.........................................................................................................................4

    I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
           PURPOSES ............................................................................................................4

    II.     THE PARETEUM INVESTOR GROUP SHOULD BE APPOINTED LEAD
           PLAINTIFF .............................................................................................................5

           A.      The Pareteum Investor Group is willing to serve as a Class Representative
                    and has timely filed this motion to be appointed Lead Plaintiff. ................6

           B.      The Pareteum Investor Group has the "largest financial interest" in the
                    Action. ...............................................................................................7

           C.      The Pareteum Investor Group otherwise satisfies the Requirements of
                    Rule 23. ..............................................................................................8

    III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
           APPROVED ...........................................................................................................10

CONCLUSION.....................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
  2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) ..........................................................8

*Bassin v. Decode Genetics, Inc.*,
  230 F.R.D. 313 (S.D.N.Y. 2005) ...........................................................................................5

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
  141 F.R.D. 229 (2d Cir. 1992)...............................................................................................9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ...........................................................................................5

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
  2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) .....................................................7

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
  2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018) .....................................................10

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) .........................................................................................10

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ..................................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007).................................................7, 11

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 .........................................................................................................................9

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
  2009 WL 2259502, 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009)........................5

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ............................................................................................11

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998).........................................................................................7

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
  2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008)..........................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
　182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................8

*In re Tronox, Inc. Sec. Litig.*,
　262 F.R.D. 338 (S.D.N.Y. 2009) ...............................................................................4

*Janbay v. Canadian Solar, Inc.*,
　272 F.R.D. 113 (S.D.N.Y. 2010) ...............................................................................9

*Johnson v. Celotex Corp.*,
　899 F.2d 1281 (2d Cir. 1990)...................................................................................4

*Kaplan v. Gelfond*,
　240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
　311 F.R.D. 373 (S.D.N.Y. 2015) .............................................................................10

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
　1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ............................................7

*Malcolm v. Nat'l Gypsum Co.*,
　995 F.2d 346 (2d Cir. 1993) ....................................................................................4

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
　2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017).......................................7

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
　229 F.R.D. 395 (S.D.N.Y. 2004) ..............................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
　589 F. Supp. 2d 388 (S.D.N.Y. 2008) .....................................................................11

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)............................................................ 1, 6, 8, 10

Private Securities Litigation Reform Act of 1995 .......................................................1

## Rules

Fed. R. Civ. P. 23.............................................................................................*passim*

Fed. R. Civ. P. 42....................................................................................................4

Richard Radford, Brian Bock, and Jacob Friedman (collectively, the "Pareteum Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the Pareteum Investor Group as Lead Plaintiff on behalf of all investors who purchased or otherwise acquired Pareteum Corporation ("Pareteum" or the "Company") securities between December 14, 2017 and October 21, 2019, inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Pareteum and certain of its officers defrauded investors in violation of the Exchange Act. Pareteum investors, including the Pareteum Investor Group, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Pareteum securities to fall sharply, damaging the Pareteum Investor Group and other Pareteum investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with its purchases of Pareteum securities during the Class Period, the Pareteum Investor Group incurred losses of approximately $877,951. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. 1. Accordingly, the Pareteum Investor Group believes that it has the largest financial interest in the relief sought in the Related Actions.

1

Beyond its considerable financial interest, the Pareteum Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.

In order to fulfill its obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, the Pareteum Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, the Pareteum Investor Group respectfully requests that the Court enter an order appointing the Pareteum Investor Group as Lead Plaintiff and approving the Pareteum Investor Group's selection of Pomerantz as Lead Counsel.

## STATEMENT OF FACTS

As alleged in the Complaint of the first-filed of the Related Actions, Pareteum is a cloud communication company. *See generally O'Brien v. Pareteum Corporation et al.,* No. 1:19-cv-09767 (S.D.N.Y. Oct. 22, 2019), Dkt. No. 1 ("Complaint") ¶ 2. Its platforms connect mobile networks using multiple communications channels including mobile telephony, data, SMS, VOIP, and OTT services. *Id.*

On June 7, 2019, Marcus Aurelius Value published a report questioning the Company's accounting regarding backlog, backlog conversion rates, and receivables. *Id.* ¶ 3.

On this news, the Company's stock price fell $0.83, or over 24%, to close at $2.58 per share on June 7, 2019, on unusually heavy trading volume. *Id.* ¶ 4.

2

On June 25, 2019, Viceroy Research Group published a report that alleged further accounting discrepancies related to several sources of "uncollectable" revenue, concluding that "total revenue is overstated by 42%." *Id.* ¶ 5.

On this news, the Company's stock price fell $0.51, or over 20%, to close at $2.00 per share on June 26, 2019, on unusually heavy trading volume. *Id.* ¶ 6.

