UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN O'BRIEN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>PARETEUM CORPORATION, VICTOR BOZZO, EDWARD O'DONNELL, and DENIS MCCARTHY,<br><br>　　　Defendants. | Case No. 1:19-cv-09767-AKH |
| AJAY SINGH, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>PARETEUM CORPORATION, ROBERT TURNER, VICTOR BOZZO, EDWARD O'DONNELL, and DENIS MCCARTHY,<br><br>　　　Defendants. | Case No. 1:19-cv-09795-AKH |

[Caption continues on following page]

| | |
|---|---|
| LAILA MANSUR, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PARETEUM CORPORATION, ROBERT H. TURNER, DENIS MCCARTHY, VICTOR BOZZO, and EDWARD O'DONNELL,<br><br>    Defendants. | Case No. 1:19-cv-09849-AKH |

**NIKO HOLDING & INVESTMENT LIMITED'S
MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION
TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND ........................................................................................................ 2

ARGUMENT ............................................................................................................. 3

    I.      NIKO HOLDING SHOULD BE APPOINTED LEAD PLAINTIFF ......................... 3

          A.     NIKO Holding Possesses the Largest Financial Interest ................................. 4

          B.     NIKO Holding Satisfies the Typicality and Adequacy Requirements ............ 7

               1.     Typicality ........................................................................................... 7

               2.     Adequacy ........................................................................................... 8

          C.     No Proof Exists to Rebut the Presumption in Favor of NIKO Holding .......... 9

    II.     THE PARETEUM INVESTOR GROUP IS INADEQUATE UNDER RULE 23 ... 10

    III.    NIKO HOLDING'S CHOICE OF COUNSEL SHOULD BE APPROVED ............ 12

CONCLUSION ......................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-CV-4846 (WFK)(PK),
   2017 U.S. Dist. LEXIS 207531 (E.D.N.Y. Dec. 15, 2017) .................................................. 8, 10

*Bristol Cty. Ret. Sys. v. Telefonaktiebolaget LM Ericsson*,
   No. 18-CV-2031 (RJS), 2018 U.S. Dist. LEXIS 123594 (S.D.N.Y. Jul. 24, 2018) ................ 10

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) .... 4, 5

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285 (2d Cir. 1992)....................................................................................................... 7

*Elstein v. Net 1 UEPS Techs.*,
   No. 13 Civ. 9100 (ER), 2014 U.S. Dist. LEXIS 100574 (S.D.N.Y. Jul. 23, 2014).................. 11

*In re Facebook, Inc.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) ................................................................................................. 9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ..................................................................................... 3, 4, 9

*Francisco v. Abengoa, S.A.*,
   No. 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ................... 5

*Hom v. Vale, S.A.*,
   No. 1:15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7, 2016).................. 3

*Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*,
   2015 U.S. Dist. LEXIS 153202 (S.D.N.Y. Nov. 12, 2015) ...................................................... 10

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................................. 7

*Kniffin v. Micron Tech.*,
   379 F. Supp. 3d 259 (S.D.N.Y. Apr. 30, 2019) ...................................................................... 10

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997) ................... 4, 5

*Maliarov v. Eros Int'l PLC*,
   No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082 (S.D.N.Y. Apr. 5, 2016)................... 12

*Marsch v. Feng*,
No. 12 Civ. 9456 (JSR), 2013 U.S. Dist. LEXIS 89853 (S.D.N.Y. June 12, 2013)................... 8

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998).................................................................................................... 2

*Murphy v. JBS S.A.*,
No. 17-CV-3084, 2017 U.S. Dist. LEXIS 166262 (E.D.N.Y. Oct. 6, 2017)...................... 7, 8, 9

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014)............................................................................................ 9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................... 4, 5

*Peters v. Jinkosolar Holding Co.*,
No. 11 Civ. 7133 (JPO), 2012 U.S. Dist. LEXIS 38489 (S.D.N.Y. Mar. 19, 2012) ...... 5, 10, 11

*Reimer v. Ambac Fin. Grp., Inc.*,
No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729 (S.D.N.Y. May 9, 2008) ..................... 7

*Sglalambo v. McKenzie*,
268 F.R.D. 170 (S.D.N.Y. 2010) ............................................................................................. 9

