# EXHIBIT 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

MELVIN GROSS, *individually and on behalf of all* :
*others similarly situated*                                   :
                                             Plaintiff,       :
                                                             :
                  -against-                                   :
                                                             :
AT&T INC., RANDALL L. STEPHENSON,                             :
JOHN J. STEPHENS, SAMUEL A. DI                                :
PIAZZA, JR., RICHARD W. FISHER, SCOTT T.                      :
FORD, GLENN H. HUTCHINS, WILLIAM E.                           :
KENNARD, MICHAEL B. MCCALLISTER,                              :
BETH E. MOONEY, JOYCE M. ROCHÉ,                               :
MATTHEW K. ROSE, CYNTHIA B. TAYLOR,                           :
LAURA D'ANDREA TYSON, and GEOFFREY                            :
Y. YANG,                                                     :
                                                             :
                                             Defendants.      :

-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___06/24/2019___

19-CV-2892 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 31, 2019, motions for appointment as lead plaintiff in this action were filed by Evan Hassiotis, Martin J. Boot, Steamfitters Local 449 Pension Plan ("Steamfitters"), Pro-Alpha Investments Limited ("Pro-Alpha"), KBC Asset Management NV ("KBC"), and a group of movants ("Investor Group") consisting of Iron Workers Locals 40, 361 & 417 Union Security Funds, Iron Workers Local 580 Joint Funds, and Local 295 IBT Employer Group Pension Fund (collectively the "Movants" and each a "Movant");

WHEREAS pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and § 78u-4(a)(3)(B), the Court is required to determine the "most adequate plaintiff" in this action by reference to which of the Movants "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure";

WHEREAS the presumption that a Movant is the most adequate plaintiff may be rebutted by evidence that the Movant "will not fairly and adequately protect the interests of the class" or

is "subject to unique defenses that render such plaintiff incapable of representing the class," 15 U.S.C. §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B);

WHEREAS on June 13, 2019, Movant Martin Boot withdrew his motion to be appointed lead plaintiff, Dkt. 44;

WHEREAS the remaining Movants, ranked by the size of their alleged financial loss, are KBC, Pro-Alpha, the Investor Group, Steamfitters, and Hassiotis;

WHEREAS Pro-Alpha and the Investor Group both oppose KBC's appointment as lead plaintiff, on the ground that KBC may be subject to a unique defense, Dkts. 41 at 2, 43 at 4–8;

WHEREAS the Investor Group opposes Pro-Alpha's appointment as lead plaintiff, on the ground that Pro-Alpha is alleged to be an opaque, foreign tax shelter and shell company that lacks sufficient transparency as to its structure and experience to serve as an adequate class representative, Dkt. 43 at 8–10;

WHEREAS KBC and Pro-Alpha both oppose the Investor Group's appointment as lead plaintiff, on the ground that the Investor Group is an improper aggregation of investors and losses, Dkts. 41 at 4, 42 at 2–4;

WHEREAS no movant has opposed the appointment of Steamfitters or Hassiotis as lead plaintiff, except on the ground that they each have a smaller financial stake than the other Movants; and

WHEREAS only KBC, Steamfitters, and Hassiotis have allegedly acquired AT&T shares pursuant to AT&T's misleading registration statement (Form S-4), Dkt. 19-2 at 2–3, Dkt. 27-1 at 4, Dkt. 31 at 6;

IT IS HEREBY ORDERED THAT the Investor Group and Steamfitters are appointed co-lead plaintiffs, subject to the requirements set forth below. 15 U.S.C. §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B). The Court finds that KBC is not an adequate lead plaintiff because it is subject to a

unique defense. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(ll)(bb). As Pro-Alpha and the Investor Group have pointed out, "the minimum requirement for an injury-in-fact [for purposes of Article III standing] is that the plaintiff have legal title to, or a proprietary interest in, the claim" being asserted. *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008). Here, KBC does not own the underlying securities and has not been assigned an ownership interest in the claims at issue. *See* Dkt. 49 at 7 ("KBC has authority under its management agreements with its funds . . . to pursue this action on behalf of its funds. Assignments are therefore not required."). Based on KBC's submissions, KBC appears only to have the power of attorney, which the Second Circuit has held insufficient to confer standing. Dkt. 49 at 7 (noting that KBC is authorized to "participat[e] in class actions," "represent [a fund] in the context of an individual legal claim," and "pursue the funds' claims"); *see Huff*, 549 F.3d at 108 ("[T]he grant of a power of attorney . . . is not the equivalent of an assignment of ownership; and standing alone, a power of attorney does not enable the grantee to bring suit in his own name." (citation omitted)).

The Court agrees with the Investor Group that Pro-Alpha has not provided sufficient information for the Court to determine that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While the Court agrees with Pro-Alpha that mere speculation is not enough to disqualify a prospective lead plaintiff, it is an undisputed fact that Pro-Alpha has failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation. *See Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (questioning "vigor with which [the Movant] intends to prosecute these claims" when "[t]here is a dearth of information regarding [the Movant] in the record"). And when challenged on this point, Pro-Alpha failed to respond with a single piece of additional information, which, as a purported "sophisticated

investor," Dkt. 28 at 4, should have been easy to do. The Court declines to appoint as lead-plaintiff an entity that lacks basic transparency even at this juncture.

The Court finds that appointing the Investor Group (the movant with the greatest financial interest after KBC and Pro-Alpha) and Steamfitters, who has standing to bring both Securities Act and Exchange Act claims, as co-lead plaintiffs "would best serve the class." *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Because the PSLRA does not recommend or delimit a specific number of lead plaintiffs, the lead plaintiff decision must be made on a case-by-case basis, taking account of the unique circumstances of each case."). The Investor Group is a proper grouping because two of its three members have previously litigated a securities class action together, and all three are sophisticated institutional investors who have worked together to select outside counsel. *Cf. Varghese*, 589 F. Supp. 2d at 392. The addition of Steamfitters as co-lead plaintiff better serves the overall interests of the purported class because Steamfitters, unlike the Investor Group, allegedly acquired AT&T shares as a result of AT&T's misleading registration statement and is therefore able to assert claims under the Securities Act.[1] Dkt. 26 at 2. This appointment is subject to the Investor Group and Steamfitters submitting an acceptable plan, on or before **June 28, 2019**, for resolving disputes between them and for supervising the litigation.

The Court further approves the Investor Group's and Steamfitters' respective choice of counsel, Pomerantz LLP and Labaton Sucharow LLP, who shall serve as co-lead counsel, subject to their submitting an acceptable plan for sharing litigation responsibilities. *See* 15 U.S.C.

---

[1] The Court notes that Mr. Hassiotis may also assert claims under the Securities Act, but the Court finds that Steamfitters is the more appropriate lead plaintiff given its larger financial interest and its status as an institutional investor.

4

5

§§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v).  No later than **June 28, 2019**, co-lead counsel must jointly submit a proposed plan for how they will share litigation responsibilities in an efficient manner going forward.

As stipulated by the parties on May 3, 2019, the time for lead plaintiffs to file a consolidated amended complaint is sixty days after the entry of this Order: **August 23, 2019**. Dkt. 12.

The Clerk of Court is respectfully directed to terminate the open motions at docket entries 17, 20, 22, 25, 30, 34, and 50.

**SO ORDERED.**

**Date:  June 24, 2019**                                   **VALERIE CAPRONI**
        **New York, New York**                      **United States District Judge**