**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PARETEUM SECURITIES LITIGATION | Case No. 1:19-cv-09767-AKH-GWG |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Lead Plaintiff, the Pareteum Shareholder Investor Group, and Defendants Pareteum Corporation ("Pareteum"), Robert Turner, Victor Bozzo, Edward O'Donnell, and Denis McCarthy,[1] by and through their undersigned counsel, acknowledge and agree that discovery in this litigation will involve non-public, confidential, proprietary, commercially sensitive information, financial information, and/or information subject to a legally protected right of privacy; and

WHEREAS, the Parties agree that good cause exists for the entry of an order reasonably restricting the distribution of confidential documents and information;

**IT IS HEREBY STIPULATED AND AGREED**, by and among undersigned counsel for the Parties, that:

1.    This Stipulated Protective Order ("Order") governs the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts, deposition exhibits, and any other information, documents, objects, or things which have been or will be produced or received by any Party or non-party in connection with this action, as well as any and all copies, abstracts, digests, summaries and by-products thereof.

---

[1]    Defendants Pareteum, Turner, McCarthy, Bozzo, and O'Donnell may be collectively referred to herein as "Defendants" and together with the Plaintiffs, the "Parties" or, individually, a "Party."

1

2.      Pursuant to Fed. R. Civ. P. 26(c), if in the course of this litigation any Party or non-party undertakes to produce or is caused to disclose what they in good faith believe to be confidential information, the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Order.

3.      Counsel to Parties and non-parties may designate any documents or other information taken, given, or exchanged in the course of this litigation as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" when such counsel in good faith believes that such documents or other information contain: (i) confidential information that is not publicly known and that the disclosing Party would not normally reveal, and has not revealed, to third parties without an agreement to maintain it in  confidence; or (ii) confidential business  or financial information subject to protection under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or any other applicable statute, rule, or case law.

4.      All documents marked "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" and produced by any Party or non-party, and all information contained therein, shall be deemed "Confidential Discovery Material" pursuant to this Order.

5.      Confidential Discovery Material shall not include information that has been produced, disclosed, or made available to the public or otherwise available for public access; provided, however, that confidential compilations of information shall not be deemed to have been so produced or disclosed merely because some or all of the component data have been so produced or disclosed other than in such compilation.

6.      All documents and information produced by Parties or non-parties in the course of this litigation (other than information that is publicly available) shall be used by the Party

receiving them solely for the purpose of trial or preparation for trial and appeal of this case, or for any alternative dispute resolution proceeding mutually agreed upon by the Parties, or otherwise in connection with this litigation, and for no other purpose whatsoever. Without limiting the foregoing, no person receiving Confidential Discovery Material shall use such Confidential Discovery Material in any other action or proceeding.

7. Counsel for any Party or non-party to this litigation shall designate documents or information as Confidential Discovery Material prior to actual production of the document or information by placing the notation "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" on every page of each document so designated or, in the case of Confidential Discovery Material disclosed in a non-paper medium (*e.g.*, video tape, audio tape, computer disks, etc.) the notation "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall be affixed to the outside of the medium or its container or in a notation from counsel when producing such information. Any Discovery Material produced in native electronic form can be designated as Confidential Discovery Material by (i) including such designation in the body or file name of the electronic document; (ii) affixing a stamp with such designation on the medium on which the electronic data is stored when copies are delivered to a receiving Party or on the slip sheet image in the production that corresponds to the document; or (iii) identifying such designated electronic format as Confidential Discovery Material in writing at the time of production.

8. Any Party or non-party may designate all or part of the transcript of a deposition, and all information contained therein, as Confidential Discovery Material by so indicating on the record at the deposition. Such transcript or portion thereof shall be treated as provided by this Order for documents designated as Confidential Discovery Material. Documents that are used as exhibits already designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION"

3

shall be treated as Confidential Discovery Material within the meaning of this Order. Any deposition that has any portion of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall indicate that it contains confidential information. All deposition transcripts shall be deemed confidential until at least 30 days after the deponent or his or her counsel has received a final written deposition transcript. Within such 30-day period, counsel for any Party may notify other counsel in writing of a permanent designation (subject to the terms herein) of all or part of the transcript as confidential. A Party that objects to the designations described in this paragraph shall have the rights and objections as set forth in Paragraph 15.

