UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                                     :

IN RE PARETEUM SECURITIES LITIGATION    :    19 Civ. 9767 (AKH)
                                                                                                     :
------------------------------------------------------------- X
  :

SABBY VOLATILITY WARRANT MASTER  :
FUND LTD.,  :
  :
                 Plaintiff,  :
     v.  :    19 Civ. 10460 (AKH)
  :
PARETEUM CORPORATION, ROBERT H.  :
TURNER, EDWARD O'DONNELL, DENIS  :
MCCARTHY, VICTOR BOZZO, ROBERT  :
LIPPERT, YVES VAN SANTE, and LUIS  :
JIMENEZ-TUNON,  :
                 Defendants.  :
  :
------------------------------------------------------------- X
  :
WILLIAM H. BAXLEY, individually and on  :
behalf of all others similarly situated,  :
  :
                 Plaintiff,  :    20 Civ. 3738 (AKH)
     v.  :
  :
PARETEUM CORPORATION, ROBERT H.  :
TURNER, and EDWARD O'DONNELL,  :
  :
                 Defendants.  :
  :
------------------------------------------------------------- X
  :
SHIV PATEL, derivatively on behalf of  :
PARETEUM CORPORATION,  :
  :
                 Plaintiff,  :    20 Civ. 359 (AKH)
     v.  :
  :

| | |
|---|---|
| ROBERT H. TURNER, EDWARD O'DONNELL, DENIS MCCARTHY, VICTOR BOZZO, LUIS JIMENEZ-TUÑON, ROBERT LIPPERT, LAURA THOMAS, and YVES VAN SANTE, | : : : : : |
| Defendants. | : : |
| PARETEUM CORPORATION, | : : |
| Nominal Defendant. | : : |

-------------------------------------------------------------- X

| | |
|---|---|
| MICHAEL SHAW, derivatively on behalf of PARETEUM CORPORATION, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| | 20 Civ. 740 (AKH) |
| LUIS JIMENEZ-TUÑON, ROBERT LIPPERT, YVES VAN SANTE, ROBERT H. TURNER, EDWARD O'DONNELL, DENIS MCCARTHY, VICTOR BOZZO, and LAURA THOMAS, | : : : : **ORDER REGULATING** : **PROCEEDINGS** : |
| Defendants. | : : |
| PARETEUM CORPORATION, | : : |
| Nominal Defendant. | : : |

-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

These related actions——whether proceeding directly, derivatively, or on behalf of a putative class——bring various claims for alleged violations of federal securities laws, breaches of fiduciary duty, and infractions of numerous kindred state laws, against Pareteum Corporation ("Pareteum"), a telecommunications firm, and Pareteum's officers, directors, investment banker, and auditor. According to the claimants, Defendants engaged in fraudulent conduct that resulted in Pareteum's stock price plummeting.

But before these suits proceed further, judicial economy, federal securities law, and the Federal Rules of Civil Procedure weigh heavily in favor of requiring two of these actions to replead. Rule 8 provides that a "pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Put simply, the complaints *In re Pareteum Securities Litig.*, 19 Civ. 9767, ECF No. 98 (the "Class Complaint") and *Patel v. Turner, et al.*, 20 Civ. 359, ECF No. 1 (the "*Patel* Complaint") are neither "short" nor "plain." Nor are the complaints remotely consistent with the requirement that securities fraud allegations be pleaded with "particularity." *See* Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; Fed. R. Civ. P. 9(b).

The Class Complaint is 220 pages long (not counting an additional 85 pages of exhibits), 445 paragraphs before reaching Count One, 503 paragraphs total, and is saturated with lengthy block quotations that predominantly lack accompanying statements explaining if or why the quoted statements are false. The block quotations are often generously underlined, italicized, bolded, or some combination of all three, without an explanation for the emphases. And in more than a few instances, the Class Complaint alleges that statements excerpted over the course of several paragraphs were "materially false and misleading when made … for the reasons outlined in ¶ 187," with the oft-cited Paragraph 187 *itself* consisting of seven sub-paragraphs that contain a laundry list of purported true facts. *See*, *e.g.*, Class Compl. at ¶¶ 187, 192, 216, 222, 245, 251, 272, 280, 296, 306, 326, 335. And according to the Class Complaint, even Paragraph 187 is not an exhaustive list of reasons why the quoted statements are false. *See id*. at ¶ 187 (noting that the referenced statements were false and/or misleading and/or omitted critical information "for the following reasons, *among others*") (emphasis added).

The *Patel* Complaint is 107 pages long, 288 paragraphs before reaching Count One, 330 paragraphs total, and, as with the Class Complaint, is larded with block quotations that span multiple pages and leave the reader to wonder which aspects of the quotations are worthy of

judicial attention.  It also fails to explain why a derivative action, seeking a corporate recovery that would benefit shareholders at the time of potential recovery, would not interfere with the putative class action that seeks recovery for losses directly caused to purchasers and sellers of Pareteum securities during the proposed class period, or how Pareteum, the corporation, has been damaged by the alleged frauds.

