K6NKPARC                          Telephone Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

KEVIN O'BRIEN, et al.,

                Plaintiffs,

        v.                              19 CV 09767 (AKH)

PARETEUM CORPORATION, et al.,

                Defendants.

------------------------------x

WILLIAM BAXLEY, individually
and on behalf of all others
similarly situated,

                Plaintiffs,

        v.                              20 CV 03738 (AKH)

PARETEUM CORPORATION, et al.,

                Defendants.

------------------------------x

SHIV PATEL, derivatively on
behalf of Pareteum
Corporation,

                Plaintiffs,

        v.                              20 CV 00359 (AKH)

ROBERT H. TURNER, et al.,

                Defendants.

------------------------------x
                                        June 23, 2020


        (Continued on next page)


                        SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

K6NKPARC                          Telephone Conference

------------------------------x

SABBY VOLATILITY WARRANT
MASTER FUND LTD., et al.,

               Plaintiffs,

          v.                          19 CV 10460 (AKH)

PARETEUM CORPORATION, et al.,

               Defendants.

------------------------------x

                                   New York, N.Y.
                                   June 23, 2020
                                   11:00 a.m.

Before:

               HON. ALVIN K. HELLERSTEIN,

                                   District Judge

                    APPEARANCES

LAX & NEVILLE LLP
     Attorneys for Plaintiff Sabby Volatility Warrant Master
Fund Ltd.
BY:  ROBERT R. MILLER

MICHAEL J. PALESTINA
     Attorney for Lead Plaintiffs in Securities Action

THE ROSEN LAW FIRM PA
     Attorneys for Derivative Plaintiff Patel
BY:  ERICA STONE

THOMAS J. McKENNA
     Attorneys for Derivative Plaintiffs Patel and Shaw

McGUIRE WOODS LLP
     Attorneys for Defendants
BY:  STEPHEN G. FORESTA

(The Court and all parties appearing telephonically)

THE COURT:  It's now 11:00 o'clock.  Let me take a roll call.

Representing Sabby Volatility Warrant Master Fund Ltd. should be Barry Lax and Robert R. Walter.  Are they here?

MR. MILLER:  This is Robert Miller of Lax & Neville representing Sabby today.  Good morning, Judge.

THE COURT:  It's Miller?

MR. MILLER:  That's right.

THE COURT:  In William H. Baxley, the class action, versus Pareteum Corporation and others, Michael J. Palestina, are you here?

MR. PALESTINA:  Good morning, your Honor.  This Mike Palestina on behalf of lead plaintiffs in the securities action.

THE COURT:  Shiv Patel derivatively versus Turner and others, Thomas McKenna and Erica Stone, are either or both of you here?

MR. McKENNA:  Yes, your Honor.  Thomas J. McKenna.

MS. STONE:  Good morning, your Honor.  Erica Stone from The Rosen Law Firm.

THE COURT:  Only one of you will be speaking.

MS. STONE:  Yes; Mr. McKenna will be taking the lead on that.

THE COURT:  Okay.

Shaw against Jimenez-Tunon, who is representing Shaw?

MR. McKENNA:  Mr. McKenna, your Honor.

THE COURT:  In both cases?  Okay.

Representing the defendants is Stephen Foresta.

MR. FORESTA:  Good morning, your Honor.  This is Stephen Foresta from McGuireWoods representing the defendants.

THE COURT:  Okay.  So, we have everyone here?  Is there any party that's here that has not been called for representation?

Okay, everyone is here.

I first want to focus on the points.  Mr. Palestina, on behalf of Baxley, you presented a complaint of 216 pages, plus exhibits totaling many more pages.  That's unconscionable, inappropriate, and violative of Rule 8.  I won't have it.  I don't need a motion to dismiss.  I am telling you that you will have to amend.  The complaint must be a proper length.  Your representation of misrepresentations must be clearly alleged. The defendant, nor the judge, should not have to look through lengthy quotations to find out what, if anything, is alleged to be the misrepresentation.  Rule 8 should be your guide except where Rule 9 requires something more specific, and, of course, where the securities laws require something more specific.

