**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

IN RE PARETEUM SECURITIES LITIGATION                    1:19-cv-09767-AKH-GWG

_____

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF DEFEDANT SQUAR MILNER LLP'S MOTION TO DISMISS**
**THE FIRST AMENDED CONSOLIDATED COMPLAINT**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant Squar Milner LLP
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000

8419006v.2

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

STATEMENT IN REPLY ........................................................................................................1

ARGUMENT .............................................................................................................................1

    I.    Plaintiffs have not, and apparently cannot, plead facts suggesting it is plausible that they can trace any purchase to the Secondary Offering ....................1

    II.    Plaintiffs have not, and apparently cannot, plead facts sufficient to make Squar Milner's statements of opinion actionable under Section 11 ........................4

        1.    First circumstance: the auditor does not actually hold the stated opinion ................................................................................................... 4

        2.    Second circumstance: an embedded statement of fact that is misleading .................................................................................................. 7

        3.    Third circumstance: omitted facts make the opinion misleading ............ 10

    III.    Squar Milner has established negative causation ....................................................11

CONCLUSION .........................................................................................................................11

8419006v.2

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) .................................................................................................. 1

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 1, 2, 3

*De Vito v. Liquid Holdings Grp., Inc.*,
  2018 U.S. Dist. LEXIS 217963 (D.N.J. 2018) ........................................................... 3

*In re Am. Realty Capital Props., Inc. Litig.*,
  2015 U.S. Dist. LEXIS 151966 (S.D.N.Y. Nov. 6, 2015) ....................................... 4, 10

*In re ARIAD Pharms Sec. Litig.*,
  842 F.3d 744 (1st Cir. 2019) ........................................................................................ 3

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) ..................................................................................... 3

*In re Global Crossing Ltd. Sec. Litig.*,
  (313 F. Supp. 2d 189 (S.D.N.Y. 2003) ................................................................... 2, 3

*In re Petrobras Sec. Litig.*,
  (2016 U.S. Dist. LEXIS 21036 (S.D.N.Y. Feb. 18, 2016) ...................................... 8, 9

*In re Puda Coal Sec. Inc. Litig.*,
  2013 U.S Dist. LEXIS 142081 .................................................................................... 4

*Johnson v. CBD Energy, Ltd.*,
  2016 U.S. Dist. LEXIS 87174 (S.D. Tex. Jul. 6, 2016) ......................................... 8, 9

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Fund*,
  575 U.S. 175 (2015) ........................................................................... 4, 5, 6, 7, 8, 9, 10

*Shapiro v. UJB Financial Corp.*,
  964 F.2d 272 (3d Cir. 1992) .................................................................................... 2, 3

*Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*,
  (243 F. Supp. 3d 1109 (E.D. Cal. 2017) ..................................................................... 9

**Statutes**

15 U.S.C. § 77k ............................................................................................ 1, 2, 3, 4, 5, 7, 9, 10

15 U.S.C. § 77k(b)(3) ............................................................................................................... 6

**Other Authorities**

PCAOB AS 4101:
  *Responsibilities Regarding Filings Under Federal Securities Statutes*...................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................................... 1

Fed. R. Civ. P. 8 ......................................................................................................................... 2

8419006v.2

Defendant Squar Milner LLP respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count VI in Plaintiffs' First Amended Consolidated Complaint (the "Amended Complaint") to the extent alleged against Squar Milner.

## STATEMENT IN REPLY

Plaintiffs' single count against Squar Milner—Count VI—cannot stand as pleaded, and Plaintiffs' opposition to Squar Milner's motion to dismiss demonstrates that Plaintiffs cannot plead sufficient facts to support a Section 11 claim against Squar Milner. Simply put, Plaintiffs cannot adequately plead standing, an actionable statement by Squar Milner, and the facts on the face of the Amended Complaint warrant dismissal based on the absences of causation. The Amended Complaint must be dismissed.

## ARGUMENT

**I.   Plaintiffs have not, and apparently cannot, plead facts suggesting it is plausible that they can trace any purchase to the Secondary Offering**

Plaintiffs agree, as they must, that a Rule 12(b)(6) motion is to be considered in accordance with the Supreme Court's teachings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)(*see* Omnibus Opp. at 3). A complaint must plead sufficient factual allegations "to state a claim to relief that is plausible on its face…" to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and

citation omitted). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570.

Additionally, the "no set of facts" approach to evaluating the sufficiency of pleadings under Rule 8 of the Federal Rules of Civil Procedure was set aside by the Supreme Court in *Twombly* as a "phrase [that] is best forgotten." 550 U.S. at 563.

