**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| IN RE PARETEUM SECURITIES LITIGATION | Case No.: 19-CV-09767 (AKH) (GWG) |

**RESPONSE TO LEAD PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Individual Defendants*

The Individual Defendants respectfully submit this brief response to Lead Plaintiff's Notice of Supplemental Authority, filed September 18, 2020 (Dkt. #195), in order to contextualize and clarify the significance of the Second Circuit's July 13, 2020 opinion in *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165 (2d. Cir. 2020) ("*Newlink*").

Prior to *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015), different Circuits evaluated challenged statements of opinion differently under the securities laws. As articulated in *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011), the Second Circuit recognized that statements of belief or opinion could ground securities claims, but only where a plaintiff could establish both "objective" and "subjective" falsity—that is, the opinion had to be "both objectively false and disbelieved by the defendant at the time it was expressed." *Id.* at 110.

In *Omnicare*, the Supreme Court validated this approach in part, confirming that a pure statement of opinion is only *false* under the securities laws if it is not genuinely believed by the speaker.[1] 575 U.S. at 184-85. But *Omnicare* clarified that even a genuinely believed statement of opinion—like any other kind of statement—can nonetheless be *misleading* if, when considered in context, it creates a false impression in the mind of a reasonable investor. *Id.* at 187-94. The Court emphasized that such a showing is "no small task" for an investor: "An opinion statement . . . is not necessarily misleading when an issuer knows, but fails to disclose, some fact cutting the other way. . . . The investor must identify particular (and material) facts going to the basis for the issuer's opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have—whose omission makes the opinion statement at issue misleading to a reasonable person

---

[1] A statement of opinion that contains an "embedded statement[] of fact" may also be "false" to the extent that the embedded statement of fact is false. *Omnicare*, 575 U.S. at 185-86.

reading the statement fairly and in context." *Id.* at 189-90, 194.  This context includes not only the full statement being challenged and the context in which it was made, but also other statements made by the company, and other publicly available information, including the customs and practices of the relevant industry.  *Id.* at 190-91.

Thus, *Omnicare* did not overrule or undermine *Fait*'s analytical approach to distinguishing between fact and opinion statements, its conclusion that accounting treatments requiring subjective estimates or judgment calls can constitute statements of opinion, or its holding that subjective falsity is required for a pure opinion to be "false." *Omnicare* merely clarified that even an honestly held opinion can nonetheless be misleading when viewed in its full context.

Post-*Omnicare*, the Second Circuit has faithfully described and applied this standard. *See, e.g.*, *Tongue v. Sanofi*, 816 F.3d 199, 209-14 (2d Cir. 2016) (explaining *Omnicare*'s holding and how it modified *Fait*'s standard, and concluding that under *Omnicare* the challenged statements were not materially misleading in context); *accord City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615-19 (9th Cir. 2017) (describing and applying *Omnicare*'s standard, and holding that plaintiff failed to plead falsity with respect to any of the challenged statements of opinion). Contrary to Plaintiff's suggestion, *Newlink* is very much in line with these decisions: it accurately articulates the standard for pleading a false or misleading statement of opinion under *Omnicare*, and it concludes that a jury could find that certain of the challenged opinion statements in that action *in their full factual context* were materially misleading.[2]

---

[2] Interestingly, *Newlink* does not cite *Sanofi*—the Second Circuit's first and foremost decision interpreting and applying *Omnicare*—even though its description of the *Omnicare* framework is consistent with *Sanofi*'s.

2

Inevitably, even the high pleading standard set forth in *Omnicare* will be met in some cases. *Newlink* is such a case; the instant action, however, is not. For the many reasons discussed in Defendants' briefing, Plaintiffs here have not pleaded any facts suggesting that any of the challenged statements of opinion were false or misleading to a reasonable investor in context. This is fatal to their claims under *Omnicare*, and nothing in *Newlink* suggests otherwise.

Dated:  October 1, 2020                                     Respectfully submitted,


                                                           BAKER & HOSTETLER LLP


                                                           By:    s/ Douglas W. Greene
                                                                  Douglas W. Greene (*pro hac vice*)
                                                                  dgreene@bakerlaw.com
                                                                  Genevieve York-Erwin
                                                                  gyorkerwin@gmail.com
                                                                  Chardaie Charlemagne
                                                                  ccharlemagne@bakerlaw.com
                                                                  45 Rockefeller Plaza
                                                                  New York, NY 10111
                                                                  Telephone: 212.589.4200

                                                           *Attorneys for the Individual Defendants*