**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **X**
                                     :

IN RE PARETEUM SECURITIES       :
LITIGATION                       :          Case No. 1:19-cv-09767-AKH-GWG
                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
                                     **X**

**RESPONSE TO LEAD PLAINTIFF PARETEUM SHAREHOLDER**
**INVESTMENT GROUP'S NOTICE OF SUPPLEMENTAL AUTHORITY**

**MCGUIREWOODS LLP**

1251 Avenue of the Americas
20th Floor
New York, NY 10020
Telephone: (212) 548-2100
Facsimile: (212) 548-2150

*Counsel for Defendant Pareteum Corporation*

Contrary to Lead Plaintiff Pareteum Shareholder Investment Group's suggestion in its Notice of Supplemental Authority (ECF 195), *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165 (2d Cir. 2020) does not change the analysis in this case. But if it did, it would only confirm why the pending Motions to Dismiss (ECF 175, 177, 180) should be granted.

As an initial matter, PSIG's submission is untimely. *Newlink* was decided on July 13, 2020, more than six weeks before PSIG filed its Opposition to the Motions to Dismiss. (ECF 185 (Aug. 27, 2020).) PSIG's counsel was also counsel for the plaintiff/appellant in *Newlink* and thus has no excuse for omitting the case from PSIG's Opposition.

More to the point, *Newlink* adds nothing new to the Court's analysis. That opinion merely repeats *Omnicare Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015), in explaining that certain opinions may be actionable whether or not the speaker subjectively disbelieved the statements. *Newlink*, 965 F.3d at 175-76 (citing *Omnicare* extensively). And both Defendants and PSIG already cited *Omnicare* often in their respective memoranda. (ECF 181 at 38; ECF 185 at 30, 31, 34, 35; ECF 187 at 4, 5 n.4, 7.)[1] *Newlink* does not change the existing arguments, and PSIG does not contend otherwise.

Finally, *Newlink* actually supports dismissal. The Second Circuit barred the plaintiffs in that case from bringing claims relating to three years of alleged false statements because those statements were classic examples of corporate optimism. *Newlink*, 965 at 173-74. The same rationale applies to the Alleged Misstatements here, like statements about growth. (ECF 181 at 38-41.) Moreover, the Second Circuit pointed out that statements made during the three-year period were actually true, further supporting dismissal. *Newlink*, 965 at 174. In the same way,

---

[1] ECF citations refer to the page number at the bottom of document.

1

Alleged Misstatements about Pareteum's growth (for example) are actually true.  (ECF 191 at 5, 8, 18, 28.)  In short, *Newlink* only confirms the grounds for dismissal presented in the Motions to Dismiss.

Dated: New York, New York
        October 2, 2020

**MCGUIREWOODS LLP**

*/s/ Stephen G. Foresta*
Stephen G. Foresta
Jeffrey J. Chapman
McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020
Telephone: (212) 548-7060
Facsimile: (212) 715-6277
Email: sforesta@mcguirewoods.com
        jchapman@mcguirewoods.com
*Counsel for Defendant Pareteum
Corporation*

To: All counsel of record (Via ECF)

2