**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                 :
IN RE PARETEUM SECURITIES                                        :
LITIGATION                                                       :       Case No. 1:19-cv-09767-AKH-GWG
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
                                                                 X

**DEFENDANT PARETEUM CORPORATION'S**
**ANSWER TO THE FIRST AMENDED CONSOLIDATED COMPLAINT**

Defendant Pareteum Corporation ("Pareteum"), by counsel, submits this Answer to the First Amended Consolidated Complaint ("FACC") (Doc. 168) filed by Lead Plaintiff Pareteum Shareholder Investor Group on behalf of itself and a putative class of similarly situated persons.

Except as otherwise expressly stated, Pareteum denies every allegation contained in each paragraph of the FACC, including all headings, subheadings, subparagraphs, subparts, footnotes, and the table of contents; specifically denies any liability to Lead Plaintiff and any members of the putative class that Lead Plaintiff purports to represent; and denies that any of the claims asserted against Pareteum may properly be maintained as a class action. Whenever any paragraph of this Answer states that no response to an allegation is required, to the extent a response is required, Pareteum denies the allegation. This statement is incorporated in each of the specific responses below as if stated fully therein.

As to the unnumbered paragraph preceding Lead Plaintiff's "Summary of Claims," Pareteum states that it does not contain assertions of fact, and, consequently, no response is required. To the extent a response is required, all such allegations are denied.

As to the specific paragraphs of the FACC, Pareteum responds based upon knowledge with respect to itself and its own acts and on information and belief with respect to all other matters as follows:

1.      Pareteum admits Lead Plaintiff purports to bring this action on behalf of a class of persons and entities who purchased and/or acquired Pareteum securities for the alleged violations asserted in Paragraph 1 of the FACC, and denies the remaining allegations.

2.      Pareteum admits that Lead Plaintiff purports to assert the claims listed in Paragraph 2 of the FACC.  The remainder of the allegations contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 2 of the FACC.

3.      Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 3 of the FACC.

4.      Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 4 of the FACC.

5.      Pareteum is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the FACC and attached certifications related to Lead Plaintiff and, therefore, those allegations are denied.

6.      Pareteum admits that it is a telecommunications software services provider that targets Mobile Virtual Network Operators ("MVNOs"), which provide wireless communications but do not own network infrastructure or make their own software, instead renting bandwidth from network operators and purchasing software from companies like Pareteum.  Pareteum states that its historical stock data and address are matters of public record, which speak for themselves.

7.    Pareteum admits that Turner served as Executive Chairman of Pareteum's Board of Directors, Principal Executive Officer, and Chief Executive Officer during the time periods asserted.  Pareteum further admits that Turner was terminated on or about November 25, 2019. The remaining allegations in Paragraph 7 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 7 of the FACC.

8.    Pareteum admits that O'Donnell served as Pareteum's Chief Financial Officer during the time period asserted.  Pareteum further admits that O'Donnell was removed from that position in November 2019 pending a review of his status with the company.  The remaining allegations in Paragraph 8 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 8 of the FACC.

9.    Pareteum admits that Bozzo served as Pareteum's Chief Executive Officer and Chief Commercial Officer during the time period asserted.  The remaining allegations in Paragraph 9 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 9 of the FACC.

10.    Pareteum admits that McCarthy served as Pareteum's President and Chief Operating Officer during the time period asserted Pareteum further admits that McCarthy was terminated on or about October 9, 2019.  The remaining allegations in Paragraph 10 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 10 of the FACC.

11.    Pareteum admits that it was previously known as Elephant Talk Communications Corporation, and that Turner and Payne were employed in the positions asserted in the Paragraph

11 at the times asserted in the Paragraph 11.  Pareteum also admits that Bozzo, O'Donnell, and McCarthy were employed in the positions asserted in Paragraph 11 at the times asserted in Paragraph 11.  Pareteum denies the remaining allegations in Paragraph 11 of the FACC.

12.    Pareteum admits that it used the Backlog metric to aid in evaluating revenue, from before the purported Class Period in this case through August 2019.  Pareteum states that the quoted statements in Paragraph 12 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those statements, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 12 of the FACC.

13.    Pareteum states that its reported revenues and Backlog value are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those statements, Pareteum denies those allegations.  Pareteum states that its historical stock price data is a matter of public record, which speaks for itself.  Pareteum denies the remaining allegations in Paragraph 13 of the FACC.

14.    Pareteum denies the allegations in Paragraph 14 of the FACC.

15.    Pareteum states that its historical stock price data is a matter of public record, which speaks for itself.  Pareteum states that the quoted statements in Paragraph 15 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those statements, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 15 of the FACC.

16.    Pareteum states that its historical stock price data is a matter of public record, which speaks for itself.  Pareteum states that the quoted statements and press releases in Paragraph 16 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph

mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 16 of the FACC.

17.    Pareteum states that its 1Q18 results are a matter of public record, which speaks for itself. Pareteum states that the quoted statements in Paragraph 17 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

18.    Pareteum states that its historical stock price data and stock sales are a matter of public record, which speaks for itself. Pareteum states that the announcement in Paragraph 18 of the FACC is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 18 of the FACC.

19.    Pareteum states that the press releases identified in Paragraph 19 of the FACC are publicly available and speak for themselves. Pareteum states that its 2Q18 results are a matter of public record, which speaks for itself. Pareteum states that the announcement in Paragraph 19 of the FACC is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 19 of the FACC.

20.    Pareteum states that the press releases identified in Paragraph 20 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations. The second and third sentences of Paragraph 20 of the FACC do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations in

the second and third sentences of Paragraph 20 of the FACC. Pareteum denies the remaining allegations in Paragraph 20 of the FACC.

