**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PARETEUM SECURITIES LITIGATION | Case No. 1:19-cv-09767-AKH-GWG |

**<u>DEFENDANTS ROBERT H. "HAL" TURNER, EDWARD "TED" O'DONNELL,
VICTOR BOZZO, AND DENIS MCCARTHY'S ANSWER TO FIRST AMENDED
CONSOLIDATED COMPLAINT</u>**

Defendants Robert H. "Hal" Turner ("Turner"), Edward "Ted" O'Donnell ("O'Donnell"), Victor Bozzo ("Bozzo") and Denis McCarthy ("McCarthy") (collectively the "Defendants") by and through their undersigned counsel, hereby answer to the First Amended Consolidated Complaint (the "Complaint") filed by Lead Plaintiff Pareteum Shareholder Investor Group ("Plaintiff").

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Defendants deny the allegations in the Complaint, including without limitation the Table of Contents, headings, subheadings, and footnotes contained within the Complaint; specifically deny any liability to Lead Plaintiff and any members of the putative class that Lead Plaintiff purports to represent; and deny that any of the claims asserted against Pareteum may properly be maintained as a class action.

Defendants further respond to the specific allegations in the Complaint as follows:

1. Defendants admit that Paragraph 1 purports to describe Plaintiff's claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 1.

2. To the extent the allegations in Paragraph 2 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 2, except admit that this Court has jurisdiction over claims properly asserted under Sections 10(b) and 20(a) of the Exchange Act and Sections 11, 12, and 15 of the Securities Act.

3. To the extent the allegations in Paragraph 3 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required,

Defendants deny the allegations contained in Paragraph 3, except admit that venue in this District is proper.

4. To the extent the allegations in Paragraph 4 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and, on that basis, deny them.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and, on that basis, deny them.

7. Defendants admit Defendant Robert H. "Hal" Turner was the Executive Chairman of Pareteum's Board of Directors during the Class Period and was the Chief Executive Officer ("CEO") effective May 24, 2019. Except as expressly admitted, Defendants deny the allegations in Paragraph 7.

8. Defendants admit that Defendant Edward O'Donnell was Pareteum's Chief Financial Officer ("CFO") during the Class Period. Except as expressly admitted, Defendants deny the allegations in Paragraph 8.

9. Defendants admit Defendant Bozzo served as Pareteum's CEO and Chief Commercial Officer. Except as expressly admitted, Defendants deny the allegations in Paragraph 9.

10. Defendants admit that Defendant McCarthy was Pareteum's President until May 2019, and then its Chief Operating Officer ("COO") (effective May 24, 2019). Except as expressly admitted, Defendants deny the allegations in Paragraph 10 of the Complaint.

11.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, deny them.

12.    Defendants deny the allegations in Paragraph 12 of the Complaint.

13.    Defendants deny the allegations in Paragraph 13 of the Complaint.

14.    Defendants deny the allegations in Paragraph 14 of the Complaint.

15.    Defendants deny the allegations in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations in Paragraph 16 of the Complaint.

17.    Defendants admit that Plaintiff references and selectively quotes from a May 7, 2018 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 17.  Defendants respectfully refer the Court to the May 7, 2018 press release referenced in Paragraph 17 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 17.

18.    Defendants deny the allegations in Paragraph 18 of the Complaint.

19.    Defendants admit that Plaintiff references press releases issued from May to October 2018 and selectively quotes from an August 6, 2018 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 19. Defendants respectfully refer the Court to the May through October 2018 press releases referenced in Paragraph 19 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 19.

20.    Defendants admit that Plaintiff references five press releases from September 17, 2018 and October 2, 8, 17, and 23, 2018, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 20.  Defendants respectfully refer the Court to the September 17, 2018 and October 2, 8, 17, and 23, 2018 press releases

referenced in Paragraph 20 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 20.

21.     Defendants admit that Plaintiff references and selectively quotes from an October 24, 2018 and November 7, 2018 press release, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 21.  Defendants respectfully refer the Court to the October 24, 2018 and November 7, 2018 press releases referenced in Paragraph 21 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants admit that Plaintiff references and selectively quotes from a March 12, 2019 press release and earnings call, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 24.  Defendants respectfully refer the Court to the March 12, 2019 press release and earnings call referenced in Paragraph 24 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 24.

