**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                      :

IN RE PARETEUM SECURITIES       :
LITIGATION                        :           Case No. 1:19-cv-09767-AKH-GWG
                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
                                       X

**DEFENDANT PARETEUM CORPORATION'S**
**ANSWER TO DEFENDANT DAWSON JAMES SECURITIES, INC.'S CROSS-CLAIMS**

Defendant Pareteum Corporation ("Pareteum"), by counsel, submits this Answer to the Cross-Claims (the "Cross-Claims") (Doc. 204) filed by Defendant Dawson James Securities, Inc. ("DJSI").

Except as otherwise expressly stated, Pareteum denies every allegation contained in each paragraph of the Cross-Claims, including all headings, subheadings, subparagraphs, subparts, footnotes, and the table of contents, and specifically denies any liability to DJSI. Whenever any paragraph of this Answer states that no response to an allegation is required, to the extent a response is required, Pareteum denies the allegation. This statement is incorporated in each of the specific responses below as if stated fully therein. Further, Pareteum incorporates by reference all relevant portions of its Answer and Affirmative Defenses in this case, filed on September 10, 2021, (Doc. No. 203).

As to the unnumbered paragraph preceding DJSI's "Jurisdiction and Venue" allegations, Pareteum states that it does not contain assertions of fact, and, consequently, no response is required. To the extent a response is required, all such allegations are denied.

As to the specific paragraphs of the Cross-Claims, Pareteum responds based upon knowledge with respect to itself and its own acts and on information and belief with respect to all other matters as follows:

1.      The allegations contained in Paragraph 1 of the Cross-Claims are legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 1 of the Cross-Claims.

2.      The allegations contained in Paragraph 2 of the Cross-Claims are legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 2 of the Cross-Claims.

3.      Pareteum admits that it is a Delaware corporation with its principal place of busines in New York.  Pareteum states that its historical stock ticker symbol, exchange listings and address are matters of public record, which speak for themselves.  Any remaining allegations are denied.

4.      Pareteum admits that Turner served as Executive Chairman of Pareteum's Board of Directors, Principal Executive Officer, and Chief Executive Officer during the time periods asserted.  The remaining allegations in Paragraph 4 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 4 of the Cross-Claims.

5.      Pareteum admits that O'Donnell served as Pareteum's Chief Financial Officer during the time period asserted.  The remaining allegations in Paragraph 5 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 5 of the Cross-Claims.

6.      Pareteum admits that Bozzo served as Pareteum's Chief Executive Officer and Chief Commercial Officer during the time period asserted.  The remaining allegations in Paragraph

6 contain legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 6 of the Cross-Claims.

7.    Pareteum admits that McCarthy served as Pareteum's President and Chief Operating Officer during the time period asserted.

8.    Pareteum admits that Squar Milner was Pareteum's auditor during the time period asserted. The remaining allegations in Paragraph 8 do not concern Pareteum and/or contain legal conclusions and therefore no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 8 of the Cross-Claims.

9.    Pareteum states that Lead Plaintiff's First Amended Consolidated Complaint (The "FACC") is publicly available and speaks for itself. To the extent that the claims in Paragraph 9 mischaracterize or conflict with the allegations made within the FACC, Pareteum denies the allegations. Pareteum further refers the Court to its Answer to the FACC for its substantive responses to the referenced allegations.

10.    Pareteum states that the allegations in Paragraph 10 do not concern Pareteum and therefore no response is required.  Pareteum further states that it lacks information or knowledge sufficient to form a belief as to DJSI's awareness of the work performed by auditors or its reliance upon Squar Milner, and therefore denies the allegations. Pareteum further states that Paragraph 10 states a legal conclusion to which no response is required. To the extent further response is required, Pareteum denies the remaining allegations in Paragraph 10 of the Cross-Claims.