On October 15, 2019, the Company announced that Chief Operating Officer Denis McCarthy ("McCarthy") was leaving the Company. *Id.* ¶ 7. McCarthy had maintained the Company's 36-month contractual revenue backlog spreadsheets and analysis that were scrutinized by the Aurelius Value and Viceroy reports. *Id.*

On this news, the Company's stock price fell $0.36, over three consecutive trading sessions to close at $0.83 per share on October 17, 2019, on unusually heavy trading volume. *Id.* ¶ 8.

On October 21, 2019, after the market closed, the Company disclosed that certain revenues recognized during 2018 and 2019 should not have been recorded during that period and that, as a result, the Company would restate their previously issued consolidated financial statements as of and for the full year ended December 31, 2018, and interim periods ended March 31, 2019 and June 30, 2019. *Id.* ¶ 9.

On this news, the Company's stock price fell $0.4401, or nearly 60%, to close at $0.2992 on October 22, 2019, on unusually heavy trading volume. *Id.* ¶ 10.

Throughout the Class Period, the above-captioned defendants ("Defendants") made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 11. Specifically, Defendants failed to disclose to investors: (1) that the Company's backlog had been artificially inflated; (2)

that the Company was not likely to collect from several of its key customers; (3) that, as a result, the Company's accounts receivable was overstated; (4) that the Company improperly recognized revenue from certain customer transactions; (5) that there was a material weakness in Pareteum's internal control over financial reporting related to the Company's backlog; (6) that, as a result of the foregoing, the Company was reasonably likely to restate financial statements for several periods; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.  *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.  *Id.* ¶ 12.

**ARGUMENT**

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions);

4

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action is brought against the Company, as well as certain officers and/or directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Pareteum's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 WL 2259502, 2009 U.S. Dist. LEXIS 69133, at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.    THE PARETEUM INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Pareteum Investor Group should be appointed Lead Plaintiff because, to its knowledge, the Pareteum Investor Group has the largest financial interest in the Related Actions and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any

motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Pareteum Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    The Pareteum Investor Group is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On October 22, 2019, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Defendants and which advised investors in Pareteum securities that they had 60 days—*i.e.*, until December 23, 2019— to file a motion to be appointed as lead plaintiff (the "PSLRA Notice"). *See* Lieberman Decl., Ex. 2. The Pareteum Investor Group has timely filed the instant motion pursuant to the PSLRA

6

Notice, and has attached sworn Certifications executed by the members of the Pareteum Investor Group attesting that the Pareteum Investor Group is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. 3. Accordingly, the Pareteum Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

**B.     The Pareteum Investor Group has the "largest financial interest" in the Action.**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its knowledge, the Pareteum Investor Group has the largest financial interest of any Pareteum investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at \*17 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at \*12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at \*3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at \*22-\*25 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, the Pareteum Investor Group: (1) purchased 1,116,178 shares of Pareteum securities; (2) expended $3,169,331 on purchases of Pareteum securities; (3) retained 465,178 of its shares of Pareteum securities; and (4) incurred losses of approximately $877,951 in connection with its transactions in Pareteum securities. *See* Lieberman Decl., Ex. 1. To the extent that the Pareteum Investor Group possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. The Pareteum Investor Group otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018

U.S. Dist. LEXIS 57591, at *8.  Here, the Complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all class members, including the Pareteum Investor Group.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The Pareteum Investor Group's claims are typical of those of the Class.  The Pareteum Investor Group alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Pareteum.  The Pareteum Investor Group, as did all members of the Class, purchased Pareteum securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Pareteum' share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, the Pareteum Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between the Pareteum Investor Group's interests and the interests of the Class.  The Pareteum Investor Group has submitted sworn Certifications executed by its members declaring the Pareteum Investor Group's commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. 3), and the significant losses incurred by the Pareteum Investor Group demonstrate that it has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

## III.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting

10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). *See also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Pareteum Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. 4. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. 4. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Related Actions, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Related Actions. Thus, the Court may be assured that by approving the selection of counsel by the Pareteum Investor Group, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, the Pareteum Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Pareteum

Investor Group as Lead Plaintiff; and (3) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated:  December 23, 2019

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movants*
*and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

KASKELA LAW LLC
D. Seamus Kaskela
(*pro hac vice* application forthcoming)
18 Campus Boulevard, Suite 100
Newtown Square, Pennsylvania 19073
Telephone: (888) 715-1740
Facsimile: (484) 258-1585
Email: skaskela@kaskelalaw.com

*Additional Counsel for Lead Plaintiff Movants*

12