*Silverberg v. Dryships Inc.*,
No. 17-CV-4547 (SJF)(ARL),
2018 U.S. Dist. LEXIS 225563 (E.D.N.Y. Aug. 21, 2018)................................................. 3, 11

*Springer v. Code Rebel Corp.*,
No. 16-cv-3492 (AJN), 2017 U.S. Dist. LEXIS 29983 (S.D.N.Y. Mar. 2, 2017)................... 12

*In re Star Gas Sec. Litig.*,
No. 3:04-cv-1766, 2005 U.S. Dist. LEXIS 5827 (D. Conn. Apr. 8, 2005)............................... 4

*Sudunagunta v. NantKwest, Inc., et al.*,
Case No. 2:16Civ.1947 (C.D. Cal.) ....................................................................................... 12

*In re Third Avenue Trust Stockholder & Derivative Litigation*,
Cons. C.A. No. 12184 (Del. Ch. 2016)................................................................................... 13

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................................. 7, 10

*Xu v. Gridsum Holding, LLC*,
No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497 (S.D.N.Y. Sep. 17, 2018) ................. 8

**Statutes**

15 U.S.C. §§78u-4(a).................................................................................................... passim

**Rules**

Fed. R. of Civ. P.
  Rule 23 .................................................................................................................... passim

**PRELIMINARY STATEMENT**

Lead Plaintiff movant NIKO Holding & Investment Limited ("NIKO Holding") respectfully submits this memorandum of law in further support of its motion for appointment as lead plaintiff and approval of selection of counsel (ECF No. 40),[1] and in opposition to the remaining competing motions for appointment as lead plaintiff and approval of lead counsel filed by: (1) Keith Moore ("Moore"), Kevin Ivkovich ("Ivkovich"), Nicholas Steffey ("Steffey"), Robert E. Whitley, Jr. ("Whitley"), and Stephen Jones ("Jones") (collectively, the "Pareteum Investor Group") (ECF No. 21), and (2) Chang Lee and Cynthia Soto ("Lee & Soto") (ECF No. 28).[2]

NIKO Holding is presumptively the most adequate lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") because it has the largest financial interest in the Action[3] and satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). With $1,769,099.58 in losses incurred as a result of the alleged fraud during the Class Period, NIKO Holding has the

---

[1] All movants agree that the above-captioned related actions (the "Actions") should be consolidated. To date, Defendants have not taken a position on consolidation.

[2] In addition to the remaining competing movants, eight other movants or movant groups filed motions for appointment as lead plaintiff, but have since filed notices of withdrawal or non-opposition. These movants include: (1) Frederick Ruehr ("Ruehr") (ECF No. 14); (2) Tri Doan ("Doan") (ECF No. 17); (3) John Vargo, Thinh Van Tran, Paul Berger, and John Murphy (the "Vargo Group") (ECF No. 20); (4) Marco Scaccia ("Scaccia") (ECF No. 25); (5) Brian Bock, Richard Radford, and Jacob Friedman (the "Bock Group") (ECF No. 46); (6) Philip Cacoppio and Reed Darley ("Cacioppo & Darley") (ECF. No. 38); (7) Gateway Securities LLC ("Gateway") (ECF No. 11); and (8) Clarence Bassarath and James A. Lisi ("Bassarath & Lisi") (ECF No. 31). On January 3, 2020, the Vargo Group filed a notice of withdrawal of its motion (ECF No. 52), movant Scaccia filed a notice of non-opposition to the competing motions (ECF No. 53), the Bock Group filed a notice of withdrawal of its motion (ECF No. 54), and movant Doan filed a notice of non-opposition to the competing motions (ECF No. 55). On January 6, 2020, Cacioppo & Darley filed a notice stating that they did have the largest financial interest (ECF No. 56), Ruehr filed a notice of withdrawal (ECF No. 57), Gateway filed a notice of non-opposition NIKO Holding's motion (ECF No. 58), and Bassarath & Lisi filed a notice of withdrawal (ECF No. 59). Thus, two competing motions for appointment as lead plaintiff remain before the Court.