9. When depositions or portions of depositions are designated confidential, counsel shall use such Confidential Discovery Material only as provided for in this Order. All persons present at the taking of such depositions when such Confidential Discovery Material is involved may not disclose to any other person the testimony of the deponent regarding such Confidential Discovery Material, except as permitted herein.

10. Inadvertent failure to designate a document as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" may be corrected by supplemental written notice given as soon as practicable. An inadvertent failure to designate documents or information as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall not constitute a waiver of the disclosing Party's right to so designate such documents or information. As soon as the receiving Party becomes aware of the inadvertent production, the documents or information must be treated as though it had been timely designated as Confidential Discovery Material under this Order, and the receiving Party must endeavor in good faith to obtain all copies of the documents that it distributed or disclosed to persons not authorized to receive such information under the terms of this Order, as well as any copies made by such persons. If the receiving Party does not

obtain the return of all such documents or information, it shall inform the disclosing Party of those to whom the Confidential Discovery Material has been disclosed and the disclosing Party may undertake to obtain the return of the Confidential Discovery Material.

11.    The attorneys of record in this litigation are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of documents produced by any Party or non-party. Confidential material subject to this Order, including all copies, extracts, and summaries thereof and all documents containing information taken therefrom, shall remain in the custody of counsel and shall not be provided to other persons except as necessary to prepare for trial or appeal of this action pursuant to Paragraph 12.

12.    A Party that has received Confidential Discovery Materials from any other Party or non-party may only disclose such material to:

a.    Lead or class representative plaintiffs in this litigation;

b.    Defendants in this litigation, including officers, directors, and employees of Pareteum;

c.    Outside and in-house counsel for the Parties, including such counsel's paralegals, secretarial and clerical personnel who are working on this litigation;

d.    Service vendors of in-house and outside counsel for the Parties engaged in one or more aspects of copying, organizing, filing, coding, converting, translating, storing or retrieving data or designing programs for handling data connected with the action, to the extent reasonably necessary to render such services;

e.    Authors, addressees, and recipients of the Confidential Discovery Material;

f. A witness at a deposition, hearing, and/or trial only to the extent necessary to give their testimony; witnesses shown Confidential Discovery Material shall not be allowed to retain copies, nor shall the witnesses' counsel;

g. Consultants and experts and their staff who are directly employed or retained in connection with this action by counsel for the Parties for assistance with respect to this action, to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

h. The Court in this action or any other court to which any appeal from this litigation may be taken, and any authorized Court personnel;

i. Court reporters, including stenographers and video technicians transcribing proceedings in this action; and

j. Any person or entity that counsel for each Party agrees in writing, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, the Court orders may have access.

13. In addition to the limitations specified in Paragraph 12, Confidential Discovery Material may be disclosed to the persons described in Paragraph 12 only to the extent necessary for purposes of this action, and each person described in subparagraphs 12(d), 12(f), and 12(g) shall, prior to such disclosure, first have signed the Acknowledgement and Consent attached hereto as Exhibit A. Each such executed counterpart of Exhibit A shall be maintained by counsel making the disclosure to such person and shall be made available to opposing counsel upon request until the expiration of one year following final termination of this action.

14.     Counsel for any Party shall have the right to exclude from attending any oral depositions any person who is not authorized by this Order to receive documents or information designated as confidential information. Such right of exclusion shall be applicable only during periods of deposition examination or deposition testimony directed to or comprising confidential information.