        Whether the Class Complaint and *Patel* Complaint are better characterized as "puzzle pleadings" or "shotgun pleadings" matters little—both descriptors are apt in the sense that neither pleading comports with the Federal Rules or this Circuit's "exhortation that plaintiffs 'must demonstrate with specificity why and how' each statement" is "false or misleading." *Boca Raton Firefighters & Police Pens. Fund v. Bahash*, 506 F. App'x 32, 38 (2d Cir. 2012) (quoting *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004)).  *See, e.g., Bahash*, 506 F. App'x at 38-39 (party filed a "280-page complaint consist[ing] in large part of block quotations with italicized text" and reference to a single paragraph that itself "provide[d] a bullet-point list … of true facts" and Second Circuit found this "fell far short" of the particularity required).[1]  The "Second Circuit has commented that district courts should not have to search the long quotations in the complaint

---

[1] *See also, e.g., Constr. Laborers Pens. Trust for Southern Cal. v. CBS Corp.*, 433 F.Supp.3d 515 (S.D.N.Y. 2020) (describing "puzzleleading" as "marked by lengthy block quotes followed by pro forma reasons why the statements quoted are allegedly false" and noting that such pleadings are "insufficiently particular"); *In re NTL, Inc. Sec. Litig.*, 347 F.Supp.2d 15 (S.D.N.Y. 2004) (same); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 (11th Cir. 2006) (describing as a "typical shotgun pleading" a complaint in which, "Sixty-eight paragraphs precede Count One" and each subsequent count incorporated the preceding counts and added more paragraphs, as this method of pleading "imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated"); *U.S. ex rel. Chapman v. Office of Children & Family Servs. of State of New York*, No. 04 Civ. 1505, 2010 WL 610730, at *4 n.3 (N.D.N.Y. Feb. 16 2010) ("Plaintiff's Amended Complaint is an even more egregious example of a 'shotgun pleading' condemned by the *McInteer* Court.…  248[] paragraphs precede Count On, all of which are incorporated into and realleged in the first count.  Each succeeding count likewise incorporates and realleges all of the prior paragraphs"), *aff'd sub nom. Chapman v. Office of Children & Family Servs. of the State of New York*, 423 F. App'x 104 (2d Cir. 2011); *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16 Civ. 3495, 2017 WL 4049253, at *5 (S.D.N.Y. June 28, 2017) (dismissing complaint in which "many of [the] allegations span over multiple pages without any indication of what, specifically, Plaintiffs allege to be false or misleading" and the complaint used "the same conclusory formula" of cross-referencing one paragraph "to cover *all* of the allegedly material misrepresentations"), *aff'd sub nom. Sfiraiala v. Deutsche Bank Aktiengesellschaft*, 729 F. App'x 55 (2d Cir. 2018); *IBEW Local 98 Pension Fund v. Cent. Vermont Pub. Serv. Corp.*, No. 11 Civ. 222, 2012 WL 12985689, at *8 (D. Vt. Aug. 23, 2012) (practice of using long block quotations and suggesting "*all* of the quoted statements are misleading" left the "court with no ability to discern which statements Plaintiffs actually challenge").

for particular false statements," only to then "determine on its own initiative how and why the statements were false."  *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F.Supp.3d 340, 356 (S.D.N.Y. 2015) (quotation marks omitted).  The pleadings in the Class Complaint and the *Patel* Complaint contain the "lengthy quotations and canned allegations," not to mention lack of succinctness, that made the analysis in *Bahash* such a "Sisyphean task."  *CBS Corp.*, 433 F.Supp.3d at 530.

        Accordingly, the Class Complaint and *Patel* Complaint are dismissed without prejudice.[2]  The Plaintiffs in each of those two actions are instructed to file amended complaints on July 17, 2020, which complaints shall comport with Rule 8, as well as the PSLRA and Rule 9(b) as applicable.  Defendants shall file any motion(s) to dismiss on or before August 3, 2020, along with a joint stipulation, signed by all parties, outlining a briefing schedule that is to be completed on or before September 3, 2020.

        The Clerk shall close the open motions to dismiss and for joinder (ECF Nos. 143, 144, 152), such motions having been mooted by this order.

SO ORDERED.

Dated:      June 23, 2020                                  _____/s/_____
            New York, New York                          ALVIN K. HELLERSTEIN
                                                              United States District Judge

---

[2] In a separate order, issued concurrently, I consolidated the actions in *Shaw*, 20 Civ. 359, and *Patel*, 20 Civ. 740.