So, I am dismissing your complaint sua sponte.

MR. PALESTINA:  Your Honor, this is Mike Palestina. And I do apologize for the length, but I do want to make clear

that we believe that there are hundreds of false statements as part of a scheme, and we certainly don't want to run afoul of Rule 9.  And in our complaint, we did highlight the things that we believe were false and misleading from the larger statements --

THE COURT:  Highlights are not allegations.

MR. PALESTINA:  We followed those highlights up, your Honor, with specific allegations regarding each thing, and we pulled the words out from the paragraphs that we said were false and misleading in the summary of each section, which we did by quarter, by statements by quarter.

And, look, I do agree that the briefing and the complaint in this case are very, very long, but it goes to the nature of the fraud that we've alleged, your Honor, which took place over more than a hundred press releases, over 18 months.  There's no getting around the volume of false statements.  We could cite less to them, but then we, of course, worry that defendants will say, well, you took these statements out of context and you took these statements without giving the full citation.

So, we went out of our way to summarize the fraud, in the beginning of the complaint, which takes up quite a bit of space, and then we included a separate section, which literally lists every single statement and has a summarizing paragraph after that statement that pulls out and quotes from those

K6NKPARC                          Telephone Conference

statements and identifies specifically what we thought was false and misleading.  Again, your Honor, it goes to the volume of the statements these gentlemen made, in press releases spanning 18 months, sometimes a press release every other day.

We certainly don't want to run afoul of Rule 9.  I'll note, your Honor, that the motion to dismiss has already been briefed, the defendants have alleged that we didn't allege with particularity, quite unbelievably, what was false and misleading, and we outlined why we have, at length, your Honor, in our opposition.  And I think that you will find, your Honor, that we cite to those paragraphs, very clearly, what adds up to falsity from each statement.

I just worry, your Honor, that if we take things out, the defendants will simply argue that there's less particularity, rather than arguing that there already is a lack of particularity.

THE COURT:  I don't need to teach you how to plead. I'm telling you that a complaint of 216 pages and -- how many pages in the exhibits -- scores more is impossible to deal with, impossible to answer, and impossible for the Court to consider.

The motion is my motion.  The complaint is dismissed. You have to plead.  Each misrepresentation, if it is such, can be identified, but where they are repeated, they needn't be cited in full each time.  You know how to plead.  You have to

K6NKPARC                              Telephone Conference

come in with a pleading that can be dealt with.  This cannot be dealt with.  Highlighting cannot be dealt with, repetition cannot be dealt with, huge quotes cannot be dealt with.

So, I am dismissing the complaint.  The motion to dismiss is denied on the ground that it is moot.  You'll have 30 days to replead, Mr. Palestina, and it better be a good one.

MR. PALESTINA:  Yes, your Honor.

MR. FORESTA:  Your Honor, this is Stephen Foresta, on behalf of the defendants.

Just to clarify, the defendants haven't moved to dismiss the Baxley complaint; we moved to dismiss the consolidated complaint that was filed by the lead plaintiff. And the Baxley case is essentially a copycat case, with allegations similar in their length and breadth and repetition to what we saw in the consolidated complaint.  And that's the complaint that we filed our motion to dismiss on.

THE COURT:  Well, what am I talking about?  How many pages did the consolidated complaint have?

MR. FORESTA:  As much, if not more, than the Baxley complaint, essentially the same repleading.

THE COURT:  Whatever is the operative pleading -- and that must be the consolidated amended complaint -- is the subject of my dismissal.

MR. FORESTA:  Understood.

THE COURT:  It's unwieldy, it cannot be answered

appropriately, issues cannot properly be drawn from it. Replead it.

Now, the Sabby complaint is a Section 11 complaint only, plus some state law causes of action. Is there any motion against that?

MR. FORESTA: Your Honor, this is Stephen Foresta again from McGuireWoods on behalf of defendants in the Sabby case.