In 2003, four years before *Twombly* was decided, *In re Global Crossing Ltd. Sec. Litig.* (313 F. Supp. 2d 189 (S.D.N.Y. 2003)) was decided. In connection with a motion to dismiss count XII in that case, the court had to address a troubling standing argument involving a secondary offering of common stock that represented only 5.5% of the total number of shares outstanding. 313 F. Supp. 2d at 206-8. After noting that the Second Circuit had not addressed the pleading requirements for Section 11 standing, the court concluded that count XII should be dismissed because plaintiffs had not alleged that any of the lead plaintiffs had purchased shares pursuant to, or traceable to, the secondary offering. *Id.* Based on the law at the time, the *Global Crossings* court observed that the pleading requirements required by the other courts that had addressed the issue were not elaborate and general allegations that a plaintiff purchased pursuant to, or traceable to, the false registration statement had been held sufficient so long as the plaintiffs had a good faith basis for believing their shares were or must have been issued pursuant to the offering. *Id.* Accordingly, the observation that the pleading did not need to be elaborate was *dicta* unnecessary to the holding that the count had to be dismissed because no plaintiff had alleged that he/she/it had purchased shares pursuant to, or traceable to, the secondary offering.

The main case followed by the *Global Crossings* court was *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 286 (3d Cir. 1992). In *Shapiro*, the Third Circuit held that a general allegation that plaintiff's shares were purchased pursuant to the offering was sufficient "[b]ecause we cannot

say that plaintiff can prove no set of facts that would entitle them to relief, the § 11 claim cannot be dismissed at this time." 964 F.2d at 286. The other cases cited by the *Global Crossings* court do not set forth any rationale for their holdings.

As noted above, *Twombly* set aside the "no set of facts" approach to evaluating the sufficiency of pleadings as a "phrase [that] is best forgotten" (550 U.S. at 563). Accordingly, *Global Crossing's* heavy reliance on *Shapiro*, a case decided under that "best forgotten approach," needs to be revisited. The need to revisit this pleading requirement in light of *Twombly* becomes even more obvious when it is noted that at least one court in the Third Circuit, where *Shapiro* was decided, has departed from *Shapiro* and concluded that plausible factual pleadings establishing tracing are necessary. *See De Vito v. Liquid Holdings Grp., Inc.*, 2018 U.S. Dist. LEXIS 217963 (D.N.J. 2018). In addition to the well-reasoned decision in *De Vito*, the Ninth and First Circuits also have concluded that *Twombly* requires more than a conclusory general allegation to satisfy the pleading requirements for standing under Section 11. *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013); *In re ARIAD Pharms Sec. Litig.* 842 F.3d 744, 755-56 (1st Cir. 2019).

The various cases Plaintiffs have identified with holdings similar to *Global Crossings* do not change the need to carefully re-examine the Section 11 pleading requirements for standing. As noted in Squar Milner's prior brief, and confirmed again after reading Plaintiffs' Omnibus Opposition, every single case Plaintiffs cite for this proposition either directly or indirectly relies on *Global Crossing* and the "best forgotten" analysis followed in *Shapiro*.

Once properly considered in accordance with *Twombly*, it is clear that Plaintiffs have not, and apparently cannot, plead facts plausibly establishing that any lead plaintiff can trace a purchase of Pareteum securities to the Secondary Offering. Plaintiffs' pleadings are limited to alleging that

Lead Plaintiff Moore supposedly can trace his shares to the Secondary Offering because he purchased shares on the day of the Secondary Offering (Omnibus Opp. at 50). However, there already were over 114 million shares in circulation prior to the Secondary Offering's introduction of another 18 million shares. According to his certification, Moore made 7 purchases on the date of the Secondary Offering amounting to just 15,000 shares. These paltry factual allegations do not push Moore's standing across the line from conceivable to plausible. Presented with a similar set of allegations, one court questioned whether the plaintiffs in that case had a good faith basis to even allege standing. *In re Puda Coal Sec. Inc. Litig.*, 2013 U.S Dist. LEXIS 142081, at *22-9.

Accordingly, for the reasons set forth above and in Squar Milner's prior brief, Count VI in Plaintiffs' Amended Complaint must be dismissed.