21.    Pareteum states that its 3Q18 results are a matter of public record, which speaks for itself. Pareteum states that the announcements in Paragraph 21 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 21 of the FACC.

22.    Pareteum admits that it completed its acquisition of Artilium on or around October 1, 2018. Pareteum admits that it agreed on or around November 12, 2018 to acquire iPass. Pareteum states that the quoted statements in Paragraph 22 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those statements, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 22 of the FACC.

23.    Pareteum admits that it secured the Credit Facility on or around February 26, 2019. Pareteum denies the remaining allegations in Paragraph 23 of the FACC.

24.    Pareteum states that its 4Q18 and FY18 results are matters of public record, which speak for themselves. Pareteum states that the announcements in Paragraph 24 of the FACC are publicly available and speak for themselves. Pareteum states that its historical stock price data and stock sales are a matter of public record, which speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 24 of the FACC.

25.     Pareteum states that the press releases identified in Paragraph 25 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

26.     Pareteum states that its 1Q19 results are a matter of public record, which speaks for itself.  Pareteum states that the announcements in Paragraph 26 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

27.     Pareteum admits that it acquired Devicescape on or around May 8, 2019.  Pareteum denies the remaining allegations in Paragraph 27 of the FACC.

28.     Pareteum admits that the Aurelius Report was published on or about June 7, 2019 and states that the Aurelius Report is publicly available and speaks for itself.  To the extent this Paragraph assumes the truth of the contents of the Aurelius Report, Pareteum denies those allegations.

29.     Pareteum states that the Aurelius Report is publicly available and speaks for itself.  To the extent this Paragraph assumes the truth of the contents of the Aurelius Report, Pareteum denies those allegations.

30.     Pareteum states that its historical stock price data and stock sales are a matter of public record, which speaks for itself.  Pareteum denies the remaining allegations in Paragraph 30 of the FACC.

31.     Pareteum states that the announcement in Paragraph 31 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.  Pareteum states that its

historical stock price data and stock sales are a matter of public record, which speaks for itself. Pareteum denies the remaining allegations in Paragraph 31 of the FACC.

32.     Pareteum admits that the Viceroy Report was published on or about June 26, 2019 and states that the Viceroy Report is publicly available and speaks for itself.  To the extent this Paragraph assumes the truth of the contents of the Viceroy Report, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 32 of the FACC.

33.     Pareteum states that the Viceroy Report is publicly available and speaks for itself. To the extent this Paragraph assumes the truth of the contents of the Viceroy Report, Pareteum denies those allegations.

34.     Pareteum states that the Viceroy Report is publicly available and speaks for itself. To the extent this Paragraph assumes the truth of the contents of the Viceroy Report, Pareteum denies those allegations.  Pareteum states that its historical stock price data and stock sales are a matter of public record, which speaks for itself.

35.     Pareteum states that the announcements in Paragraph 35 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those announcements, Pareteum denies those allegations.  Pareteum further states that its historical stock price data and stock sales are a matter of public record, which speaks for itself.  Pareteum denies the remaining allegations in Paragraph 35 of the FACC.

36.     Pareteum states that the press releases identified in Paragraph 36 of the FACC are publicly available and speak for themselves.  Pareteum states that the announcements in Paragraph 36 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 36 of the FACC.

37.     Pareteum states that the waiver identified in Paragraph 37 of the FACC speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of the waiver, Pareteum denies those allegations.

38.     Pareteum admits that it issued 750,000 shares of stock to Post Road Group. Pareteum states that its historical stock price data and stock sales are a matter of public record, which speaks for itself.  Pareteum states that the announcements in Paragraph 38 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

39.     Pareteum admits that on September 20, 2019 it announced a $40 million Secondary Offering of stock and warrants.  Pareteum states that its historical stock price data and stock sales are a matter of public record, which speaks for itself.  Pareteum denies the remaining allegations in Paragraph 39 of the FACC.

40.     Pareteum admits that on October 21, 2019, it issued the Restatement Release, a publicly available document that speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.  Pareteum states that its historical stock price data and stock sales are a matter of public record, which speaks for itself.  Pareteum denies the remaining allegations in Paragraph 40 of the FACC.

41.     Pareteum states that the announcements in Paragraph 41 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 41 of the FACC.

42.     Pareteum states that the press release identified in Paragraph 42 of the FACC is publicly available and speaks for itself.  Pareteum states that its 1Q18 results and 1Q18 10-Q are

a matters of public record, which speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

43. Pareteum states that the press release identified in Paragraph 43 of the FACC is publicly available and speaks for itself. Pareteum states that its 2Q18 results and 2Q18 10-Q are a matters of public record, which speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

44. Pareteum states that the press release identified in Paragraph 44 of the FACC is publicly available and speaks for itself. Pareteum states that its 3Q18 results and 3Q18 10-Q are a matters of public record, which speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

45. Pareteum states that the press release identified in Paragraph 45 of the FACC is publicly available and speaks for itself. Pareteum states that its 4Q18 and FY18 results and 4Q18 10-Q and FY18 10-K are a matters of public record, which speak for themselves. Pareteum states that the announcement in Paragraph 45 of the FACC is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

46. Pareteum states that the press release identified in Paragraph 46 of the FACC is publicly available and speaks for itself. Pareteum states that its 1Q19 results and 1Q19 10-Q are a matters of public record, which speak for themselves. To the extent this Paragraph

mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

47. Pareteum states that the press release identified in Paragraph 47 of the FACC is publicly available and speaks for itself. Pareteum states that its 2Q19 results and 2Q19 10-Q are a matters of public record, which speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

48. Pareteum states that its public filings speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

49. Pareteum states that the Restatement Release is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations. The remaining allegations in Paragraph 49 contain legal conclusions to which no response is required. To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 49 of the FACC.