25.     Defendants admit that Plaintiff references and selectively quotes from press releases throughout March, April and May 2019, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 25.  Defendants respectfully refer the Court to the March, April and May 2019 press releases referenced in Paragraph 25 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 25.

26.      Defendants admit that Plaintiff references and selectively quotes from a May 7,

2019 press release and earnings call, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 26.  Defendants respectfully refer the Court to the May 7, 2019 press release referenced in Paragraph 26 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 26.

27.    Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    Defendants admit that Plaintiff references and selectively quotes from a June 7, 2019 Aurelius Report ("Aurelius Report"), which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 28.  Defendants respectfully refer the Court to the Aurelius Report referenced in Paragraph 28 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 28.

29.    Defendants admit that Plaintiff references and selectively quotes from the Aurelius Report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 29.  Defendants respectfully refer the Court to the Aurelius Report referenced in Paragraph 29 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 29.

30.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, deny them.

31.    Defendants admit that Plaintiff references and selectively quotes from a letter to shareholders from Turner, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 31.  Defendants respectfully refer the Court to the letter to shareholders from Turner referenced in Paragraph 31 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 31.

32.    Defendants admit that Plaintiff references and selectively quotes from a June 26, 2019 Viceroy Report ("Viceroy Report"), which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 32.  Defendants respectfully refer the Court to the Viceroy Report referenced in Paragraph 32 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 32.

33.    Defendants admit that Plaintiff references and selectively quotes from the Viceroy Report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 33.  Defendants respectfully refer the Court to the Viceroy Report referenced in Paragraph 33 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 33.

34.    Defendants admit that Plaintiff references and selectively quotes from the Viceroy Report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 34.  Defendants respectfully refer the Court to the Viceroy Report referenced in Paragraph 34 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 34.

35.    Defendants admit that Plaintiff references and selectively quotes from a July 1, 2019 press release and publicly available information, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 35.  Defendants respectfully refer the Court to the July 1, 2019 press release and the publicly available information referenced in Paragraph 35 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 35.

36.    Defendants admit that Plaintiff references press releases from June and July 2019 and selectively quotes from an August 6, 2019 press release, which speak for themselves.

Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 36. Defendants respectfully refer the Court to the June and July 2019, and August 6, 2019 press releases referenced in Paragraph 36 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 36.

37.    Defendants deny the allegations in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations in Paragraph 38 of the Complaint.

39.    Defendants deny the allegations in Paragraph 39 of the Complaint.

40.    Defendants admit that Plaintiff references and selectively quotes from an October 21, 2019 Restatement Release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 40.  Defendants respectfully refer the Court to the October 21, 2019 Restatement Release referenced in Paragraph 40 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 40.

41.    Defendants admit that Plaintiff references and selectively quotes from an October 21, 2019 Restatement Release and publicly available information, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 41.  Defendants respectfully refer the Court to the October 21, 2019 Restatement Release and the publicly available information referenced in Paragraph 41 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 41.

42.    Defendants admit that Plaintiff references the 1Q18 10-Q and selectively quotes from a May 7, 2018 press release, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 42.  Defendants respectfully refer the Court to the 1Q18 10-Q and May 7, 2018 press release referenced in Paragraph 42 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 42.

43. Defendants admit that Plaintiff references the 2Q18 10-Q and selectively quotes from an August 6, 2018 press release, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 43. Defendants respectfully refer the Court to the 2Q18 10-Q and August 6, 2018 press release referenced in Paragraph 43 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 43.

44. Defendants admit that Plaintiff references the 3Q18 10-Q and selectively quotes from a November 7, 2018 press release, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 44. Defendants respectfully refer the Court to the 3Q18 10-Q and November 7, 2018 press release referenced in Paragraph 44 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 44.

45. Defendants admit that Plaintiff references the 4Q18 and FY18 10-K, and selectively quotes from a March 12, 2019 press release and earnings call, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 45. Defendants respectfully refer the Court to the 4Q18 and FY18 10-K and March 12, 2019 press release and earnings call referenced in Paragraph 45 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 45.

46. Defendants admit that Plaintiff references the 1Q19 10-Q, and selectively quotes from a May 7, 2019 press release and earnings call, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 46. Defendants respectfully refer the Court to the 1Q19 10-Q and May 7, 2019 press release and earnings call referenced in Paragraph 46 for a complete and accurate statement of their contents, and deny any

inconsistent allegations in Paragraph 46.