11.    Pareteum states that the allegations in Paragraph 11 do not concern Pareteum and therefore no response is required.  Pareteum further states that it lacks information or knowledge sufficient to form a belief as to the actual or constructive knowledge of Squar Milner, and therefore

denies the allegations. Pareteum denies the remaining allegations in Paragraph 11 of the Cross-Claims.

12.     Pareteum states that the Placement Agency Agreement referenced in Paragraph 12 of the Complaint speaks for itself. To the extent that Paragraph 12 mischaracterizes or conflicts with the terms of the Placement Agency Agreement, Pareteum denies the allegations. The second sentence of Paragraph 12 of the Cross-Claims states a legal conclusion to which no response is required. Pareteum lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 regarding DJSI's reliance upon the referenced offering materials, and therefore denies those allegations. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 12 of the Cross-Claims.

13.     The allegations contained in Paragraph 13 of the Cross-Claims state legal conclusions to which no response is required. Pareteum states that the SEC filings referenced in Paragraph 13 of the Complaint speak for themselves. To the extent that the allegations in Paragraph 13 mischaracterize or conflict with the representations made by Pareteum in the referenced SEC filings, Pareteum denies the allegations. Pareteum lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 regarding DJSI's reliance upon the referenced SEC filings, and therefore denies those allegations. To the extent Paragraph 13 states allegations with reference to other Defendants, no response is required.  To the extent that further response is required, Pareteum denies the allegations.

14.     Pareteum incorporates herein by reference each response set forth above and in Paragraphs 15-68 below.

15. The allegation contained in Paragraph 15 of the Cross-Claims is a legal conclusion to which no response is required. To the extent a response is required, Pareteum denies the allegation in Paragraph 15 of the Cross-Claims.

16. Pareteum states that the Placement Agency Agreement referenced in Paragraph 16 of the Complaint speaks for itself. To the extent that the allegations in Paragraph 16 mischaracterize or conflict with the terms of the Placement Agency Agreement, Pareteum denies the allegations. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 16 of the Cross-Claims.

17. The allegations contained in Paragraph 17 of the Cross-Claims are legal conclusions to which no response is required. To the extent a response is required, Pareteum refers the Court to the Placement Agency Agreement for a complete and accurate statement of its terms. To the extent that further response is required, Pareteum denies the allegations in Paragraph 17 of the Cross-Claims.

18. Pareteum lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 regarding DJSI's knowledge and beliefs, and therefore denies those allegations. Pareteum denies the remaining allegations in Paragraph 18 of the Cross-Claims.

19. The allegations contained in Paragraph 19 of the Cross-Claims are legal conclusions to which no response is required. Pareteum lacks knowledge or information sufficient to form a belief as to DJSI's knowledge or belief of any alleged false statements, and therefore denies the allegations in Paragraph 19. To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 19 of the Cross-Claims.

20.    The allegations contained in Paragraph 20 of the Cross-Claims are legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 20 of the Cross-Claims.

21.    Pareteum lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 regarding DJSI's expenditures, and therefore denies those allegations. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 21 of the Cross-Claims.

22.    The allegations contained in Paragraph 22 of the Cross-Claims state legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 22 of the Cross-Claims.

23.    Pareteum incorporates herein by reference each response set forth above and in Paragraphs 24-68 below.

24.    Pareteum states that the FACC is publicly available and speaks for itself. To the extent that the allegations in Paragraph 9 mischaracterize or conflict with the allegations within the FACC, Pareteum denies the allegations. Pareteum further refers DJSI to its Answer and Affirmative Defenses for its substantive responses to the referenced allegations. To the extent that further response is required, Pareteum denies the allegations.

25.    The allegations contained in Paragraph 25 of the Cross-Claims are legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 25 of the Cross-Claims.

26.    The allegations contained in Paragraph 26 of the Cross-Claims are legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 26 of the Cross-Claims.

27.    Pareteum incorporates herein by reference each response set forth above and in Paragraphs 28-68 below.

28.    The allegations contained in Paragraph 28 of the Cross-Claims are legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 28 of the Cross-Claims.