[3] Unless otherwise indicated, all capitalized terms herein are defined in NIKO Holding's opening motion and memorandum of law. ECF No. 40.

1

largest financial interest of any competing movant.  Due to its extraordinary losses, NIKO Holding is highly motivated to "vigorously prosecute the action."  *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998).  NIKO Holding, a holding company for entities in the business of vehicle import, insurance, and investment and asset management, among other things, is a sophisticated investor and has made a *prime facie* showing that it satisfies the typicality and adequacy requirements of Rule 23.  As the other movants have offered **no proof** to rebut this presumption, NIKO Holding must be appointed as lead plaintiff.

By contrast, the Pareteum Investor Group and Lee & Soto's are significantly smaller. Additionally, the Pareteum Investor Group is inadequate under Rule 23.  For these reasons and those set forth herein, NIKO Holding respectfully submits that its motion should be granted in its entirety, and that the competing motions should be denied.

## BACKGROUND

On October 22, 2019, plaintiff Kevin O'Brien ("O'Brien") filed a complaint in this District ("the *O'Brien* Action") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") on behalf of a class consisting of all persons and entities that purchased or otherwise acquired Pareteum Corporation ("Pareteum" or the "Company") securities between March 12, 2019 and October 21, 2019.  ECF No. 1.  Plaintiff O'Brien duly caused a notice to be filed in a widely circulated national business-oriented wire service advising other class members of their right to seek appointment as a representative party.  *See* ECF No. 45-3 (Notice).

On October 22, 2019, Justin DeMarco ("DeMarco") commenced a substantially similar action in the District Court for the Eastern District of New York, on behalf of the same Class, and asserting the same claims against Pareteum and certain of its officers and directors as the *O'Brien*

2

Action.  Three other related actions were subsequently filed in the District Court for the Southern District of New York, the *Singh* Action, the *Mansur* Action, and the *Vargo[4]* Action.[5]

On December 23, 2019, NIKO Holding, and ten other movants filed motions to be appointed Lead Plaintiff in this Action and the related *DeMarco* Action.  As of the date of this filing, movants Doan, the Vargo Group, Scaccia, the Bock Group, Cacioppo & Darley, Ruehr, and Bassarath & Lisi have filed notices of withdrawal or non-opposition, each stating that they do "not appear to have the largest financial interest."  ECF Nos. 52-57, 59.  Further, Gateway has filed a notice of non-opposition recognizing that NIKO Holding has the largest losses and satisfies the requirements for appointment as lead plaintiff under Rule 23.  ECF No. 58.  The only remaining competing movants are the Pareteum Investor Group and Lee & Soto.

## ARGUMENT

## I.      NIKO HOLDING SHOULD BE APPOINTED LEAD PLAINTIFF

The Court must appoint the movant with the "largest financial interest in the relief sought by the class" who also "otherwise satisfies the requirements" of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(i), (iii); *see also Silverberg v. Dryships Inc.*, No. 17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563, at \*13 (E.D.N.Y. Aug. 21, 2018) (explaining that the PSLRA "makes clear that there is a rebuttable presumption in favor of the plaintiff with the largest financial interest"); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (court must "assess which movant

---

[4]  *Vargo v. Pareteum Corp., et al.*, Case No. 19-cv-09936, was voluntarily dismissed on January 3, 2020 (ECF No. 16).

[5]  Plaintiff in the *Singh* Action proposes a class period of December 26, 2017 to October 21, 2019, plaintiff in the *Vargo* Action proposes a class period of May 7, 2018 to October 21, 2019, and plaintiff in the *Mansur* Action proposes a longer, more expansive class period of December 14, 2017 to October 21, 2019, inclusive.  NIKO Holding adopts the longer Class Period, December 14, 2017 through October 21, 2019, inclusive, because it is the "larger, most inclusive class period."  *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863, at \*12-13 (S.D.N.Y. Mar. 7, 2016) (collecting cases).

3

has the largest financial interest in the action").[6]  The movant with the largest financial interest must be appointed lead plaintiff, unless a competing movant produces sufficient proof to rebut the presumption of adequacy and typicality.  *In re Star Gas Sec. Litig.*, No. 3:04-cv-1766, 2005 U.S. Dist. LEXIS 5827, at *8 (D. Conn. Apr. 8, 2005); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

NIKO Holding must be appointed lead plaintiff because it has the largest financial interest and satisfies the remaining requirements of Rule 23, and there is no evidence to rebut the presumption in NIKO Holding's favor.