15.     Any Party to this Order may challenge the designation of documents or information as Confidential Discovery Material. Such request shall be written, shall be served on counsel for the designating Party, and shall identify the designated Confidential Discovery Material that the receiving Party contends is not confidential and the reasons supporting its contentions. By failing to object to the designation of information upon its production, a Party does not waive its right to object at a future time to that designation. If the designating Party does not agree that the documents or information should no longer be considered Confidential Discovery Material under this Order, the Parties shall confer in a good faith effort to try to resolve the dispute. If the Parties are unable to resolve the dispute, the Party requesting the de-designation of the Confidential Discovery Material may file a motion with the Court with respect to the document or information in question. The requesting Party shall not make any disclosure of Confidential Discovery Material until the dispute is resolved while a motion to allow or bar such disclosure is pending or while any request for reconsideration pertaining to such a motion is pending.

16.     Pursuant to the Court's Individual Practice Rule 4A-B, only upon proper motion and permission from the Court shall documents be submitted to the Court "Under Seal." If a Party intends to file a pleading or other document with the Court that contains information that has been produced and/or designated by another party as "CONFIDENTIAL" or

"CONFIDENTIAL INFORMATION" or that contains Confidential Discovery Material produced and/or designated as such by another Party, then the filing Party shall seek to file the materials under seal pursuant to the Court's Individual Practice Rule 4-B and shall cite as the reason why sealing is appropriate the fact that the pleading or other document contains information that has been produced and/or designated by another Party as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" or contains Confidential Discovery Material produced and/or designated as such by another Party. Thereafter, the Party that produced and/or designated the information as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall bear all responsibility for supporting and arguing in favor of the motion to seal, and the filing Party shall have no further responsibility as to the motion to seal.

17.     If any Party intends to offer Confidential Discovery Material in open court, such Party will provide reasonable advanced notice of the Confidential Discovery Material to be so used, so that the producing Party has the opportunity to request that the Court take steps to prevent public disclosure.

18.     The terms of this Order shall in no way affect the right of any Party or non-party (i) to withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege, work product, or privacy rights of third parties; or (ii) to raise or assert any objections heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of information or documents furnished subject hereto.

19.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    a. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

    b. If a producing Party gives notice to a receiving Party that seeks the return or destruction of privileged and/or protected materials ("Claw Back Materials"), the receiving Party shall, except as provided in Paragraph 19(c) below: (i) refrain from any further use or disclosure of the Claw Back Materials; (ii) make a good faith effort to return the Claw Back Materials and all copies thereof (including notes, summaries, excerpts, and all other work product of the receiving Party) to counsel for the producing Party, or destroy all such Claw Back Materials (including notes, summaries, excerpts, and all other work product of the receiving Party) and certify in writing to that fact; and (iii) not use the Claw Back Materials for any purpose pending further order of the Court.

    c. The Party receiving such Claw Back Materials may, after receipt of the producing Party's notice, move the Court for an order compelling production of the Claw Back Materials, and when doing so may include and discuss the Claw Back Materials as an exhibit to the motion, provided that any discussion or disclosure of the Claw Back Materials is filed pursuant to Paragraph 16 of this Order. While such an application is pending, the Claw Back Materials in

question shall not be used by the receiving Party other than to challenge their designation as Claw Back Materials. In the event that a Party receives information produced in discovery from another Party that the receiving Party knows or reasonably should know to be privileged or protected, the receiving Party shall promptly notify the producing Party in writing of the apparently inadvertent production.

20.    If information designated Confidential Discovery Material in this action is called for in a subpoena, document demand, or other similar legal process in another proceeding, the Party to whom the subpoena or other process is directed shall, to the extent permitted by law, give written notice, as promptly as practicable, to each person that has designated the information as Confidential Discovery Material, and shall object to the production of such information on the grounds of the existence of this Order. The producing Party shall bear all responsibility for any objections to the production of such Confidential Discovery Material, except that the Party receiving any subpoena or other process shall not voluntarily make any production of another Party's Confidential Discovery Materials until resolution of any objections interposed by the producing Party, unless compelled or otherwise required by law.

21.    The burden of opposing the enforcement of the subpoena or document demand shall fall upon the person or entity that designated the information being sought as Confidential Discovery Material. Nothing herein shall be construed as requiring the recipient or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information designated as Confidential Discovery Material covered by this Order, or to subject himself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this or any other Court.

22.     Nothing in this Order shall prevent a Party from any use of his, her, or its own Confidential Discovery Material for any purpose.