There is no motion in that case. The defendants answered the complaint. This case has not progressed, and it was our position -- defendants' -- that whether, and to what extent, there is a schedule for the Sabby case, it should be made in conjunction with the schedule for the consolidated class action and the derivative cases, all of which are before your Honor.

THE COURT: I'm aware.

Mr. Miller, with regard to Sabby, you aren't proceeding immediately, but how could I let you proceed immediately without risking duplication/repetition of examination? Although your theory is different -- you don't have a Section 10 theory -- the people whom you will be examining are the same, the documents that you want turned over would be the same. I think it would be wasteful to allow you to go ahead before there is full participation by all those who are similarly affected.

MR. MILLER:  I think --

THE COURT:  Sorry.  I'll let you go ahead.

MR. MILLER:  This is Robert Miller for Sabby Capital.

I would just say that I would work it the other way around.  The documents -- if there is another consolidated class action filed, the plaintiffs in that case will seek the same discovery that we are seeking, to a degree, although there's no stock purchase agreement, there were no, obviously, direct negotiations and direct discussions, and so that would be a separate category of documents.

Discovery we'll be seeking is obviously more limited, the claim is more limited, it's strict liability.  We think the publicly available documents, standing on their own, are going to get us at least pretty close to meeting our burden.  And we have just seen -- again, this case was filed in November of 2019, we are in June of 2020, many months after your Honor would ordinarily have set a discovery schedule and the parties would be deep into discovery, and we're starting over in the class action.

So, I think, for our client, who invested $16.5 million, by far the largest investor, and is bringing only a direct claim under Section 11, it would be prejudicial to wait another three months, six months, a year, or more, to get to discovery for a class action that may never get to discovery.

THE COURT:  I have to balance everyone's interests here.  I recognize your patience.  I don't think there will be prejudice.  There will be a delay, but no one he here seems to be impecunious.  So, I think that the delay will be tolerable, but we'll have to move ahead pretty quickly.

So, that deals with the direct action and it deals with the consolidated action.  So, your complaint, Mr. Palestina, is as a lead plaintiff in the consolidated class, right?

MR. PALESTINA:  Yes, your Honor.

THE COURT:  So, we've covered the direct action and we've covered the class actions, but we haven't covered the derivative actions.

Mr. McKenna, your complaint, if upheld, in Shaw, covers 107 pages, plus exhibits.  It has the same vices, though in fewer cases, that appear in Mr. Palestina's complaint, and never states why there should be a derivative action that would not interfere with the lawsuit on behalf of the parties that were injured.  Why should there be a corporate recovery for pursuing on behalf of the corporation when those who are injured are the class people?  And if you recover, or take part in a settlement, the benefit will be to value the current shareholders' half, not to those who are injured; your recovery will derogate from their recoveries.

So, I don't understand how a derivative action can in

K6NKPARC                        Telephone Conference

justice be maintained.

MR. McKENNA:  Well, your Honor, we're also suing for violations of the proxy laws, that they gave false and misleading information to the shareholders.  And while it's true that any recovery for stockholders who bought the stock during the class period would be a recovery to those people, the wrongs of the directors harmed the corporation itself by embroiling them in all these other class actions and direct actions.  And we seek --

THE COURT:  So you want to recover for the corporation --

MR. McKENNA:  Yes, your Honor.

THE COURT:  -- the amount of monies to litigate it?

MR. McKENNA:  Correct, and also to reform this corporation, and, if we can, have some reforms that might put out some of these alleged bad actors from their roles in running this corporation.

THE COURT:  You will have to focus your complaint, your derivative complaint, on that which would be legitimate recoveries.

MR. McKENNA:  Understood.

THE COURT:  And your derivative action doesn't do that.

MR. McKENNA:  We will try to do better, your Honor. We submitted a proposed stipulation that the defendants

consented to, asking for the Shaw and the Patel cases to be consolidated, and then we would set a schedule, we would put in a consolidated complaint that would try to address your Honor's concerns.

THE COURT:  You're going to be representing both Shaw and Patel?

MR. McKENNA:  Yes, they would be one action, if your Honor grants the stipulation.

THE COURT:  Mr. Foresta, who will represent the derivative corporation?