## II. Plaintiffs have not, and apparently cannot, plead facts sufficient to make Squar Milner's statements of opinion actionable under Section 11

"Under *Omnicare*, an auditor can be held liable for its audit opinion in only three circumstances: (1) if the auditor does not actually hold the stated opinion; (2) if the opinion contains an embedded statement of fact that is misleading; or (3) if the opinion omits a fact that makes the opinion misleading to an ordinary investor." *In re Am. Realty Capital Props., Inc. Litig.*, 2015 U.S. Dist. LEXIS 151966, *17 (S.D.N.Y. Nov. 6, 2015)(*citing Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Fund,* 575 U.S. 175 (2015)). While these "three circumstances" have been clearly set forth in the case law, Plaintiffs choose to muddle, mix and conflate these three distinct circumstances because they apparently cannot advance facts that satisfy the demanding requirements of *Omnicare*.

### 1. First circumstance: the auditor does not actually hold the stated opinion

When it comes to the first circumstance, plaintiffs want to have their cake and eat it too. On the one hand, Plaintiffs affirmatively allege that their Section 11 claim against Squar Milner is

4

based on negligence and does not sound in fraud (Amended Complaint at ¶ 207). Based on the affirmative allegation that their Section 11 claim does not sound in fraud, Plaintiffs argue in their Omnibus Opposition that their Section 11 claims are not subject to the heightened pleading standards for fraud (Omnibus Opp. at 42-3). On the other hand, Plaintiffs argue that they have adequately alleged that Squar Milner did not, in fact, honestly hold the opinions in their audit report (Omnibus Opp. at 47-8). To support that assertion, Plaintiffs point to Squar Milner's familiarity with Pareteum as the firm's audit client, and the Aurelius and Viceroy reports that came out between issuance of the audit opinion and the Secondary Offering (Omnibus Opp. at 47-8).

However, when the Supreme Court considered this first circumstance in *Omnicare*, the fact that the plaintiffs in that case explicitly disclaimed that any of their allegations sounded in fraud or deception led the Court to conclude that the plaintiffs did not contest that the defendant's opinion was honestly held. *Omnicare*, 575 U.S. at 186. Instead, the Court reasoned that the affirmative allegation that plaintiffs did not rely on fraud or deception necessarily meant that the plaintiffs were not alleging that the defendant did not honestly believe the opinion, but merely that the opinion turned out to be incorrect, which is not actionable. *Id.*

The same is true here. Plaintiffs in this case affirmatively have pleaded that they do not believe Squar Milner engaged in any fraud (Amended Complaint at ¶ 207). Accordingly, Plaintiffs have not alleged that Squar Milner did not honestly hold their opinions, but only that the firm's opinions turned out to be incorrect. As the Supreme Court concluded, that is not a permissible basis to hold a defendant responsible under Section 11 for a statement of opinion because it would be an impermissible "invitation to Monday morning quarterback [the auditor's] opinions." *Omnicare*, 575 U.S. at 186.

Even if Plaintiffs' affirmative pleading that they are not asserting fraud was not dispositive

5

of the first circumstance, the allegations Plaintiffs point to in paragraph 195 of the Amended Complaint (Omnibus Opp. at 47) would not establish a plausible basis to believe Squar Milner did not honestly believe the opinions in its audit report.[1] The only things identified as any basis to question whether Squar Milner honestly held the opinions in the audit report are (a) the growth of Pareteum's accounts receivable during the year 2018, (b) the information in the Aurelius and Viceroy reports, and (c) purported "red flags" about the reliability of Pareteum's 2018 financial statements (Amended Complaint at ¶ 195). However, to the extent there were any purported "red flags" prior to Squar Milner's issuance of the audit report, Plaintiffs do not identify what they were other than the growth in the accounts receivable balance. As for the growth of the accounts receivable, that growth clearly was consistent with what management was saying about the company, and Plaintiffs have not pointed to any reason for Squar Milner to question the accounts receivable prior to issuing the audit opinion. The growth in the accounts receivable only looks questionable with the benefit of hindsight, which is exactly the type of Monday morning quarterbacking *Omnicare* said is not permissible. *Omnicare*, 575 U.S. at 186.

Any other alleged "red flags" appear to relate to the period between issuance of the audit report and the Secondary Offering. However, Squar Milner's responsibility during the period between issuance of the audit opinion and the Secondary Offering was limited to a "reasonable investigation" (15 U.S.C. § 77k(b)(3)), which generally is limited to reading the prospectus and making inquiries of the officers and executives responsible for financial and accounting matters. PCAOB AS 4101: *Responsibilities Regarding Filings Under Federal Securities Statutes* at

---

[1] If Plaintiffs actually are contending that Squar Milner did not honestly hold the opinions in the audit report, which is a fraud theory, then the heightened pleading standards under Rule 9(b) would be applicable. *See Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004). In that case, Squar Milner would join in Parateum's arguments concerning the inadequacy of Plaintiffs' factual allegations (Pareteum Mem. of Law at 45-50, D.E. 181). However, it would seem Plaintiffs are precluded from taking this tact based on their own pleadings and arguments.