50. Pareteum states that the Aurelius and Viceroy Reports are publicly available and speak for themselves. To the extent this Paragraph assumes the truth of the contents of the Aurelius and Viceroy Reports, Pareteum denies those allegations. Pareteum states that the announcements in Paragraph 50 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

51. Pareteum states that the allegations in Paragraph 51 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Pareteum denies the allegations in Paragraph 51 of the FACC.

52. Pareteum states that the announcement in Paragraph 52 of the FACC is publicly available and speaks for itself. Pareteum states that its 1Q18 10-Q is a matter of public record, which speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

53. Pareteum states that its 2Q18, 3Q18, 1Q19, and 2Q19 10-Qs and FY18 10-K are matters of public record, which speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

54. Pareteum states that its 1Q18, 2Q18, 3Q18, 1Q19, and 2Q19 10-Qs and FY18 10-K are matters of public record, which speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

55. Pareteum states that the allegations in Paragraph 55 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Pareteum denies the allegations in Paragraph 55 of the FACC.

56. Pareteum states that its 1Q18, 2Q18, and 3Q18 10-Qs are matters of public record, which speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

57. Pareteum states that its 1Q18, 2Q18, 3Q18, 1Q19, and 2Q19 10-Qs and FY18 10-K are matters of public record, which speak for themselves. To the extent this Paragraph

mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

58. Pareteum states that the allegations in Paragraph 58 contain characterizations and/or conclusions of law that do not require a response. Pareteum states that the Restatement Release is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 58 of the FACC.

59. Pareteum states that its FY18 10-K is a matter of public record, which speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 59 of the FACC.

60. Pareteum states that the allegations in Paragraph 60 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Pareteum denies the allegations in Paragraph 60 of the FACC.

61. Pareteum states that its FY18 10-K is a matter of public record, which speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

62. Pareteum states that the announcement in Paragraph 62 of the FACC is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 62 of the FACC.

63.     Pareteum states that its FY18 10-K is a matter of public record, which speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

64.     Pareteum states that its FY18 10-K and the portion of Squar Milner's opinion are matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

65.     Pareteum states that its FY18 10-K is a matter of public record, which speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

66.     Pareteum states that its 1Q19 and 2Q19 10-Qs are matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.

67.     Pareteum states that its FY18 10-K, 1Q19 10-Q, and 2Q19 10-Q are matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.

68.     Pareteum states that the allegations in Paragraph 68 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 68 of the FACC.

69.     Pareteum states that the announcements in Paragraph 69 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 69 of the Complaint.

70.    Pareteum denies the allegations in Paragraph 70 of the FACC.

71.    Pareteum states that the announcements in Paragraph 71 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.  Pareteum states that the allegations in Paragraph 71 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 71 of the FACC.

72.    Pareteum states that the press release identified in Paragraph 72 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

73.    Pareteum states that the allegations in Paragraph 73 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 73 of the FACC.

74.    Pareteum states that the Aurelius and Viceroy Reports are publicly available and speak for themselves.  To the extent this Paragraph assumes the truth of the contents of the Aurelius and Viceroy Reports, Pareteum denies those allegations.  Pareteum is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 of the FACC related to what "investigators found" or what "counsel's investigation has confirmed" and, therefore, those allegations are denied.  Pareteum denies the remaining allegations in Paragraph 74 of the Complaint.

75.    Pareteum states that the Viceroy Report is publicly available and speaks for itself.  To the extent this Paragraph assumes the truth of the contents of the Viceroy Report, Pareteum denies those allegations.  Pareteum is without knowledge or information sufficient to form a belief

as to the allegations in Paragraph 75 of the FACC related to what was "confirmed through undersigned counsel's investigation" and, therefore, those allegations are denied.

76.     Pareteum denies the allegations in Paragraph 76 of the FACC.

77.     Pareteum states that the press release identified in Paragraph 77 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

78.     Pareteum states that the allegations in Paragraph 78 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 78 of the Complaint.  Pareteum is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 78 of the FACC related to what "Lead Plaintiff's investigation confirmed" and, therefore, those allegations are denied.

79.     Pareteum states that the Viceroy Report and Parallax Health Services' 10-K are publicly available and speak for themselves.  To the extent this Paragraph assumes the truth of the contents of the Viceroy Report, Pareteum denies those allegations.  To the extent this Paragraph mischaracterizes or conflicts with the contents of Parallax's 10-K, Pareteum denies those allegations.  Pareteum is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 of the FACC related to what "Lead Plaintiff's investigation confirmed" and, therefore, those allegations are denied.  Pareteum denies the remaining allegations in Paragraph 79 of the FACC.

80.     Pareteum states that the Aurelius and Viceroy Reports are publicly available and speak for themselves.  To the extent this Paragraph assumes the truth of the contents of the Aurelius and Viceroy Reports, Pareteum denies those allegations.  Pareteum is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 80 of the FACC related to

what was "confirmed by Lead Plaintiff's investigation" and, therefore, those allegations are denied.

81.     Pareteum states that the press release identified in Paragraph 81 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

82.     Pareteum states that the allegations in Paragraph 82 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 82 of the FACC.

83.     Pareteum states that the Aurelius and Viceroy Reports are publicly available and speak for themselves.  To the extent this Paragraph assumes the truth of the contents of the Aurelius and Viceroy Reports, Pareteum denies those allegations.  Pareteum is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 83 of the FACC related to what "Lead Plaintiff's independent investigation confirmed" and, therefore, those allegations are denied.  .

84.     Pareteum states that its reported 1H19 revenue is publicly available and speaks for itself.  The remaining allegations in Paragraph 84 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 84 of the FACC.