47.      Defendants admit that Plaintiff references the 2Q19 10-Q and selectively quotes from an August 6, 2019 press release, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 47. Defendants respectfully refer the Court to the 2Q19 10-Q and August 6, 2019 press release referenced in Paragraph 47 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 47.

48.      Defendants admit that Plaintiff references and/or selectively quotes from the 1Q18, 2Q18, 3Q18, 1Q19, and 2Q19 10-Qs and March 18, 2019 10-K, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 48.  Defendants respectfully refer the Court to the 1Q18, 2Q18, 3Q18, 1Q19, and 2Q19 10-Qs and March 18, 2019 10-K referenced in Paragraph 48 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 48.

49.      Defendants deny the allegations in Paragraph 49 of the Complaint.

50.      Defendants admit that Plaintiff references and selectively quotes from the Aurelius and Viceroy Reports, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 50.  Defendants respectfully refer the Court to the Aurelius and Viceroy Reports referenced in Paragraph 50 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 50.

51.      Defendants deny the allegations in Paragraph 51 of the Complaint.

52.      Defendants admit that Plaintiff references and selectively quotes from the April 16, 2018 Chairman's Update Letter, published in a press release, and the 1Q18 10-Q, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations

in Paragraph 52.  Defendants respectfully refer the Court to the April 16, 2018 Chairman's Update Letter, published in a press release, and the 1Q18 10-Q referenced in Paragraph 50 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 52.

53.    Defendants admit that Plaintiff references and/or selectively quotes from the 2Q18, 3Q18, 1Q19, and 2Q19 10-Qs and the FY18 10-K, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 53.  Defendants respectfully refer the Court to the 2Q18, 3Q18, 1Q19, and 2Q19 10-Qs and the FY18 10-K referenced in Paragraph 53 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 53.

54.    Defendants admit that Plaintiff references the 1Q18, 2Q18, 3Q18, 1Q19, and 2Q19 10-Qs and the FY18 10-K which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 54.  Defendants respectfully refer the Court to the 1Q18, 2Q18, 3Q18, 1Q19, and 2Q19 10-Qs and the FY18 10-K, referenced in Paragraph 54 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 54.

55.    Defendants deny the allegations in Paragraph 55 of the Complaint.

56.    Defendants admit that Plaintiff references and/or selectively quotes from the 1Q18, 2Q18, and 3Q18 10-Qs, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 56.  Defendants respectfully refer the Court to 1Q18, 2Q18 and 3Q18 10-Qs referenced in Paragraph 56 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 56.

57.     Defendants admit that Plaintiff references the 1Q18, 2Q18, and 3Q18 10-Qs, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 57.  Defendants respectfully refer the Court to the 1Q18, 2Q18 and 3Q18 10-Qs referenced in Paragraph 57 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants admit that Plaintiff references and selectively quotes from the March 18, 2019 FY18 10-K, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 59.  Defendants respectfully refer the Court to the March 18, 2019 FY18 10-K referenced in Paragraph 59 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants admit that Plaintiff references and selectively quotes from the March 18, 2019 FY18 10-K, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 61.  Defendants respectfully refer the Court to the March 18, 2019 FY18 10-K referenced in Paragraph 61 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 61.

62.     Defendants admit that Plaintiff references a publicly available statement, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 62.  Defendants respectfully refer the Court to the publicly available statement referenced in Paragraph 62 for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 62.

63.      Defendants admit that Plaintiff references and selectively quotes from the FY18 10-K, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 63.  Defendants respectfully refer the Court to the FY18 10-K referenced in Paragraph 63 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 63.

64.      Defendants admit that Plaintiff references and selectively quotes from the FY18 10-K, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 64.  Defendants respectfully refer the Court to the FY18 10-K referenced in Paragraph 64 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 64.

65.      Defendants admit that Plaintiff references and selectively quotes from the FY18 10-K, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 65.  Defendants respectfully refer the Court to the FY18 10-K referenced in Paragraph 65 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 65.

66.      Defendants admit that Plaintiff references and/or selectively quotes from the 2018 10-Qs, 1Q19 and 2Q19 10-Qs, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 66.  Defendants respectfully refer the Court to the 2018 10-Qs and 1Q19 and 2Q19 10-Qs referenced in Paragraph 66 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 66.