29.    The allegations contained in Paragraph 29 of the Cross-Claims are legal conclusions to which no response is required.  Pareteum further lacks knowledge or information sufficient to form a belief as to any due diligence performed by DJSI, or the extent to which DJSI relied upon any alleged misrepresentations, and therefore denies those allegations. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 29.

30.    Pareteum incorporates herein by reference each response set forth above and in Paragraphs 31-68 below.

31.    Pareteum states that the Placement Agency Agreement referenced in Paragraph 16 of the Complaint speaks for itself. To the extent that the allegations in Paragraph 16 mischaracterize or conflict with the terms of the Placement Agency Agreement, Pareteum denies the allegations. Pareteum further lacks knowledge or information sufficient to form a belief as to the extent to which DJSI relied upon Pareteum, and therefore denies those allegations. The remaining allegations contained within Paragraph 31 contain legal conclusions to which no response is required. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 31 of the Cross-Claims.

32.    Pareteum lacks knowledge or information sufficient to form a belief as to DJSI's' motives or reasons for placing Pareteum's September 2019 offering, and therefore denies those

allegations. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 32 of the Cross-Claims.

33.    The allegations contained in Paragraph 33 of the Cross-Claims are legal conclusions to which no response is required.  Pareteum further lacks knowledge or information sufficient to form a belief as to DJSI's performance under the Placement Agency Agreement, and therefore denies those allegations. To the extent a response is required, Pareteum denies the remaining allegations in Paragraph 33 of the Cross-Claims.

34.    The allegations contained in Paragraph 34 of the Cross-Claims are legal conclusions to which no response is required.  To the extent a response is required, Pareteum denies the allegations in Paragraph 34 of the Cross-Claims.

35.    Pareteum incorporates herein by reference each response set forth above and in Paragraphs 36-68 below.

36.    Pareteum states that the Registration Statement and financial statements referenced in Paragraph 36 of the Cross-Claims are publicly available and speak for themselves. To the extent that the allegations in Paragraph 36 mischaracterize or conflict with the contents or representations within the Registration Statement, Pareteum denies the allegations. The remaining allegations contained within Paragraph 36 contain a legal conclusion to which no response is required. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 36 of the Cross-Claims.

37.    The allegations regarding the Individual Defendants in Paragraph 37 do not concern Pareteum and therefore no response is required. The remaining allegations in Paragraph 37 contain a legal conclusion to which no response is required. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 37.

38. The allegations contained in Paragraph 38 of the Cross-Claims are legal conclusions to which no response is required. To the extent a response is required, Pareteum denies the allegations in Paragraph 38 of the Cross-Claims.

39. Pareteum lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 regarding DJSI's awareness or knowledge, and therefore denies those allegations. The remaining allegations in Paragraph 39 contain a legal conclusion to which no response is required. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 39.

40. The allegations regarding the Individual Defendants in Paragraph 40 do not concern Pareteum and therefore no response is required. The remaining allegations in Paragraph 40 contain legal conclusions to which no response is required. To the extent that further response is required, Pareteum denies the remaining allegations in Paragraph 40.

41. Pareteum incorporates herein by reference each response set forth above and in Paragraphs 42-68 below.

42. The allegations in Paragraph 42 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

43. The allegations in Paragraph 43 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

44. The allegations in Paragraph 44 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

45. The allegations in Paragraph 45 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

46.    The allegations in Paragraph 46 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

47.    The allegations in Paragraph 47 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

48.    Pareteum incorporates herein by reference each response set forth above and in Paragraphs 49-68 below.

49.    The allegations in Paragraph 49 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

50.    The allegations in Paragraph 50 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

51.    Pareteum incorporates herein by reference each response set forth above and in Paragraphs 52-68 below.

52.    The allegations in Paragraph 52 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

53.    The allegations in Paragraph 53 do not concern Pareteum and therefore no response is required. To the extent a response is required, Pareteum denies the allegations.