### A.    NIKO Holding Possesses the Largest Financial Interest

Courts throughout the country routinely use the *Lax/Olsten* factors to determine which movant has the largest financial interest.  *See Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *see also In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878, at *8 (E.D.N.Y. Mar. 2, 2007) ("Courts have typically considered [] four factors, known as the 'Olsten-Lax' factors, to determine who has the greatest financial interest.").  As the movant with the largest financial interest, NIKO Holding, a sole movant and sophisticated investor, should be appointed as lead plaintiff in the Action.

The *Lax/Olsten* factors are:  (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period. *Id.*; *Foley*, 272 F.R.D. at 127-28.  The fourth factor—losses suffered—is almost universally considered to be the most important and dispositive factor.  *See Comverse*, 2007 U.S. Dist. LEXIS 14878, at *8 ("Most courts consider the fourth factor, the approximate loss a plaintiff suffered

---

[6]  Unless otherwise stated, all emphasis is added and all internal citations, quotations, and alterations are omitted.

during the class period, to be the most influential in identifying the plaintiff with the largest

financial interest."); *Francisco v. Abengoa, S.A.*, No. 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS

68145, at *14 (S.D.N.Y. May 24, 2016) ("courts have consistently held that . . . the magnitude of

the loss suffered, is most significant"); *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 (JPO),

2012 U.S. Dist. LEXIS 38489, at *18-19 (S.D.N.Y. Mar. 19, 2012) ("It is well settled that financial

loss, the last factor, is the most important element of this test.").

As the following table demonstrates, NIKO Holding possesses the largest financial interest

under the most significant of the *Lax/Olsten* factors:

| MOVANT | CLAIMED LOSS |
|---|---|
| NIKO Holding | $1,769,099.58 |
| Pareteum Investor Group | $1,486,339.11 |
| Lee & Soto | $1,244,516.00 |

NIKO Holding suffered losses of $1,769,099.58, significantly larger than the losses of the

next largest movant, the Pareteum Investor Group.  NIKO Holding also has the largest individual

loss of any single movant.[7]  Accordingly, NIKO Holding has an unmatched interest in prosecuting

this action, which seeks a monetary recovery for harm resulting from the Defendants' alleged

securities fraud.  Indeed, the PSLRA's principal aim was to ensure that individuals with the

greatest financial interest, like NIKO Holding, are appointed to lead actions like this one.  *See*

*Comverse*, 2007 U.S. Dist. LEXIS 14878, at *8.

Not only does NIKO Holding have the greatest financial interest, but the competing

movants appear to have errors in their certifications and/or loss calculations.  For example,

Ivkovich of the Pareteum Investor Group states that he sold shares on October 21, 2019 at prices

of $0.409 to $0.43, but the low for that day was $0.68.  *See* ECF No. 23-2 and Declaration of W.

---

[7] For the remaining competing movant groups, individual losses within the groups consist of: (1) Moore, $61,388.58; (2) Ivkovich, $27,585.04; (3) Steffey, including assignments, $840,222.23; (4) Whitley, $202,702.92; (5) Jones, $354,440.35; and, (6) Lee & Soto (husband and wife, individual losses not provided), $1,244,516.00.

Scott Holleman in Support of NIKO Holding & Investment Limited's Memorandum of Law in Further Support of Motion for Appointment as Lead Plaintiff and in Opposition the Competing Motions for Appointment as Lead Plaintiff ("Holleman Decl.") at Exhibit 1. Similarly, Michael Steffey of the Pareteum Investor Group purportedly sold shares on March 15, 2019 at $5.34 per share, but the high for that day was $5.29. *See* ECF No. 23-8 and Exhibit 1.