23.     Within sixty (60) days after the final determination of this action (including all appeals), and upon written notice from the producing Party, all Confidential Discovery Material produced by any Party or non-party, and all copies thereof, shall be returned to the disclosing Party, or shall be discarded in a manner designated to prevent the information from being disclosed unless electronic copies of such materials have been saved on back-up tapes or in an archive and it would be commercially unreasonable to return or discard them. This provision excludes only attorney-generated memoranda and pleadings, which may be retained by counsel of the receiving Party and which shall remain subject to all other restrictions of this Order including the restriction that Confidential Discovery Material be used solely for the purpose of litigating this action. In either event, the receiving Party shall certify the return or destruction of all such information.

24.     The Court retains jurisdiction during and (to the extent necessary to enforce Paragraph 23 hereof) after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the Parties.

25.     Any person not a Party to this action from whom discovery is sought may obtain the benefits of this Order by signing, or having duly authorized counsel sign, a copy of this Order and giving notice thereof to counsel for the Parties. Any documents, deposition testimony, and other information produced by such non-party and designated as Confidential Discovery Material shall be treated accordingly.

26.     All Parties to the action agree to be bound by the terms of this Order pending the entry by the Court of this Order, or an alternative thereto which is satisfactory to the Parties and the Court, and any violation of the terms of this Order while entry by the Court is pending shall be subject to the same sanctions and penalties as if this Order had been entered by the Court. Any violation of the terms of this Order shall be punishable by relief deemed appropriate by the Court.

27.     This Order shall be binding on all Parties to the action by the execution of this Order by their counsel.

**STIPULATED AND AGREED BY on this 14th day of January, 2020:**

**KAHN SWICK & FOTI, LLC**

_/s/ Melinda A. Nicholson_
Lewis S. Kahn
Melinda A. Nicholson (MN-6251)
Michael J. Palestina (admitted PHV)
Melissa H. Harris (MH-3583)
1100 Poydras Street – Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: Lewis.Kahn@ksfcounsel.com
Email: Melinda.Nicholson@ksfcounsel.com
Email: Michael.Palestina@ksfcounsel.com
Email: Melissa.Harris@ksfcounsel.com

-and-

J. Ryan Lopatka
**KAHN SWICK & FOTI, LLC**
250 Park Ave., Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: j.lopatka@ksfcounsel.com

_Lead Counsel for Lead Plaintiff Pareteum_
_Shareholder Investor Group_

**MCGUIREWOODS LLP**

_/s/ Stephen G. Foresta_
Stephen G. Foresta (SF-3934)
Jeffrey J. Chapman (JC-1813)
1251 6th Ave., 20th Floor
New York, NY 10020
Telephone: (212) 548-2100
Facsimile: (212) 715-6295
Email: sforesta@mcguirewoods.com
Email: jchapman@mcguirewoods.com

_Counsel for Defendants_

12

## **ORDER**

The above stipulation having been considered, and good cause appearing therefore, **IT IS**

**SO ORDERED.**


Signed this _____ day of _____, 2020.


_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PARETEUM SECURITIES LITIGATION | Case No. 1:19-cv-09767-AKH-GWG |

**EXHIBIT A**
**ACKNOWLEDGEMENT AND CONSENT**

I, _____, hereby acknowledge that:

a.    I have received a copy of the Stipulated Protective Order ("Order") entered in this action by the United States District Court for the Southern District of New York;

b.    I have either read the Order and/or have had the terms of the Order explained to me by an attorney, and I understand the terms of the Order and agree to comply with an to be bound by such terms;

c.    I understand that I may receive documents or information designated as confidential and understand that such documents and information are provided to me pursuant to the terms and restrictions of the Order;

d.    I agree to hold in confidence any documents and information disclosed to me pursuant to the terms of the Order;

e.    I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of New York for resolution of any matters pertaining to the Order; and

f.    I understand that a violation of the Order may be punishable by contempt of Court and may also be remedied by money damages and/or injunctive relief.

Date: _____        Signature:_____

14