MR. FORESTA:  McGuireWoods will represent the corporation, at least through the pleading stage, your Honor.

THE COURT:  How can you?

MR. FORESTA:  We don't see, at this stage, that there's a conflict of interest, in particular, because one of our requests would be to dismiss the claims.  But, also, we would be seeking to stay the proceeding to allow the consolidated complaint to proceed ahead of the derivative cases.  And in that situation, McGuireWoods doesn't have a conflict in making that application.  If it's denied --

THE COURT:  If there's a potential recovery for the company, that's directly contradictory to the interests of the individuals whom you represent, Mr. Foresta.  So, any motion, any proceeding, you make would be on behalf of conflicted clients.  You cannot represent the company.  You can represent

K6NKPARC                          Telephone Conference

the company in the class action, but you cannot, then,

represent the company in the derivative action.  So, you're

going to have to find another lawyer -- the company is going to

have to find another lawyer -- to represent them in the

derivative action.

            MR. FORESTA:  Understood, your Honor.

            THE COURT:  Understood?

            MR. FORESTA:  Yes, sir.

            THE COURT:  Okay.

            Now, tell me about the actions in other parts of the

country.  Are they coming to me?  Are they not?  What is the

situation?

            MR. FORESTA:  There are several --

            THE COURT:  Who's speaking?

            MR. FORESTA:  My apologies.  This is Stephen Foresta

from McGuireWoods.

            THE COURT:  Yes.

            MR. FORESTA:  There are several derivative cases that

were filed in the district court for the District of Delaware.

Those cases have been consolidated, and the defendants in those

cases filed a motion to transfer to the Southern District of

New York for eventual consolidation with the cases before your

Honor.  The motion has been fully briefed, and oral argument

has been set for, I believe, July 25th, before Judge Stark in

the District of Delaware on the motion to transfer.

K6NKPARC                              Telephone Conference

In addition, there are two derivative cases that were filed in New York State Supreme Court. Those cases likely cannot be removed, and it would be our request that those cases be coordinated with the cases proceeding before your Honor, for discovery purposes, which have not yet --

THE COURT: Is there a justice appointed to run those in the state?

MR. FORESTA: I believe it's Justice Tingling.

THE COURT: Spell it, please.

MR. FORESTA: T-i-n-g-l-i-n-g.

THE COURT: Justice Tingling? In the commercial part of New York State?

MR. FORESTA: This is Stephen Foresta.

Yes, your Honor. There is also more recently --

THE COURT: Is anything happening in those cases?

MR. FORESTA: Stephen Foresta again.

No, your Honor, nothing has happened in those cases other than the complaints were filed, we're in the process of negotiating acceptance of service, and then we'll set response dates for those actions.

THE COURT: Okay.

MR. FORESTA: If I may continue, your Honor, there is also a class action that was filed recently in state court in California. We are looking into whether we would be able to remove that case to federal court and then transfer it to the

K6NKPARC                              Telephone Conference

Southern District of New York, but have not yet reached any conclusions as to whether we can do that.  If not, we'll negotiate a time to respond to the complaint with plaintiffs' counsel, and, again, make the recommendation in that court that there be coordination between the California proceeding and what's going to take place before your Honor in this court.

THE COURT:  I would appreciate, Mr. Foresta, if you could file a submission that describes these other cases by name and where they are.  You're authorized to tell the judge in Delaware that if he desires to transfer those cases to me, I would accept them, and if it comes into the federal court in California, the answer is the same, so you can advise the judge.

If the cases remain in the state court, you can make representations, to the justice in New York and the judge in the Superior Court of California, that I will be pleased to give them copies of all scheduling orders and discovery orders in my cases so that there can be coordination and reduce the imposition of duplication on the parties.  So, we will try as best we can to help coordinate the lawsuits.

MR. FORESTA:  This is Mr. Foresta.

That's all that I wanted to report, your Honor.

THE COURT:  Thank you.

Let's talk about timing, Mr. Miller's impatience; I think, we have to figure out how to move the motion practice

K6NKPARC                              Telephone Conference

and the amendment practice in a streamlined way.