4101.10. Plaintiffs have alleged no facts indicating Squar Milner did not undertake the required reasonable investigation or that anything came to the firm's attention during that limited inquiry.

Based on the foregoing, it seems quite clear that Plaintiffs have not, and cannot, allege facts plausibly establishing that Squar Milner did not honestly hold the opinions in the audit report.

### 2. Second circumstance: an embedded statement of fact that is misleading

*Omnicare* uses the example of a company's CEO speaking about the quality of the TVs the CEO's company manufactures to explain the difference between the first and second circumstance of actionable opinions under Section 11. *Omnicare*, 575 U.S. at 183-6. The Court first distinguished between the CEO stating, "The TVs we manufacture have the highest resolution available on the market," with the alternative statement, "I *believe* the TVs we manufacture have the highest resolution available on the market." *Omnicare*, 575 U.S. at 183-4. The first statement is an actionable statement of fact (if it is false), while the second statement is a pure statement of opinion, which would only be actionable under Section 11 if the CEO knew her company's TVs did not have the highest resolution (i.e., the first circumstance). *Omnicare*, 575 U.S. at 183-6. The court then distinguished between the CEO stating, "I believe the TVs we manufacture have the highest resolution available on the market," with the statement, "I believe the TVs we manufacture have the highest resolution available on the market because we use a patented technology to which our competitors do not have access." *Omnicare*, 575 U.S. at 183-6. While the first statement is a pure statement of opinion, the second statement has an embedded statement of fact, which would be actionable if the embedded statement of fact—"we use a patented technology to which our competitors do not have access"—was false (i.e., second circumstance). *Omnicare*, 575 U.S. at 183-6.

7

Here, the audit opinion issued by Squar Milner in connection with Pareteum's 2017 and 2018 financial statements provides, in relevant part, "In our opinion, the consolidated financial statements present fairly, in all material respects, the financial position of the Company as of December 31, 2018 and 2017, and the results of its operations and its cash flows for the years then ended, in conformity with accounting principles generally accepted in the United States of America," and that "We believe that our audits provide a reasonable basis for our opinion" (Pareteum 2018 Form 10-K at 33, Larkin Declaration Exhibit B[2]).

There are three pure opinions in the audit report and nothing more. Squar Milner offers the opinion that the financial statements are fairly presented. Squar Milner offers the opinion that the financial statements are presented in conformity with U.S. generally accepted accounting principles. Squar Milner offer the opinion that it believes its audits provide a reasonable basis for the firm's opinion. There are no embedded facts. Squar Milner does not state that the financial statements are fairly presented "because" of anything other than its belief that the audit provided a reasonable basis for the opinion. In substance, Squar Milner's audit opinion is equivalent to the opinion in *Omnicare* that the company was complying with the law—it is a pure statement of opinion without any embedded facts. *Omnicare*, 575 U.S. at 186.

Nevertheless, Plaintiffs contend that there are embedded facts in Squar Milner's audit report opinions. Plaintiffs contend that the factual accuracy of the financial statements is implicitly embedded in Squar Milner's audit opinion despite the clear language to the contrary in the audit report. The audit report could not be clearer in stating that Squar Milner's responsibility was to express an opinion based on an audit conducted in accordance with PCAOB standards to obtain reasonable, but not absolute, assurance about whether the financial statements were free of material

---

[2] https://www.sec.gov/Archives/edgar/data/1084384/000114420419014694/tv515953_10k.htm

8

misstatement. The audit report also explicitly states that the financial statements are the responsibility of the Company's management. The language of the audit report directly rebuts Plaintiffs' contention.

To support their position, Plaintiffs cite *In re Petrobras Sec. Litig.* (2016 U.S. Dist. LEXIS 21036 (S.D.N.Y. Feb. 18, 2016)) for the proposition that the underlying financial statements are implicitly embedded in all audit reports. 2016 U.S. Dist. LEXIS 21036, at *15. However, the court's reasoning in *Petrobras* does not appear to be in line with the Supreme Court's reasoning in *Omnicare*. *See Johnson v. CBD Energy, Ltd.*, 2016 U.S. Dist. LEXIS 87174 (S.D. Tex. Jul. 6, 2016).