85.     Pareteum states that the press releases identified in Paragraph 85 of the FACC are publicly available and speak for themselves.  Pareteum states that the Aurelius and Viceroy Reports are publicly available and speak for themselves.  To the extent this Paragraph assumes the truth of the contents of the Aurelius and Viceroy Reports, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 85 of the FACC.

86.     Pareteum states that the press releases and earnings call identified in Paragraph 86 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 86 of the FACC.

87.     Pareteum denies the allegations in Paragraph 87 of the FACC.

88.     Pareteum denies the allegations in Paragraph 88 of the FACC.

89.     Pareteum states that the press release identified in Paragraph 89 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

90.     Pareteum states that the press release identified in Paragraph 90 of the FACC is publicly available and speaks for itself.  Pareteum states that the announcement in Paragraph 90 is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.

91.     Pareteum states that the press release and earnings call statement identified in Paragraph 91 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.

92.     Pareteum states that the press release and earnings call statement identified in Paragraph 92 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.

93. The allegations in Paragraph 93 contain legal conclusions to which no response is required. To the extent a response is required, Pareteum denies the allegations in Paragraph 93 of the FACC.

94. Pareteum states that its reported FY18 and 1H19 revenues are publicly available and speak for themselves. Pareteum states that the Restatement Release is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 94 of the FACC.

95. Pareteum states that its reported accounts receivable between 1Q18 and 2Q19 and reported revenues between FY18 and 1H19 are publicly available and speak for themselves. Pareteum denies the remaining allegations in Paragraph 95 of the FACC.

96. Pareteum states that the Aurelius and Viceroy Reports and Seeking Alpha article are publicly available and speak for themselves. To the extent this Paragraph assumes the truth of the contents of the Aurelius and Viceroy Reports, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 96 of the FACC.

97. Pareteum states that the announcement in Paragraph 97 of the FACC is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 97 of the FACC.

98. Pareteum admits that it secured the Credit Facility from Post Road Group. Pareteum denies the remaining allegations in Paragraph 98 of the FACC.

99.    Pareteum states that the press release identified in Paragraph 99 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.

100.    Pareteum states that its 1Q19 10-Q[1] and FY18 10-K are matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.

101.    Pareteum states that the press release identified in Paragraph 101 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.

102.    Pareteum states that earnings call statement identified in Paragraph 102 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 102 of the FACC.

103.    The allegations in Paragraph 103 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 103 of the FACC.

104.    Pareteum denies the allegations in Paragraph 104 of the FACC.

105.    Pareteum states that the press release identified in Paragraph 105 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

---

[1] The FACC attributes the statement quoted in Paragraph 100 to Pareteum's "FQ18," which Pareteum assumes to be its 1Q19 10-Q.

106.    Pareteum states that the press release identified in Paragraph 106 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

107.    Pareteum states that the press release identified in Paragraph 107 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

108.    Pareteum states that the press release identified in Paragraph 108 of the FACC is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

109.    Pareteum states that the press release identified in Paragraph 109 of the FACC is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

110.    Pareteum states that the earnings call statement identified in Paragraph 110 of the FACC is publicly available and speaks for itself. To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

111.    Pareteum states that the earnings call statement identified in Paragraph 111 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

112.    Pareteum states that its reported 1Q18, 2Q18, 3Q18, 4Q18, FY18, and 1Q19 revenues are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 112 of the FACC.

113.   The allegations in Paragraph 113 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 113 of the FACC.

114.   Pareteum states that the Aurelius and Viceroy Reports are publicly available and speak for themselves.  To the extent this Paragraph assumes the truth of the contents of the Aurelius and Viceroy Reports, Pareteum denies those allegations

115.   Pareteum states that the announcement in Paragraph 115 of the FACC is publicly available and speaks for itself.  Pareteum states that the press release identified in Paragraph 115 of the FACC is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.

116.   The allegations in Paragraph 116 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 116 of the FACC.

117.   Pareteum states that its 10-Q and 10-K filings are publicly available and speak for themselves.  Pareteum states that the Restatement Release is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communication, Pareteum denies those allegations.  The remaining allegations in Paragraph 117 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 117 of the FACC.

118.   Pareteum denies the allegations in Paragraph 118 of the FACC.

119.    Pareteum admits that it had a Long-Term Incentive Compensation Plan in place and that Bozzo, O'Donnell, Tuner, and McCarthy were awarded options and/or stock under this plan.  Pareteum denies the remaining allegations in Paragraph 119 of the FACC.

120.    Pareteum admits that Turner's 2018 compensation from Pareteum was $5,281,843. Pareteum denies the remaining allegations in Paragraph 120 of the FACC.

121.    Pareteum admits that it entered into the $50 Credit Facility from Post Road Group and issued shares to obtain additional financing.  Pareteum admits that on August 23, 2019 it reported that it announced a sale of up to 1,311,439 shares to settle balances due to two providers of investment banking services and one provider of software development services.  Pareteum admits that it announced the pricing of the $40 million Secondary Offering on September 20, 2019. Pareteum denies the remaining allegations in Paragraph 121 of the FACC.

122.    Pareteum states that the announcements in Paragraph 122 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 122 of the FACC.

123.    Pareteum states that the announcements in Paragraph 123 of the FACC are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 123 of the FACC.

124.    Pareteum states that the allegations in the first and last sentences of Paragraph 124 do not concern Pareteum and therefore no response is required.  Pareteum states that the Viceroy Report is publicly available and speaks for itself.  To the extent this Paragraph assumes the truth

of the contents of the Viceroy Report, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 124 of the FACC.

125.    Pareteum states that the allegations in Paragraph 125 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 125 of the FACC.