67.      Defendants admit that Plaintiff references quotes from the FY18 10-K and 1Q19 and 2Q19 10-Qs, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 67.  Defendants respectfully refer the Court to the

FY18 10-K and 1Q19 and 2Q19 10-Qs referenced in Paragraph 67 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 67.

68.    Defendants deny the allegations in Paragraph 68 of the Complaint.

69.    Defendants deny the allegations in Paragraph 69 of the Complaint.

70.    Defendants deny the allegations in Paragraph 70 of the Complaint.

71.    Defendants admit that Plaintiff references press releases issued in September and October 2018, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 71.  Defendants respectfully refer the Court to the September and October 2018 press releases referenced in Paragraph 71 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 71.

72.    Defendants admit that Plaintiff references and selectively quotes from a September 17, 2018 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 72.  Defendants respectfully refer the Court to the September 17, 2018 press release referenced in Paragraph 72 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 72.

73.    Defendants admit that Plaintiff references and selectively quotes from a September 17, 2018 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 73.  Defendants respectfully refer the Court to the September 17, 2018 press release referenced in Paragraph 73 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 73.

74.    Defendants admit that Plaintiff references the Aurelius and Viceroy Reports, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 74.  Defendants respectfully refer the Court to the Aurelius and Viceroy

Reports referenced in Paragraph 74 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 74.

75.     Defendants admit that Plaintiff references the Viceroy Report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 75.  Defendants respectfully refer the Court to the Viceroy Report referenced in Paragraph 75 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 75.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and, on that basis, deny them.

77.     Defendants admit that Plaintiff references and selectively quotes from an October 2, 2018 press release, and the Aurelius and Viceroy Reports, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 77.  Defendants respectfully refer the Court to the October 2, 2018 press release referenced in Paragraph 77 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 77.

78.     Defendants admit that Plaintiff references and/or selectively quotes from an October 2, 2018 press release and the Aurelius and Viceroy Reports, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 78.  Defendants respectfully refer the Court to the October 2, 2018 press release and the Aurelius and Viceroy Reports referenced in Paragraph 78 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 78.

79.     Defendants admit that Plaintiff references and selectively quotes from the Aurelius Report, which speaks for itself.  Except to the extent expressly admitted, Defendants

deny the allegations in Paragraph 79.  Defendants respectfully refer the Court to the Aurelius

Report referenced in Paragraph 79 for a complete and accurate statement of its contents, and

deny any inconsistent allegations in Paragraph 79.

80.     Defendants admit that Plaintiff references the Aurelius and Viceroy Reports,

which speak for themselves.  Except to the extent expressly admitted, Defendants deny the

allegations in Paragraph 80.  Defendants respectfully refer the Court to the Aurelius and Viceroy

Reports referenced in Paragraph 80 for a complete and accurate statement of their contents, and

deny any inconsistent allegations in Paragraph 80.

81.     Defendants admit that Plaintiff references and selectively quotes from an October

8, 2018 press release, which speaks for itself.  Except to the extent expressly admitted,

Defendants deny the allegations in Paragraph 80.  Defendants respectfully refer the Court to the

October 8, 2018 press release referenced in Paragraph 80 for a complete and accurate statement

of its contents, and deny any inconsistent allegations in Paragraph 80.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants admit that Plaintiff references the Aurelius and Viceroy Reports,

which speak for themselves.  Except to the extent expressly admitted, Defendants deny the

allegations in Paragraph 83.  Defendants respectfully refer the Court to the Aurelius and Viceroy

Reports referenced in Paragraph 83 for a complete and accurate statement of their contents, and

deny any inconsistent allegations in Paragraph 83.

84.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 84, and, on that basis, deny them.

85.     Defendants admit that Plaintiff references and/or selectively quotes from an

October 17 and October 23, 2018 press releases and the Aurelius and Viceroy Reports, which

speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 85.  Defendants respectfully refer the Court to the October 17 and October 23, 2018 press releases and the Aurelius and Viceroy Reports referenced in Paragraph 85 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 85.

86.    Defendants admit that Plaintiff references an October 23, 2018 press release and selectively quotes from an October 24, 2018, March 12, 2019, and May 7, 2019 press release, and an August 6, 2019 earnings call, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 86.  Defendants respectfully refer the Court to the October 23, 2018, October 24, 2018, March 12, 2019, and May 7, 2019 press releases and the August 6, 2019 earnings call referenced in Paragraph 86 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 86.