54.    No answer is required in response to the statements in DJSI's Prayer for Relief.  To the extent a response to those statements is required, Pareteum denies them and requests that this Court deny all relief requested by DJSI, dismiss the Cross-Claims with prejudice, and order such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

55.    Without assuming the burden of proof or persuasion where such burden properly rests with DJSI, and without waiving and hereby expressly reserving the right to assert any

defenses at such time and to such extent as discovery and factual developments establish a basis therefore, Pareteum asserts the following defenses to the claims asserted in the FACC:

## FIRST DEFENSE

56.    Pareteum denies any allegations not specifically admitted above.

## SECOND DEFENSE

57.    DJSI fails to state a cross-claim against Pareteum upon which relief may be granted.

## THIRD DEFENSE

58.    DJSI cannot meet its burden of proving the essential elements of a claim for breach of contract: (1) formation of a contract between DJSII and Pareteum; (2) performance by DJSII; (3) Pareteum's failure to perform; and (4) resulting damages.

## FOURTH DEFENSE

59.    DJSI cannot meet its burden of proving the essential elements of a claim for misrepresentation: (1) the existence of a special or privity-like relationship imposing a duty on Pareteum to impart correct information to DJSI; (2) the provision of incorrect information, which Pareteum should have known was correct; (3) Pareteum's knowledge that the information was being provided for a serious purpose; (4) DJSI's reasonable reliance upon the incorrect information; and (4) resulting damages.

## FIFTH DEFENSE

60.    DJSI cannot recover in contribution or indemnification from Pareteum, because Pareteum's alleged acts or omissions did not proximately cause DJSI's alleged losses.

## SIXTH DEFENSE

61.     DJSI was the proximate cause of all of its alleged losses, and any alleged acts or omissions by Pareteum were superseded by, *inter alia*, the wrongdoing of DJSI.

## SEVENTH DEFENSE

62.     Any loss sustained by DJSI was due to the conduct of DJSI and/or some other third party over whom DJSI exercised no control.

## EIGHTH DEFENSE

63.     DSJI is not entitled to contractual or common law indemnification.

## NINTH DEFENSE

64.     DJSI knew or should have known of all the facts in any way connected with or relating to the transactions alleged in the FACC as to Pareteum, duly ratified the actions of the Pareteum, and is precluded from recovery as against the Pareteum by the doctrines of estoppel, waiver and ratification.

## TENTH DEFENSE

65.     The Cross-Claims are barred by the terms of the Placement Agency Agreement forming the relationship between Pareteum and DJSI.

## ELEVENTH DEFENSE

66.     The Cross-Claims are barred by common law indemnification.

## TWELTH DEFENSE

67.     The Cross-Claims are not ripe for adjudication.

## THIRTEENTH DEFENSE

68.     To the extent DJSI's Cross-Claims refer to allegations in the FACC, Pareteum restates and incorporates by reference its affirmative defenses to the FACC as set forth in its Answer thereto.

**ADDITIONAL DEFENSES**

Pareteum asserts, and expressly reserve all rights with respect to all counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery, along with any claims and defenses asserted by other Defendants.  Pareteum also asserts and expressly reserves all rights with respect to all other defenses that may be revealed during the course of discovery.  Pareteum expressly reserve the right to amend and/or supplement this Answer.

WHEREFORE, Pareteum prays for judgment as follows:

1.      For a judgment and decree dismissing the Cross-Claims with prejudice;

2.      For a judgment and decree awarding costs, including attorneys' fees; and

3.      For such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
          October 1, 2021

**MCGUIREWOODS LLP**

*/s/ Stephen G. Foresta*
Stephen G. Foresta
Jeffrey J. Chapman

McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020
Telephone: (212) 548-7060
Facsimile: (212) 715-6277
sforesta@mcguirewoods.com
jchapman@mcguirewoods.com

*Counsel for Defendant Pareteum Corporation*

To: All counsel of record (Via ECF)