Lee & Soto appear to have disregarded the PSLRA's loss limitation on securities retained through the end of the Class Period but sold before the conclusion of the 90 days following the "dissemination of information correcting the misstatement or omission," commonly referred to as the "90-Day lookback." 15 U.S.C. § 78u-4(e)(2). When a plaintiff:

> sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

*Id.*

Lee & Soto's loss calculations include sales on November 4, 2019 using what appears to be the lower actual sales prices ranging from $0.3515 to $0.3585 instead of the greater mean trading price from October 22, 2019 to November 4, 2019 of $0.3810, resulting in a small overstatement of losses.[8] But even without the corrections to the possible errors, NIKO Holding indisputably has the largest financial interest.

---

[8] It also appears that Lee & Soto may have included a third person's shares. The first account listed on their certification includes the heading "Anne Shin (Acct 1680)" indicating that it is an account belonging to an Anne Shin, not Lee or Soto. There is no information pertaining to an Anne Shin in the motion or exhibits. Without the Anne Shin account losses, Lee & Soto's losses are further reduced to $502,740.45.

6

### B.      NIKO Holding Satisfies the Typicality and Adequacy Requirements

In addition to the largest financial interest requirement, the PSLRA also requires that the lead plaintiff "otherwise satisfies the requirements of Rule 23."    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "At the lead plaintiff stage, however, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Murphy v. JBS S.A.*, No. 17-CV-3084, 2017 U.S. Dist. LEXIS 166262, at *12 (E.D.N.Y. Oct. 6, 2017).  *See also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) ("At this stage in the litigation, a prima facie showing that the requirements of Rule 23 are met is sufficient").

A lead plaintiff's claims are typical of the claims of the class if they purchased artificially inflated securities during the class period while relying on the alleged misrepresentations and suffered losses as a result.  *See Reimer v. Ambac Fin. Grp., Inc.*, No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729, at *12 (S.D.N.Y. May 9, 2008) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").  A lead plaintiff satisfies the adequacy requirement with a preliminary showing that:  (1) lead counsel is qualified; (2) there is no conflict between the lead plaintiff and the class; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy.  *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  Here, NIKO Holding satisfies both the typicality and adequacy prongs of Rule 23, requiring its appointment as Lead Plaintiff.

#### 1.      Typicality

NIKO Holding satisfies the typicality requirement.  Like all members of the Class, NIKO Holding:  (1) purchased Pareteum common stock during the Class Period; (2) at prices artificially

7

inflated by the false and misleading statements and/or omissions made by Defendants; and (3) suffered heavy losses as a result.  Because of this, NIKO Holding's claims are substantially similar, if not identical, to those of the other members of the Class who purchased Pareteum shares during the Class Period and suffered losses from the alleged misconduct on the part of the Defendants. *See In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK)(PK), 2017 U.S. Dist. LEXIS 207531, at *9 (E.D.N.Y. Dec. 15, 2017) (typicality satisfied where movant's claims arise "out of the course of events alleged in the Complaint and do not differ with regard to how Defendants' liability would be proved."); *Xu v. Gridsum Holding, LLC*, No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497, at *11 (S.D.N.Y. Sept. 17, 2018) (noting that lead plaintiff's claims need not be identical with those of the class to satisfy the typicality requirement).

### 2.    Adequacy

NIKO Holding also readily satisfies the adequacy requirement of Rule 23.  Bragar Eagel & Squire, P.C. ("BES"), proposed lead counsel for the class, is highly experienced in securities class actions such as this and is well qualified to litigate the Action.  *See* ECF No. 45-4 (firm résumé of BES).  NIKO Holding has no conflicts with absentee class members.  NIKO Holding lost ***almost $2 million*** due to the Defendants misconduct and for this reason alone is highly motivated to pursue the Action to recover its losses and those of other Class members.  *See Murphy*, 2017 U.S. Dist. LEXIS 166262, at *14 (the movant "with by far the largest financial loss, appears to have interests that are aligned with the other members of the class as well as the motivation to vigorously pursue its claims"); *see also Marsch v. Feng*, No. 12 Civ. 9456 (JSR), 2013 U.S. Dist. LEXIS 89853, at *5 (S.D.N.Y. June 12, 2013) (adequacy satisfied where movants suffered heavy losses to "ensure vigorous advocacy on behalf of the class.").