So, Mr. Palestina, how much time do you need to amend your pleading?

MR. PALESTINA:  Your Honor, earlier in the call, you told me 30 days.  And I can absolutely get it done in that time period, and I'll cut it in more than half.

THE COURT:  I'm sorry?

MR. PALESTINA:  I said, your Honor, earlier in the call, you had told me I would have 30 days.  And I can amply get it done in that time, and I will cut it by more than half in that time as well.

THE COURT:  Well, why don't we then take advantage of that and say you will file your amended pleading by July 17th.

MR. PALESTINA:  Very doable, your Honor.

THE COURT:  How about you, Mr. McKenna?

MR. McKENNA:  Your Honor, if your Honor signs the consolidation order, we had asked for 30 days, then, to put together a consolidated complaint.

THE COURT:  How about July 17th?

MR. McKENNA:  That's fine, your Honor.

THE COURT:  Okay.  I think you filed an order for consolidation?

MR. McKENNA:  We filed the stipulation.  I think it's docket entry number 22.

THE COURT:  All right.  I'll review it, and, if

appropriate, sign it.

MR. McKENNA:  Very good.

THE COURT:  And does it appoint you as counsel for both the actions in my court?

MR. McKENNA:  It does, your Honor.

THE COURT:  And, Mr. Foresta, you'll have to have another lawyer representing the company in that derivative action.

MR. FORESTA:  Yes, I understand that.

THE COURT:  All right.

So, when can I schedule a motion to dismiss?

MR. FORESTA:  Your Honor, this is Stephen Foresta.

On behalf of the defendants other than the company in the derivative suits, I would request that we have three weeks from July 17th, from filing of the consolidated complaint, to respond.

THE COURT:  That would take you to August 7th.

MR. FORESTA:  Yes, your Honor.

THE COURT:  When you file, please file a stipulation with the adverse parties, that will create a briefing schedule. I want the briefing schedule tight.  I'd like everything finished by 30 days, including oppositions and replies.  The replies should not be more than a week later than the opposition.

All right?

K6NKPARC                        Telephone Conference

Now, let me focus on the derivative action.  You should know, Mr. McKenna, that I recently finished a case where there was a companion derivative action to a class action.  And I was highly critical of duplication by the derivative counsel for the work of the class case.

By the nature of things, the class and, to some extent, the direct lawsuit will be doing the work to advance their claims.  Your focus, Mr. McKenna, is a narrow issue of how the corporation justifies some recovery, and you are going to have to find a way to be very economical, with the court appearances you make and the depositions you cover and the like, because I will not be liberal unless you show some independent right to recover for the derivatives of the corporation.

MR. McKENNA:  Understood, your Honor.

THE COURT:  What else do I need to cover?

MR. PALESTINA:  Your Honor, this is Mike Palestina, lead counsel.

This is just a housekeeping matter:  The Baxley matter had been transferred to your Honor's court from Alabama.  And we've spoken with the counsel there, and they are fine having that case consolidated under the leadership structure that your Honor previously appointed when the MLPs were briefed.  And we can submit a consolidation order, your Honor can do it sua sponte; however your Honor would prefer we paper that, we

K6NKPARC                        Telephone Conference

can get that done as a housekeeping matter.

THE COURT:  Why don't you get it done.

MR. PALESTINA:  Okay.

THE COURT:  Submit an order.

Is there anything else I need to cover?

We need a date when we -- I don't need a date because I will setting a date when I decide the motions to dismiss.  If the cases go on, I'll set a date, and if the case is dismissed, they will be dismissed.

Mr. Miller, I don't know if you're pleased with the schedule or not, but the prospect is that you will have to wait until the fall before discovery begins.

MR. MILLER:  We do appreciate your Honor setting a tight schedule, and we hope that that practice continues throughout.

THE COURT:  I hope so too.

Okay.  Goodbye, all.  Thank you very much.

COUNSEL:  Thank you very much.

THE COURT:  Bye.

                          *  *  *