In *Johnson v. CBD Energy, Ltd.*, the court was asked to adopt the reasoning in *Petrobras* that the underlying financial statements are implicitly embedded in all independent auditor reports, but refused. The *Johnson* court noted that the underlying financial statements did not appear in the audit report and were not "embedded" in a subordinate clause in any of the auditor's sentences in the way the *Omnicare* Court set out. 2016 U.S. Dist. LEXIS 87174, *40-1.

Similarly, in *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.* (243 F. Supp. 3d 1109 (E.D. Cal. 2017)), the court also was asked to adopt the reasoning in *Petrobras* that the underlying financial statements are implicitly embedded in all independent auditor reports, but refused. The *Marrone Bio* court reasoned that, because the auditor did not use the facts in the financial statements to opine on something else, treating the financial statements as embedded facts would commit the very error *Omnicare* reversed—conflating facts and opinions. 243 F. Supp. 3d at 1118-19.

No court has followed the *Petrobras* court's holding that the underlying financial statements are implicitly embedded in an audit report, that holding does not appear to follow the

9

teachings of *Omnicare*, and the courts that have considered the reasoning in *Petrobras* have rejected it. Accordingly, it is respectfully submitted that *Petrobras* should not be followed and that Plaintiffs have not identified any embedded facts making the audit report's opinions actionable under Section 11.

### 3. Third circumstance: omitted facts make the opinion misleading

Plaintiffs argue that Squar Milner's audit report was misleading because it did not include a statement that Pareteum did not have adequate internal controls (Omnibus Opp. at 48). However, Plaintiffs quote the entirety of Squar Milner's "Opinion on the Internal Control Over Financial Reporting" at paragraph 192 of the Amended Complaint, which was included in Pareteum's 2018 Form 10-k at pages 71-2, and that report very clearly states that Squar Milner found material weaknesses in Pareteum's internal controls and that the weaknesses were considered in performing the audit. To assert that Squar Milner omitted this fact is simply wrong.

Plaintiffs then cite to this Court's August 5, 2016 Summary Order in *In re Am. Realty Capital Props.* (2016 U.S. Dist. LEXIS 196190 (S.D.N.Y. Aug. 5, 2016), seemingly for the proposition that Plaintiffs have adequately alleged the type of factual omission actionable in the third circumstance. However, the facts in *American Realty* were far different from the facts alleged here. In *American Realty*, the plaintiffs alleged that, in the period between issuance of the auditor's audit reports and the filing of the prospectus, the issuer's chief accounting officer explicitly told the auditors that the company was engaging in accounting improprieties and then that a different employee of the company also told the company's audit committee that there were ongoing accounting improprieties (15-mc-00040, D.E. 175, Second Amended Complaint at ¶ 66).

Here, Plaintiffs do not allege anything of the kind. There are no allegations that Squar Milner was told anything was amiss, or that any Pareteum employees, officers, directors or

10

committees possessed any information about improprieties that should have come to Squar Milner's attention. At most, Plaintiffs allege that there was unfavorable public information circulating between the issuance of Squar Milner's audit report and the date of the Secondary Offering, but this is nothing more than liability through hindsight. There are no factual allegations supporting any plausible inference that Squar Milner knew facts that were contrary to its opinions in the audit report and failed to disclose them.

Based on the foregoing, Plaintiffs have not, and cannot, allege facts sufficient to meet the stringent *Omnicare* standard for Section 11 liability premised on statements of opinion.

### III.   Squar Milner has established negative causation

For the reasons set forth in Squar Milner's prior brief, it is respectfully submitted that Squar Milner has sufficiently established negative causation and, therefore, the Amended Complaint should be dismissed.

### CONCLUSION

For all of the foregoing reasons, Defendant Squar Milner respectfully submits that Count XI in the Amended Complaint must be dismissed as alleged against Squar Milner.

Dated: September 3, 2020

                                               Respectfully submitted,

                                       Wilson Elser Moskowitz Edelman & Dicker LLP

                                               By: *Peter J. Larkin*
                                                   Peter J. Larkin
                                                   Thomas R. Manisero
                                                   Rebecca R. Gelozin
                                                   *Attorneys for Squar Milner LLP*
                                                   1133 Westchester Avenue
                                                   White Plains, New York 10604
                                                   (914) 323-7000

                                               Madison S. Spach, Jr.

                    Spach Capaldi & Waggaman LLP
*Attorneys for Squar Milner LLP*
4676 MacArthur Court
Suite 550
Newport Beach, California 92660
(949) 852-0710