126.    Pareteum states that the allegations in Paragraph 126 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 126 of the FACC.

127.    Pareteum states that the allegations in Paragraph 127 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 127 of the FACC.

128.    Pareteum states that the allegations in Paragraph 128 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 128 of the FACC.

129.    Pareteum states that the allegations in Paragraph 129 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 129 of the FACC.

130.    Pareteum states that the allegations in Paragraph 130 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 130 of the FACC.

131.    Pareteum states that the allegations in Paragraph 131 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 131 of the FACC.

132. Pareteum admits that DJSI was Pareteum's placement agent and underwriter for the Secondary Offering and that Squar Milner was Pareteum's auditor. Pareteum states that the remaining allegations in Paragraph 132 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations in Paragraph 132 of the FACC.

133. Pareteum states that the announcements in Paragraph 133 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 133 of the FACC.

134. Pareteum denies the allegations in Paragraph 134 of the FACC.

135. Pareteum denies the allegations in Paragraph 135 of the FACC.

136. Pareteum states that the announcements in Paragraph 136 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 136 of the FACC.

137. Pareteum states that the allegations in the first sentence of Paragraph 137 contain legal conclusions for which no response is required. To the extent a response is required, Pareteum denies the allegations. Pareteum states that the press releases identified in Paragraph 137 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations. Pareteum states that the remaining allegations in Paragraph 137 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations in Paragraph 137 of the FACC.

138.     Pareteum denies the allegations in Paragraph 138 of the FACC.

139.     Pareteum admits that it hosted an Investor Day on May 28, 2019.  Pareteum denies allegations that its presentation and related materials contained double counting or non-existent customers.  Pareteum states that the Viceroy Report is publicly available and speaks for itself.  To the extent this Paragraph assumes the truth of the contents of the Viceroy Report, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 139 of the FACC.

140.     Pareteum denies the allegations in Paragraph 140.

141.     Pareteum denies the allegations in Paragraph 141.

142.     Pareteum states that the statements in Paragraph 142 are publicly available and speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of these communications, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 142.

143.     Pareteum states that its SEC filings are a matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 143 of the FACC.

144.     Pareteum states that the allegations in Paragraph 144 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 144.

145.     Pareteum states that the allegations in Paragraph 145 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 145.  Pareteum states that the allegations in Paragraph 145 contain characterizations and/or conclusions of law that do not require a response.  To the

extent a response is required, Pareteum denies the allegations in Paragraph 145. Pareteum states that its SEC filings are a matters of public record, which speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 145 of the FACC.

146.    Pareteum denies the allegations in Paragraph 146 of the FACC.

147.    Pareteum states that its historical stock price data is a matter of public record, which speaks for itself. Pareteum states that the quoted statements in Paragraph 147 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those statements, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 147 of the FACC.

148.    Pareteum states that its historical stock price data and revenues are matters of public record, which speak for themselves. Pareteum states that the quoted statements in Paragraph 148 of the FACC are publicly available and speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those statements, Pareteum denies those allegations. Pareteum denies the remaining allegations in Paragraph 148 of the FACC.

149.    Pareteum states that its historical stock price data is a matter of public record, which speaks for itself. Pareteum admits it issued the Restatement Release. Pareteum denies the remaining allegations in Paragraph 149.

150.    Pareteum denies the allegations in Paragraph 150 of the FACC.

151.    Pareteum states that its historical stock price data is a matter of public record, which speaks for itself. Pareteum denies the remaining allegations in Paragraph 151.

152.    Pareteum denies the allegations in Paragraph 152 of the FACC.

153.    Pareteum denies the allegations in Paragraph 153 of the FACC.

154.    Pareteum denies the allegations in Paragraph 154 of the FACC.

155.    Pareteum denies the allegations in Paragraph 155 of the FACC.

156.    Pareteum incorporates herein by reference each response set forth above and in Paragraphs 216-21 below.

157.    Pareteum denies the allegations in Paragraph 157 of the FACC.

158.    Pareteum denies the allegations in Paragraph 158 of the FACC.

159.    Pareteum denies the allegations in Paragraph 159 of the FACC.

160.    Pareteum denies the allegations in Paragraph 160 of the FACC.

161.    Pareteum states that the allegations in Paragraph 161 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum otherwise denies the allegations in Paragraph 161 of the FACC.

162.    Pareteum denies the allegations in Paragraph 162 of the FACC.

163.    Pareteum denies the allegations in Paragraph 163 of the FACC.

164.    Pareteum denies the allegations that it made misrepresentations or omissions. Pareteum states that the remaining allegations in Paragraph 164 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 164 of the FACC.

165.    Pareteum denies the allegations in Paragraph 165 of the FACC.

166.    Pareteum denies the allegations in Paragraph 166 of the FACC.

167.    Pareteum incorporates herein by reference each response set forth above and in Paragraphs 216-21 below.

168.    Pareteum states that its press releases, statements, and quarterly and yearly SEC filings are a matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 168 of the FACC.

169.    Pareteum denies the allegations in Paragraph 169 of the FACC.

170.    Pareteum incorporates herein by reference each response set forth above in Paragraphs ¶¶ 1-4.  With respect to the remaining allegations in Paragraph 170, Pareteum is without knowledge or information sufficient to form a belief as to those allegations and, therefore, those allegations are denied.

171.    Pareteum is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 171 of the FACC related to Lead Plaintiff and, therefore, those allegations are denied.

172.    Pareteum admits the allegations in Paragraph 172 of the FACC.

173.    Pareteum admits that Turner served as Executive Chairman of Pareteum's Board of Directors, Principal Executive Officer, and Chief Executive Officer during the time periods asserted.  Pareteum denies the remaining allegations in Paragraph 173 of the FACC.