87.    Defendants deny the allegations in Paragraph 87 of the Complaint.

88.    Defendants deny the allegations in Paragraph 88 of the Complaint.

89.    Defendants admit that Plaintiff references and selectively quotes from a May 7, 2018 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 89.  Defendants respectfully refer the Court to the May 7, 2018 press release referenced in Paragraph 89 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 89.

90.    Defendants admit that Plaintiff references and selectively quotes from an August 6, 2018 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 90.  Defendants respectfully refer the Court to the August 6, 2018 press release referenced in Paragraph 90 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 90.

91.     Defendants admit that Plaintiff references and selectively quotes from a March 12, 2019 press release and earnings call, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 91.  Defendants respectfully refer the Court to the March 12, 2019 press release and earnings call referenced in Paragraph 91 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 91.

92.     Defendants admit that Plaintiff references and selectively quotes from a May 7, 2019 press release and earnings call, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 92.  Defendants respectfully refer the Court to the May 7, 2019 press release and earnings call referenced in Paragraph 92 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     Defendants admit that Plaintiff references and selectively quotes from the Aurelius and Viceroy Reports, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 96.  Defendants respectfully refer the Court to the Aurelius and Viceroy Reports referenced in Paragraph 96 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants admit that Plaintiff references and selectively quotes from a March 7, 2019 Chairman Letter, published in a press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 99.  Defendants respectfully refer the Court to the March 7, 2019 Chairman Letter, published in a press release referenced in Paragraph 99 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 99.

100.    Defendants admit that Plaintiff references and selectively quotes from the March 12, 2019 FQ18 and FY18 10-K, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 100.  Defendants respectfully refer the Court to the March 12, 2019 FQ18 and FY18 10-K referenced in Paragraph 100 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 100.

101.    Defendants admit that Plaintiff references and selectively quotes from a March 12, 2019 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 101.  Defendants respectfully refer the Court to the March 12, 2019 press release referenced in Paragraph 101 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 101.

102.    Defendants admit that Plaintiff references and selectively quotes from a May 7, 2019 press release and earnings call, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 102.  Defendants respectfully refer the Court to the May 7, 2019 press release and earnings call referenced in Paragraph 102 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants admit that Plaintiff references and selectively quotes from a December 14, 2017 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 105.  Defendants respectfully refer the Court to the December 14, 2017 press release referenced in Paragraph 105 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 105.

106.    Defendants admit that Plaintiff references and selectively quotes from a January 31, 2018 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 106.  Defendants respectfully refer the Court to the January 31, 2018 press release referenced in Paragraph 106 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 106.

107.    Defendants admit that Plaintiff references and selectively quotes from an April 16, 2018 Chairman Update Letter, published in a press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 107.  Defendants respectfully refer the Court to the April 16, 2018 Chairman Update Letter, published in a press release, referenced in Paragraph 107 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 107.

108.    Defendants admit that Plaintiff references and selectively quotes from an August 2, 2018 press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 108.  Defendants respectfully refer the Court to the August 2, 2018 press release referenced in Paragraph 108 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 108.

109.    Defendants admit that Plaintiff references and selectively quotes from a March 7, 2019 Chairman's Letter, published in a press release, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 109.  Defendants respectfully refer the Court to the March 7, 2019 Chairman's Letter, published in a press release, referenced in Paragraph 109 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 109.

110.    Defendants admit that Plaintiff references and selectively quotes from a March 12, 2019 earnings call, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 110.  Defendants respectfully refer the Court to the March 12, 2019 earnings call referenced in Paragraph 110 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 110.

111.    Defendants admit that Plaintiff references and selectively quotes from a May 7, 2019 earnings call, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 111.  Defendants respectfully refer the Court to the May 7, 2019 earnings call referenced in Paragraph 111 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations in Paragraph 113 of the Complaint.

114.     Defendants admit that Plaintiff references the Aurelius and Viceroy Reports, which were published on June 7 and 26, 2019, respectively, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 114.  Defendants respectfully refer the Court to the June 7 and 26, 2019 Aurelius and Viceroy Reports referenced

in Paragraph 114 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 114.

115. Defendants admit that Plaintiff references and selectively quotes from an August 6, 2019 press release, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 115. Defendants respectfully refer the Court to the August 6, 2019 press release referenced in Paragraph 115 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116 of the Complaint.