NIKO Holding is both a sophisticated business owner and investor. As stated in its certification, NIKO Holding is a holding company duly registered and existing under the laws of Cyprus. NIKO Holding is a holding company for several Ukrainian entities whose main lines of business include: (i) vehicle import, distribution, and retail sales and services; (ii) leasing; (iii) investment and asset management; (iv) transportation; and (v) insurance. *See* ECF No. 45-1. Courts routinely appoint similar lead plaintiffs. *See, e.g.*, *Foley*, 272 F.R.D. at 133-34 (rejecting arguments about foreign entity and its standing, appointing foreign pension fund as lead plaintiff where it purchased shares in its own name); *Sglalambo v. McKenzie*, 268 F.R.D. 170, 176 (S.D.N.Y. 2010) ("courts routinely appoint foreign investors as lead plaintiffs"). *See also OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402-08 (D. Del. 2014) (rejecting arguments pertaining to movant's foreign nationality and appointing as lead plaintiff).

## C. No Proof Exists to Rebut the Presumption in Favor of NIKO Holding

Having demonstrated that NIKO Holding is the presumptive Lead Plaintiff in the Action, that strong presumption can be rebutted only with ***proof*** that the movant with the largest financial interest is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Murphy*, 2017 U.S. Dist. LEXIS 166262, at \*14-15 ("exacting proof" necessary to rebut the presumption as "[c]onclusory assertions and mere speculation will not suffice"); *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) ("exacting proof" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). NIKO Holding has no conflicts with the members of the Class and is motivated to recover the heavy losses it suffered. There is no proof rebutting the presumption in favor of NIKO Holding.

As demonstrated above, NIKO Holding possesses the largest financial interest and satisfies Rule 23, and therefore should be appointed lead plaintiff pursuant to the PSLRA.

## II.    THE PARETEUM INVESTOR GROUP IS INADEQUATE UNDER RULE 23

Besides lacking the largest financial interest in this litigation, the key factor in appointing a lead plaintiff, the Pareteum Investor Group is inadequate under Rule 23, failing to have made "a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23." *Bristol Cty. Ret. Sys. v. Telefonaktiebolaget LM Ericsson*, No. 18-CV-2031 (RJS), 2018 U.S. Dist. LEXIS 123594, at *4 (S.D.N.Y. Jul. 24, 2018).

The PSLRA permits groups of investors to serve as lead plaintiff (15 U.S.C. § 78u-4(a)(B)(iii)(I)) and courts in this Circuit and District permit such "on a case-by-case basis, if such grouping would best serve the class." *Kniffin v. Micron Tech.*, 379 F. Supp. 3d 259, 262 (S.D.N.Y. Apr. 30, 2019); *see also In re Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at *10. However, here, the Pareteum Investor Group fails to meet the "overarching concern [of] whether the related members of the group can function cohesively and effectively manage the litigation apart from their lawyers," among other things. *Micron Tech.*, 379 F. Supp. 3d at 262; *see also Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*, 2015 U.S. Dist. LEXIS 153202 at *7 (S.D.N.Y. Nov. 12, 2015); *Varghese*, 589 F. Supp. 2d at 391-92.

In assessing the adequacy of groups, courts consider: "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of group members; and (5) whether the members chose outside counsel, and not vice versa." *Id.* at 392; *see also Jinkosolar Holding*, 2012 U.S. Dist. LEXIS 38489, at *18-19 ("three basic factors are relevant to the inquiry: (1) the size of the group; (2) the relationship between the parties; and (3) any evidence that the group was formed in bad faith (in other words, that it is a mere 'artifice cobbled together by cooperating counsel'"); *In re Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at *10-11 (similar).