174.    Pareteum admits that O'Donnell served as Pareteum's Chief Financial Officer during the time period asserted.  Pareteum denies the remaining allegations in Paragraph 174 of the FACC.

175.    Pareteum admits that Bozzo served as Pareteum's Chief Executive Officer and Chief Commercial Officer during the time period asserted.  Pareteum denies the remaining allegations in Paragraph 175 of the FACC.

176.    Pareteum admits that DJSI was Pareteum's placement agent and underwriter for the Secondary Offering. Pareteum states that the remaining allegations in Paragraph 176 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations in Paragraph 176 of the FACC.

177.    Pareteum admits that Squar Milner was Pareteum's auditor during the time period specified. Pareteum states that the remaining allegations in Paragraph 177 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations in Paragraph 177 of the FACC.

178.    Pareteum admits that on November 12, 2018 it announced that it entered into an agreement to acquire iPass in a stock-based acquisition valued at approximately $30 million, and that it offered 1.17 shares of Pareteum common stock in exchange for each share of iPass common stock tendered. Pareteum admits that the tender offer closed on February 12, 2019 and that it issued 9,865,412 common shares to former iPass shareholders and 705,000 shares to iPass employees. Pareteum admits that these events occurred during the purported Class Period, but denies that class certification in this case is appropriate. With respect to the allegations in the last sentence of Paragraph 178 of the FACC, Pareteum is without knowledge or information sufficient to form a belief as to those allegations. Therefore, it denies those allegations. Pareteum denies the remaining allegations in Paragraph 178 of the FACC.

179.    Pareteum states that its SEC filings are a matters of public record, which speak for themselves. To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

180.   Pareteum states that its SEC filings are a matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

181.   Pareteum states that the Restatement Release is publicly available and speaks for itself.   To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 181 of the FACC.

182.   Pareteum states that its SEC filings are a matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.  The remainder of the allegations contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 182 of the FACC. Pareteum denies the remaining allegations in Paragraph 182 of the FACC.

183.   Pareteum denies the allegations in Paragraph 183 of the FACC.

184.   Pareteum admits the allegations in Paragraph 184 of the FACC, and admits that these events occurred during the purported Class Period, but denies that class certification in this case is appropriate.

185.   Pareteum states that its SEC filings are a matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

186.   With respect to the allegations related to Lead Plaintiff member Moore in Paragraph 186 of the FACC, Pareteum is without knowledge or information sufficient to form a belief as to those allegations.  Therefore, it denies those allegations.  Pareteum states that its historical stock

price data is a matter of public record, which speaks for itself.  Pareteum denies the remaining allegations in Paragraph 186.

187.    Pareteum states that its SEC filings are a matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

188.    Pareteum states that the Restatement Release is publicly available and speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 188 of the FACC.

189.    Pareteum denies the allegations in Paragraph 189 of the FACC.

190.    Pareteum states that the allegations in Paragraph 190 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 190.

191.    Pareteum denies the allegations in the first sentence of Paragraph 191.  Pareteum states that the remaining allegations in Paragraph 191 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations.

192.    Pareteum states that its FY18 10-K is a matter of public record, which speaks for itself.  To the extent this Paragraph mischaracterizes or conflicts with the contents of this communication, Pareteum denies those allegations.  Pareteum states that the remaining allegations in Paragraph 192 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations.

193.    Pareteum states that its SEC filings are a matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.

194.    Pareteum denies the allegations in Paragraph 194 of the FACC.

195.    Pareteum states that the remaining allegations in Paragraph 195 do not concern Pareteum and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations.

196.    With respect to the allegations related to Lead Plaintiffs and the putative class in Paragraph 196 of the FACC, Pareteum is without knowledge or information sufficient to form a belief as to those allegations.  Therefore, it denies those allegations.  Pareteum denies the remaining allegations in Paragraph 196 of the FACC.

197.    Pareteum states that its SEC filings are a matters of public record, which speak for themselves.  To the extent this Paragraph mischaracterizes or conflicts with the contents of those communications, Pareteum denies those allegations.  Pareteum denies the remaining allegations in Paragraph 197 of the FACC.

198.    Pareteum incorporates herein by reference each response set forth above in Paragraphs ¶¶ 1-4, 171-75, 178-83, 196-97, and 216-21.  With respect to the remaining allegations in Paragraph 198, Pareteum is without knowledge or information sufficient to form a belief as to those allegations and, therefore, those allegations are denied.

199.    Pareteum states that the allegations in Paragraph 199 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 199.

200. With respect to the allegations related to Lead Plaintiff member Steffey in Paragraph 200 of the FACC, Pareteum is without knowledge or information sufficient to form a belief as to those allegations. Therefore, it denies those allegations. Pareteum denies the remaining allegations in Paragraph 200.

201. Pareteum incorporates herein by reference each response set forth above in Paragraphs ¶¶ 1-4, 171-75, 178-83, 196-97, and 216-21. With respect to the remaining allegations in Paragraph 201, Pareteum is without knowledge or information sufficient to form a belief as to those allegations and, therefore, those allegations are denied.

202. Pareteum states that the allegations in Paragraph 202 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Pareteum denies the allegations in Paragraph 202.

203. With respect to the allegations related to Lead Plaintiff member Steffey in Paragraph 203 of the FACC, Pareteum is without knowledge or information sufficient to form a belief as to those allegations. Therefore, it denies those allegations. Pareteum denies the remaining allegations in Paragraph 203.

204. Pareteum incorporates herein by reference each response set forth above in Paragraphs ¶¶ 1-4, 171-75, 178-83, 196-97, and 216-21. With respect to the remaining allegations in Paragraph 204, Pareteum is without knowledge or information sufficient to form a belief as to those allegations and, therefore, those allegations are denied.