117. Defendants deny the allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants admit that Pareteum disclosed the compensation of its executives, which disclosures speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 119.

120. Defendants admit that Pareteum disclosed the compensation of its executives, which disclosures speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121 of the Complaint.

122. Defendants deny the allegations in Paragraph 122 of the Complaint.

123. Defendants admit that Pareteum disclosed personnel changes, which disclosures speak for themselves. Except to the extent expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and, on that basis, deny them.

124. Defendants deny the allegations in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations in Paragraph 125 of the Complaint.

126.    Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations in Paragraph 127 of the Complaint.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, on that basis, deny them.

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and, on that basis, deny them.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, deny them.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, deny them.

132.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, deny them.

133.    Defendants deny the allegations in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Defendants admit that Plaintiff references Pareteum's 10-Qs, 10-Ks, and press releases, issued during the Class Period, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 143.  Defendants respectfully refer the Court to Pareteum's 10-Qs, 10-Ks, and press releases, issued during the Class Period referenced in Paragraph 143 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations in Paragraph 146 of the Complaint.

147.    To the extent the allegations of Paragraph 147 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 147.

148.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, deny them.

149.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, deny them.

150.    To the extent the allegations of Paragraph 150 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 150.

151.    To the extent the allegations of Paragraph 151 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 151.

152.    To the extent the allegations of Paragraph 152 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, deny them.

153.    To the extent the allegations of Paragraph 153 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, deny them.

154.    To the extent the allegations of Paragraph 154 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 154.

155.    To the extent the allegations of Paragraph 155 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 155.

156.    Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 156.

157.    To the extent the allegations of Paragraph 157 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 157.

158.     To the extent the allegations of Paragraph 158 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 158.

159.    To the extent the allegations of Paragraph 159 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 159.

160.    To the extent the allegations of Paragraph 160 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 160.

161.    To the extent the allegations of Paragraph 161 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 161.

162.    To the extent the allegations of Paragraph 162 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 162.

163.    To the extent the allegations of Paragraph 163 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 163.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, deny them.

165.    To the extent the allegations of Paragraph 165 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 165.

166.    To the extent the allegations of Paragraph 166 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 166.

167.    Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 167.

168.    To the extent the allegations of Paragraph 168 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 168.

169.    To the extent the allegations of Paragraph 169 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 169.

170.    Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 170.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, on that basis, deny them.

172.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, on that basis, deny them.

173.    Defendants admit that Turner held executive positions.  Defendants admit that Plaintiff references Pareteum's Class Period 10-Qs and 10-K, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 173. Defendants respectfully refer the Court to the Class Period 10-Qs and 10-K referenced in Paragraph 173 for a complete and accurate statement of their content, and deny any inconsistent allegations in Paragraph 173.

174. Defendants admit that O'Donnell was Pareteum's CFO. Defendants admit that Plaintiff references Pareteum's Class Period 10-Qs and 10-K, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 174. Defendants respectfully refer the Court to the Class Period 10-Qs and 10-K referenced in Paragraph 174 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 174.

175. Defendants admit that Bozzo held executive positions at Pareteum. Defendants admit that Plaintiff references Pareteum's Class Period 10-Qs and 10-K, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 175. Defendants respectfully refer the Court to the Class Period 10-Qs and 10-K referenced in Paragraph 175 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 175.

176. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, deny them.

177. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, on that basis, deny them.

178. Defendants admit that Plaintiff references a November 12, 2018 press release, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 178. Defendants respectfully refer the Court to the November 12, 2018 press release referenced in Paragraph 178 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 178.

179. Defendants admit that Plaintiff references and selectively quotes from the SEC filings filed by Pareteum, which speak for themselves. Except to the extent expressly admitted,

Defendants deny the allegations in Paragraph 179.  Defendants respectfully refer the Court to the SEC filings referenced in Paragraph 179 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 179.

180.    Defendants admit that Plaintiff references and selectively quotes from a January 15, 2019 S-4A Registration Statement and a February 4, 2019 Prospectus, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 180.  Defendants respectfully refer the Court to the January 15, 2019 S-4A Registration Statement and a February 4, 2019 Prospectus referenced in Paragraph 180 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 180.