10

The Pareteum Investor Group is an inadequate group and should not be appointed as lead plaintiff. While the Pareteum Investor Group claims that its numerous constituents have a pre-litigation relationship, the Pareteum Investor Group does not just consist of the five individuals that signed the joint declaration. ECF No. 23-1. Group member Steffey includes not only his personal shares, but those of Michael Steffey and Gordon Tayloe who assigned their rights, title, ownership, and interest in their shares to Steffey. ECF No. 23-8.[9] But the Pareteum Investor Group's submission does not include any information about the supposed preexisting relationship with either Michael Steffey or Gordon Taylor, who should be considered as members of the group. Thus, not all of the Pareteum Investor Group's members have a pre-litigation relationship, thus exemplifying that the Pareteum Investor Group is actually lawyer-driven and "cobbled together . . . for the obvious purpose of creating a large enough grouping of investors to qualify as lead plaintiff." *Jinkosolar Holding*, 2012 U.S. Dist. LEXIS 38489, at *18. Further, including Michael Steffey and Gordon Tayloe, the Pareteum Investor Group's size swells to seven members, which some courts have deemed too large. *See, e.g.*, *Jinkosolar Holding*, 2012 U.S. Dist. LEXIS 38489, at *20 ("courts appear to generally agree that group comprising five or fewer members is appropriate"); *see also Dryships Inc.*, 2018 U.S. 225563, at *30 (same).

Contrary to its claims otherwise, the Pareteum Investor Group has not demonstrated that its members have a plan of cooperation and will work together collectively, instead abdicating all decision-making to one member, "[w]e have collectively designated Nicholas Steffey to act as the executive decision maker in connection with this litigation." ECF No. 23-1 at 8. This is the exact opposite of cooperation and cohesiveness, again exemplifying the lawyer-driven nature of the group. *See, e.g.*, *Elstein v. Net 1 UEPS Techs.*, No. 13 Civ. 9100 (ER), 2014 U.S. Dist. LEXIS

---

[9] The actual assignments by Michael Steffey and Gordon Tayloe are not provided, only Steffey's certification that he has been assigned the rights.

11

100574, at \*9 (S.D.N.Y. Jul. 23, 2014) ("there must be some evidence that the members of the group will act *collectively* and separately from their lawyers") (emphasis added).

In summary, the motion of the Pareteum Investor Group should be denied because they are inadequate to serve as lead plaintiff under Rule 23. The motions of Lee & Soto and the Pareteum Investor Group should also be denied on the grounds that they do not have the "largest financial interest in the relief sought by the class."

## III.    NIKO HOLDING'S CHOICE OF COUNSEL SHOULD BE APPROVED

The Court should also approve NIKO Holding's selection of BES as lead counsel for the putative class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class subject to approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). There is a strong presumption in favor of approving "a properly-selected lead plaintiff's decision as to counsel." *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082, at \*20 (S.D.N.Y. Apr. 5, 2016); *see also Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN), 2017 U.S. Dist. LEXIS 29983, at \*8 (S.D.N.Y. Mar. 2, 2017) (approving co-lead counsel in securities class action).

The attorneys at BES are highly experienced in securities and class action litigation and will prosecute the Action effectively and expeditiously. As discussed in BES' firm résumé, BES attorneys collectively have decades of experience litigating securities class actions, as well as other matters, obtaining well over a billion dollars in recoveries for clients and class members. ECF No. 45-4. BES has served as lead counsel or co-lead counsel in numerous securities class actions and derivative actions and achieved favorable rulings and significant recoveries on such actions. *Id.* (*Sudunagunta v. NantKwest, Inc., et al.*, Case No. 2:16 Civ. 1947 (C.D. Cal.) (achieving class settlement of $12 million)); *In re Activision Blizzard, Inc. Stockholder Litig.*, C.A. No. 8885, (Del.

12

Ch. 2013) ($275 million settlement)); *In re Third Avenue Trust Stockholder & Derivative Litigation*, Cons. C.A. No. 12184 (Del. Ch. 2016) ($25 million settlement)).

**CONCLUSION**

Based on the foregoing, NIKO Holding respectfully requests that the Court grant its motion: (1) consolidating the related actions; (2) appointing NIKO Holding as Lead Plaintiff; (3) approving NIKO Holding's selection of BES as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

DATED: January 6, 2020        Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

By: */s/ W. Scott Holleman*
W. Scott Holleman
885 Third Avenue, Suite 3040
New York, NY 10022
Telephone:  (646) 860-9449
Facsimile:  (212) 214-0506
Email: holleman@bespc.com

*Counsel for NIKO Holding and Proposed*
*Lead Counsel for the Class*

13

## CERTIFICATE OF SERVICE

I, W. Scott Holleman, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 6th day of January, 2020.

*/s/ W. Scott Holleman*
W. Scott Holleman

14