205. Pareteum states that the allegations in Paragraph 205 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Pareteum denies the allegations in Paragraph 205.

206. With respect to the allegations related to Lead Plaintiff member Steffey in Paragraph 206 of the FACC, Pareteum is without knowledge or information sufficient to form a belief as to those allegations. Therefore, it denies those allegations. Pareteum denies the remaining allegations in Paragraph 206.

207. Pareteum incorporates herein by reference each response set forth above in Paragraphs ¶¶ 1-4, 171-75, 184-97, and 216-21. With respect to the remaining allegations in Paragraph 207, Pareteum is without knowledge or information sufficient to form a belief as to those allegations and, therefore, those allegations are denied.

208. Pareteum states that the allegations in Paragraph 208 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Pareteum denies the allegations in Paragraph 208.

209. Pareteum admits that Squar Milner was Pareteum's auditor during the time period specified. Pareteum denies the remaining allegations in Paragraph 209 of the FACC.

210. Pareteum admits that DJSI was Pareteum's underwriter for the Secondary Offering. Pareteum states that the remaining allegations in Paragraph 210 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations in Paragraph 210 of the FACC.

211. Pareteum denies the allegations in Paragraph 211 of the FACC.

212. With respect to the allegations related to Lead Plaintiff member Moore in Paragraph 212 of the FACC, Pareteum is without knowledge or information sufficient to form a belief as to those allegations. Therefore, it denies those allegations. Pareteum denies the remaining allegations in Paragraph 212.

213.    Pareteum incorporates herein by reference each response set forth above in Paragraphs ¶¶ 1-4, 171-77, 184-97, and 216-21.  With respect to the remaining allegations in Paragraph 213, Pareteum is without knowledge or information sufficient to form a belief as to those allegations and, therefore, those allegations are denied.

214.    Pareteum states that the allegations in Paragraph 214 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 214.

215.    With respect to the allegations related to Lead Plaintiff member Moore in Paragraph 215 of the FACC, Pareteum is without knowledge or information sufficient to form a belief as to those allegations.  Therefore, it denies those allegations.  Pareteum denies the remaining allegations in Paragraph 215.

216.    Pareteum admits that this action purports to be a class action pursuant to Rule 23 on behalf of persons who purchased Pareteum stock during the putative class period, and that Lead Plaintiff purports to exclude from the putative class the persons described in Paragraph 216. Pareteum denies the remaining allegations in Paragraph 216.

217.    Pareteum states that the allegations in Paragraph 217 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum admits that its securities were traded on the NYSE and Nasdaq on the dates stated in Paragraph 217 of the FACC.  Pareteum admits that the records of record owners are maintained by Pareteum or its transfer agent.  Pareteum denies the remaining allegations in Paragraph 217, except state that it lacks knowledge or information sufficient to form a belief as to the allegations in the fourth sentence of Paragraph 217 regarding Lead Plaintiff's knowledge and beliefs, and therefore deny those allegations.

218.    Pareteum states that the allegations in Paragraph 218 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 218.

219.    Pareteum states that the allegations in Paragraph 219 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 219.

220.    Pareteum states that the allegations in Paragraph 220 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 220.

221.    Pareteum states that the allegations in Paragraph 221 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Pareteum denies the allegations in Paragraph 221.

222.    No answer is required in response to the statements in Lead Plaintiff's Prayer for Relief.  To the extent a response to those statements is required, Pareteum denies them and requests that this Court deny all relief requested by Lead Plaintiff, dismiss the FACC with prejudice, and order such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

223.    Without assuming the burden of proof or persuasion where such burden properly rests with Lead Plaintiff and the members of the putative class, and without waiving and hereby expressly reserving the right to assert any defenses at such time and to such extent as discovery and factual developments establish a basis therefore, Pareteum asserts the following defenses to the claims asserted in the FACC:

## FIRST DEFENSE

224.    Pareteum denies any allegations not specifically admitted above.

## SECOND DEFENSE

225.    The claims of some or all of the Lead Plaintiff's putative class are barred based on the doctrine of assumption of risk.

## THIRD DEFENSE

226.    This action, in whole or in part, is not properly maintainable as a class action under Fed. R. Civ. P. 23.

## FOURTH DEFENSE

227.    Lead Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (*i.e.*, loss causation).

## FIFTH DEFENSE

228.    Lead Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act:  (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (*i.e.*, exercise of control) in the operations of the primary violator in general.

## SIXTH DEFENSE

229.    Lead Plaintiff's purported claims and those of the putative class are barred because Pareteum acted in good faith and did not directly or indirectly control or induce any acts constituting a violation of the securities laws.

**SEVENTH DEFENSE**

230.    Lead Plaintiff's purported claims and those of the putative class are barred due to the failure of the FACC to allege facts demonstrating any false or misleading statements and why those statements were false or misleading as required by the Private Securities Litigation Reform Act as well as Lead Plaintiff's inability to prove any such facts.

**EIGHTH DEFENSE**

231.    Lead Plaintiff's purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which the asserted claims are based.

**NINTH DEFENSE**

232.    Lead Plaintiff's purported claims and those of the putative class are barred because Pareteum had no duty of disclosure with respect to the alleged misrepresentations or omissions.

**TENTH DEFENSE**

233.    Lead Plaintiff's purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Pareteum.

**ELEVENTH DEFENSE**

234.    Lead Plaintiff's purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the Reform Act in that the alleged misrepresentations and omissions relate to forward-looking statements and were accompanied by meaningful cautionary language.

**TWELFTH DEFENSE**

235.    Lead Plaintiff's purported claims and those of the putative class are inactionable under the *Sante Fe* doctrine, which bars Section 10(b claims for allegations that "constitute no

more than internal corporate mismanagement." *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479 (1977).