181.    Defendants deny the allegations in Paragraph 181 of the Complaint.

182.    To the extent the allegations of Paragraph 182 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants admit that Plaintiff references a December 4, 2018 S-4 Registration Statement and January 15, 2018 S-4A Registration Statement, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 182.  Defendants respectfully refer the Court to the December 4, 2019 S-4 Registration Statement and the January 15, 2019 S-4A Registration Statement referenced in Paragraph 182 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 182.

183.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, on that basis, deny them.

184.    Defendants state that Paragraph 184 purports to be based on publicly available documents, which speak for themselves.  Except to the extent expressly admitted, Defendants

deny the allegations in Paragraph 184. Defendants respectfully refer the Court to the publicly available documents referenced in Paragraph 184 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 184.

185.    Defendants state that Paragraph 185 purports to be based on publicly available documents, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 185. Defendants respectfully refer the Court to the publicly available documents referenced in Paragraph 185 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 185.

186.    To the extent the allegations of Paragraph 186 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, deny them.

187.    Defendants admit that Plaintiff references and selectively quotes the September 20, 2019 Supplemental Prospectus, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 187. Defendants respectfully refer the Court to the September 20, 2019 Supplemental Prospectus referenced in Paragraph 187 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants deny the allegations in Paragraph 189.

190.    To the extent the allegations of Paragraph 190 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 190.

191.    Defendants deny the allegations contained in Paragraph 191 of the Complaint.

192.    Defendants admit that Plaintiff references and selectively quotes from a March 18, 2019 Audit Report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 192.  Defendants respectfully refer the Court to the March 18, 2019 Audit Report referenced in Paragraph 192 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 192.

193.    Defendants admit that Plaintiff references a March 18, 2019 Audit Report and FY18 10-K, and selectively quotes from a September 20, 2019 Supplemental Prospectus, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 193.  Defendants respectfully refer the Court to the March 18, 2019 Audit Report and FY18 10-K referenced in Paragraph 193 for a complete and accurate statement of their contents and deny any inconsistent allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194 of the Complaint.

195.    To the extent the allegations of Paragraph 195 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, on that basis, deny them.

196.    To the extent the allegations of Paragraph 196 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197.    To the extent the allegations of Paragraph 197 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations in Paragraph 197.

198.	Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 198.

199.	To the extent the allegations of Paragraph 199 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200.	To the extent the allegations of Paragraph 200 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, on that basis, deny them.

201.	Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 201.

202.	To the extent the allegations of Paragraph 202 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.	To the extent the allegations of Paragraph 203 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, on that basis, deny them.

204.	Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 204.

205.    To the extent the allegations of Paragraph 205 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 205.

206.    To the extent the allegations of Paragraph 206 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206.

207.    Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 207.

208.    To the extent the allegations of Paragraph 208 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208.

209.    To the extent the allegations of Paragraph 209 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, deny them.

210.    To the extent the allegations of Paragraph 210 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and, on that basis, deny them.

211. To the extent the allegations of Paragraph 211 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 211.

212. To the extent the allegations of Paragraph 212 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and, on that basis, deny them.

213. Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 213.

214. To the extent the allegations of Paragraph 214 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215. To the extent the allegations of Paragraph 215 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215.

216. To the extent the allegations of Paragraph 216 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations in Paragraph 216.

217. To the extent the allegations of Paragraph 217 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations in Paragraph 217.

218.    To the extent the allegations of Paragraph 218 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations in Paragraph 218.

219.    To the extent the allegations of Paragraph 219 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 219.

220.    To the extent the allegations of Paragraph 220 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 220.

221.    To the extent the allegations of Paragraph 221 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 221.

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver limitation or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any

material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, would have purchased Pareteum shares as they did, even with full knowledge of the facts Plaintiff, and the class that Plaintiff purport to represent, have now alleged were misrepresented or omitted by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff's alleged injuries or the injuries of the class that Plaintiff purports to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because they cannot show transaction or loss causation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in Pareteum's share

value alleged to form the basis of Plaintiff's claims, and the claims of the class that Plaintiff purports to represent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because any alleged damages that Plaintiff, or the class that Plaintiffs purports to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiff, and the class that Plaintiff purports to represent, if any, are speculative ,uncertain, and/or contingent in violation of applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendant's alleged material misstatements and omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, or the class that Plaintiff purports to

represent, sold their Pareteum shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Pareteum shares.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff, or the class that Plaintiff purports to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiff, or the class that Plaintiff purports to represent, in connection with their ownership of Pareteum shares.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiff's purchase, or the purchases by the class that Plaintiff purports to represent, of Pareteum shares