### THIRTEENTH DEFENSE

236.   Lead Plaintiff's purported claims and those of the putative class are barred due to the failure of the FACC to allege facts demonstrating a strong inference of scienter as required by the Private Securities Litigation Reform Act, and Lead Plaintiff's inability to prove any such facts, with regard to Pareteum and as to each alleged misstatement.

### FOURTEENTH DEFENSE

237.   Lead Plaintiff's purported claims and those of the putative class are barred because they are the result of intervening or superseding causes, over which Pareteum had no control and for which Pareteum is not liable.

### FIFTEENTH DEFENSE

238.   Lead Plaintiff's purported claims and those of the putative class are barred because Pareteum did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

### SIXTEENTH DEFENSE

239.   The FACC fails to state a claim against Pareteum based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of Pareteum.

### SEVENTEENTH DEFENSE

240.   The FACC fails to state a claim against Pareteum based upon "fraud-on-the-market" principles for any class members who did not trade shares between the time the alleged

misstatements were made and the time the purported "truth" was revealed.

## EIGHTEENTH DEFENSE

241.    To the extent Pareteum failed to disclose material information, which it denies, the "truth-on-the-market" doctrine precludes Lead Plaintiff's claims because the information at issue was credibly made available to the market by other sources.

## NINETEENTH DEFENSE

242.    Lead Plaintiff's purported claims and those of the putative class are not actionable because Pareteum acted within its reasonable business judgment.  At all relevant times Pareteum acted in good faith, with justification, and on an informed basis.

## TWENTIETH DEFENSE

243.    Lead Plaintiff's purported claims and those of the putative class are barred because there was no price impact.

## TWENTY-FIRST DEFENSE

244.    Lead Plaintiff lacks standing to prosecute its Section 10(b) and Section 20(a) claims under the Exchange Act and its Section 11, 12, and 15 claims under the Securities Act.

## TWENTY-SECOND DEFENSE

245.    Lead Plaintiff is not entitled to recover attorneys' fees in this action.

## TWENTY-THIRD DEFENSE

246.    The purported claims of the Lead Plaintiff and the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

## TWENTY-FOURTH DEFENSE

247.    Any recovery by Lead Plaintiff and the putative class against Pareteum would

constitute unjust enrichment.

## TWENTY-FIFTH DEFENSE

248.    Lead Plaintiff's purported claims and those of the putative class are barred, in whole or in part, by its own actions, omissions, and/or negligence.

## TWENTY-SIXTH DEFENSE

249.    Lead Plaintiff's and the putative class's purported claims are barred in whole or part by the doctrines of laches, estoppel, waiver, ratification, acquiescence, and/or the applicable statute of limitations.

## TWENTY-SEVENTH DEFENSE

250.    Lead Plaintiff's and the putative class' claims are barred in whole or in part because any claimed injury or damage has been offset by benefits or payments Lead Plaintiff received.

## TWENTY-EIGHTH DEFENSE

251.    The FACC and each cause of action alleged therein fail to state a claim upon which relief can be granted.

## TWENTY-NINTH DEFENSE

252.    The FACC does not plead fraud with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure and the PSLRA.

## THIRTIETH DEFENSE

253.    Lead Plaintiff's claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged damages, if any, are speculative.

## THIRTY-FIRST DEFENSE

254.    Any alleged misstatements in the FACC were non-actionable statements of opinion

and/or puffery.

## THIRTY-SECOND DEFENSE

255.    The putative class period is overbroad and, therefore, the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

## THIRTY-THIRD DEFENSE

256.    Lead Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 11 of the Securities Act, because that claims sounds in fraud and must therefore meet standards of proof required under Fed. R. Civ. P. 9 and *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) and because there was no:  (1) purchase by plaintiff of a registered security, (2) participation by defendant sufficient to give rise to liability, and (3) untrue statement of a material fact or omission of material fact required to be stated to make a statement not misleading.

## THIRTY-FOURTH DEFENSE

257.    Lead Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 12 of the Securities Act, because that claims sounds in fraud and must therefore meet standards of proof required under Fed. R. Civ. P. 9 and *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) and because there was no prospectus or oral communication containing a material misstatement or omission.

## THIRTY-FIFTH DEFENSE

258.    Lead Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 15 of the Securities Act, because that claims sounds in fraud and must therefore meet standards of proof required under Fed. R. Civ. P. 9 and *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) and because there was no a primary violation under Section 11 or 12 of the Securities Act.

**ADDITIONAL DEFENSES**

Pareteum asserts, and expressly reserve all rights with respect to all counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery, along with any claims and defenses asserted by other Defendants.  Pareteum also asserts and expressly reserves all rights with respect to all other defenses that may be revealed during the course of discovery.  Pareteum expressly reserve the right to amend and/or supplement this Answer.

WHEREFORE, Pareteum prays for judgment as follows:

1.    For a judgment and decree dismissing the FACC with prejudice;

2.    For a judgment and decree awarding costs, including attorneys' fees; and

3.    For such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
         September 10, 2021

                                                **MCGUIREWOODS LLP**

                                                */s/ Stephen G. Foresta*
                                                Stephen G. Foresta
                                                Jeffrey J. Chapman

                                                McGuireWoods LLP
                                                1251 Avenue of the Americas
                                                20th Floor
                                                New York, NY 10020
                                                Telephone: (212) 548-7060
                                                Facsimile: (212) 715-6277
                                                sforesta@mcguirewoods.com
                                                jchapman@mcguirewoods.com

                                                *Counsel for Defendant Pareteum*
                                                *Corporation*

To: All counsel of record (Via ECF)