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, and the class that Plaintiff purports to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. 240.10b5-1.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff cannot fairly and adequately represent the class it purports to represent.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have an adequate remedy at law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have no suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, and the class that Plaintiff purports to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

## THIRTIETH AFFIRMATIVE DEFENSE

Some of the alleged misrepresentations described in the Complaint are "forward-looking statements" that cannot be the basis for liability by virtue of Rule 175, 17 C.F.R. § 230.175 (promulgated pursuant to the Securities Act of 1933) and/or provisions of Section 27A of the Securities Act of 1933 and/or Section 21E of the Securities Exchange Act of 193.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent the Complaint is based on any predictions, expressions of opinion, puffery, or forward-looking statements, Plaintiff is barred from recovery in whole or in part by the safe harbor provisions of the Private Securities Litigations Reform Act of 1995 or the bespeaks caution doctrine.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The claims of some or all of the Lead Plaintiff's putative class are barred based on the doctrine of assumption of risk

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not

pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants reasonably relied on the expertise and opinions of professional experts and had no reasonable ground to have known that there were inaccuracies in any alleged material misrepresentation or omissions.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants deny any allegations not specifically admitted above.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3)

actual participation by the defendant (*i.e.*, exercise of control) in the operations of the primary violator in general.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part based on the truth and sufficiency of all statements upon which the asserted claims are based.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that they are based on alleged statements that are not attributable to Defendants.

## FORTY- SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part based on the *Sante Fe* doctrine, which bars Section 10(b) claims for allegations that "constitute no more than internal corporate mismanagement." *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479 (1977).

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the Complaint fails to allege facts demonstrating a strong

inference of scienter as required by the Private Securities Litigation Reform Act, and Plaintiff's

inability to prove any such facts, with regard to Defendants and as to each alleged misstatement.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in

whole or in part because Defendants did not employ any device, scheme, or artifice to defraud

and did not engage in any act, practice, or course of conduct that operates or would operate as a

fraud or deceit in connection with the purchase or sale of securities.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in

whole or in part because the Complaint fails to state a claim against Defendants based upon

"fraud-on-the-market" principles for any class members who did not trade shares between the

time the alleged misstatements were made and the time the purported "truth" was revealed.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in

whole or in part based on the "truth-on-the-market" doctrine because any alleged information at

issue was credibly made available to the market by other sources.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in

whole or in part because there was no price impact.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to prosecute its Section 10(b) and Section 20(a) claims under the

Exchange Act and its Section 11, 12, and 15 claims under the Securities Act.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part by its own actions, omissions, and/or negligence.

### FIFTIETH AFFIRMATIVE DEFENSE

The putative class period is overbroad and, therefore, the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 11 of the Securities Act, because that claim sounds in fraud and must therefore meet standards of proof required under Rule 9 of the Federal Rules of Civil Procedure and *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) and because there was no: (1) purchase by Plaintiff of a registered security, (2) participation by Defendants sufficient to give rise to liability, and (3) untrue statement of a material fact or omission of material fact required to be stated to make a statement not misleading.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 12 of the Securities Act, because that claim sounds in fraud and must therefore meet standards of proof required under Rule 9 of the Federal Rules of Civil Procedure and *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) and because there was no prospectus or oral communication containing a material misstatement or omission.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 15 of the Securities Act, because that claim sounds in fraud and must therefore meet standards of proof required under Rule 9 of the Federal Rules of Civil Procedure and *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) and because there was no a primary violation under Section 11 or 12 of the Securities Act.

## ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge of information to determine whether they may have additional, as yet unstated defenses.  Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter.  Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiff's Complaint, through discovery or through further legal analysis of Plaintiff's position in this litigation.

Dated: New York, New York
      September 10, 2021

**BAKER & HOSTETLER LLP**

*/s/ Douglas W. Greene*
Douglas W. Greene (*pro hac vice*)
dgreene@bakerlaw.com
Genevieve York-Erwin
gyorkerwin@bakerlaw.com
Chardaie Charlemagne
ccharlemagne@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200

*Counsel for Defendants Robert H. "Hal" Turner ("Turner"), Edward "Ted" O'Donnell ("O'Donnell"), Victor Bozzo ("Bozzo") and Denis McCarthy ("McCarthy")*

To: All counsel of record (Via ECF)