UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE PARETEUM SECURITIES LITIGATION | Case No. 1:19-cv-09767-AKH-GWG

**CROSS-DEFENDANTS ROBERT H. "HAL" TURNER, EDWARD "TED" O'DONNELL, VICTOR BOZZO, AND DENIS MCCARTHY'S ANSWER TO CROSS-CLAIMS BY DAWSON JAMES SECURITIES, INC.**

Cross-Defendants Robert H. "Hal" Turner ("Turner"), Edward "Ted" O'Donnell ("O'Donnell"), Victor Bozzo ("Bozzo") and Denis McCarthy ("McCarthy") (collectively the "Cross-Defendants") by and through their undersigned counsel, hereby answer to the cross-claims filed by defendant/cross-claimant Dawson James Securities, Inc. ("DJSI" or "Cross-Claimant").

Numbered paragraphs below correspond to the like-numbered paragraphs in DJSI's cross-claims. Except as specifically admitted, Cross-Defendants deny the allegations in the cross-claims, including without limitation headings, subheadings, and footnotes contained within the cross-claims and specifically deny any liability to DJSI.

Cross-Defendants further respond to the specific allegations in the cross-claims as follows:

1.    To the extent the allegations in Paragraph 1 of the cross-claims state legal conclusions, no response is required or appropriate. To the extent that a response is required, Cross-Defendants deny the allegations in Paragraph 1, except admit that this Court has jurisdiction over claims properly asserted under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Sections 11, 12, and 15 of the Securities Act of 1933.

2.    To the extent the allegations in Paragraph 2 of the cross-claims state legal conclusions, no response is required or appropriate. To the extent that a response is required, Cross-Defendants deny the allegations in Paragraph 2, except admit that venue is proper in this District insofar as venue is proper in the underlying Complaint.

3.    Cross-Defendants admit that Pareteum is a Delaware corporation with offices at 1185 Avenue of the Americas, NY, NY 10036 and that Pareteum's securities traded under the

2

ticker symbol "TEUM."  Except as expressly admitted, Cross-Defendants deny the allegations in Paragraph 3.

4.      Cross-Defendants admit Turner was the Executive Chairman of Pareteum's Board of Directors during the Class Period and was the Chief Executive Officer ("CEO") effective May 24, 2019.  Except as expressly admitted, Cross-Defendants deny the allegations in Paragraph 4.

5.      Cross-Defendants admit that O'Donnell was Pareteum's Chief Financial Officer ("CFO") during the Class Period.  Except as expressly admitted, Cross-Defendants deny the allegations in Paragraph 5.

6.      Cross-Defendants admit Bozzo served as Pareteum's CEO and Chief Commercial Officer.  Except as expressly admitted, Cross-Defendants deny the allegations in Paragraph 6.

7.      Cross-Defendants admit that McCarthy was Pareteum's President until May 2019, and then its Chief Operating Officer ("COO") (effective May 24, 2019).  Except as expressly admitted, Cross-Defendants deny the allegations in Paragraph 7.

8.      Cross-Defendants deny the allegations in Paragraph 8 of the cross-claims.

9.      Cross-Defendants admit that Paragraph 9 purports to describe Lead Plaintiff Pareteum Shareholder Investor Group's ("Lead Plaintiff") claims.  Except to the extent expressly admitted, Cross-Defendants deny the allegations in Paragraph 9.

10.     Cross-Defendants deny the allegations in Paragraph 10 of the cross-claims.

11.     Cross-Defendants deny the allegations in Paragraph 11 of the cross-claims.

12.     To the extent the allegations of Paragraph 12 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 12.

13.     Cross-Defendants deny the allegations in Paragraph 13 of the cross-claims.

14.    To the extent the allegations of Paragraph 14 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 14.

15.    To the extent the allegations of Paragraph 15 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 15.

16.    Cross-Defendants admit that Cross-Claimant references and selectively quotes from a Placement Agency Agreement, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 16.

17.    To the extent the allegations of Paragraph 17 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 17.

18.    Cross-Defendants deny the allegations in Paragraph 18 of the cross-claims.

19.    Cross-Defendants deny the allegations in Paragraph 19 of the cross-claims.

20.    Cross-Defendants deny the allegations in Paragraph 20 of the cross-claims.

21.    Cross-Defendants deny the allegations in Paragraph 21 of the cross-claims.

22.    To the extent the allegations of Paragraph 22 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 22.

23.     To the extent the allegations of Paragraph 23 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 23.

24.     Cross-Defendants admit that Paragraph 24 purports to describe Lead Plaintiff's

claims in the Complaint.  Except to the extent expressly admitted, Cross-Defendants deny the allegations in Paragraph 24.

25.    To the extent the allegations of Paragraph 25 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 25.

26.    To the extent the allegations of Paragraph 26 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 26.

27.    To the extent the allegations of Paragraph 27 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 27.

28.    To the extent the allegations of Paragraph 28 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 28.

29.    To the extent the allegations of Paragraph 29 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 29.

30.    To the extent the allegations of Paragraph 30 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 30.

31.    To the extent the allegations of Paragraph 31 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 31.

32.     To the extent the allegations of Paragraph 32 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 32.

33.     To the extent the allegations of Paragraph 33 state legal conclusions, no response is required or appropriate.  To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 33.

34.     To the extent the allegations of Paragraph 34 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 34.

35.     To the extent the allegations of Paragraph 35 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 35.

36.     Cross-Defendants deny the allegations in Paragraph 36 of the cross-claims.

37.     Cross-Defendants deny the allegations in Paragraph 37 of the cross-claims.

38.     To the extent the allegations of Paragraph 38 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 38.

39.     To the extent the allegations of Paragraph 39 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 39.

40.     To the extent the allegations of Paragraph 40 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 40.

41. To the extent the allegations of Paragraph 41 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 41.

42. Cross-Defendants deny the allegations in Paragraph 42 of the cross-claims.

43. To the extent the allegations of Paragraph 43 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 43.

44. Cross-Defendants deny the allegations in Paragraph 44 of the cross-claims.

45. To the extent the allegations of Paragraph 45 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 45.

46. To the extent the allegations of Paragraph 46 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 46.

47. To the extent the allegations of Paragraph 47 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 47.

48. To the extent the allegations of Paragraph 48 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 48.

49. To the extent the allegations of Paragraph 49 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 49.

50. To the extent the allegations of Paragraph 50 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 50.

51. To the extent the allegations of Paragraph 51 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 51.

52. To the extent the allegations of Paragraph 52 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 52.

53. To the extent the allegations of Paragraph 53 state legal conclusions, no response is required or appropriate. To the extent a response is required, Cross-Defendants deny the allegations in Paragraph 53.

The remainder of the cross-claims consists of Cross-Claimant's reservation of rights, prayer for relief, and jury demand to which no response is required. To the extent a response is required, Cross-Defendants deny that Cross-Claimant is entitled to the relief sought in the cross-claims or to any relief whatsoever.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Cross-Defendants, without waiver limitation or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because no statement allegedly made by Cross-Defendants contain any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

## SECOND AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because Cross-Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

## THIRD AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because Cross-Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

## FOURTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because Cross-Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because Cross-Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

## SIXTH AFFIRMATIVE DEFENSE

9

Cross claimant's claims are barred in whole or in part because DJSI has not sufficiently alleged, and cannot prove that Cross-Claimant relied upon any material misrepresentation or omission allegedly made by Cross-Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because Cross-Claimant has not sufficiently alleged, and cannot prove, that its alleged injuries were directly or proximately caused by any material misrepresentation or omission allegedly made by Cross-Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because any alleged damages that Cross-Claimant suffered, were caused by independent, intervening, and/or superseding events beyond Cross-Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## NINTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because Cross-Claimant has not sufficiently alleged, and cannot prove that Cross-Claimant suffered any cognizable injury, and further, the damages alleged by Cross-Claimant, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

## TENTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because Cross-Claimant has failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Cross-Defendant's alleged material misstatements and omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

10

Cross-Claimant's claims are barred in whole or in part because Cross-Claimant knew or reasonably should have known of the alleged acts and omissions complained of.

### TWELTH AFFIRMATIVE DEFENSE

Cross-Claimant claims are barred in whole or in part because Cross-Claimant has not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Cross-Claimant's are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some of the alleged misrepresentations described in the cross-claims are "forward-looking statements" that cannot be the basis for liability by virtue of Rule 175, 17 C.F.R. § 230.175 (promulgated pursuant to the Securities Act of 1933) and/or provisions of Section 27A of the Securities Act of 1933 and/or Section 21E of the Securities Exchange Act of 193.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the cross-claims are based on any predictions, expressions of opinion, puffery, or forward-looking statements, Cross-Claimant is barred from recovery in whole or in part by the safe harbor provisions of the Private Securities Litigations Reform Act of 1995 or the bespeaks caution doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

11

The claims of some or all of Cross-Claimant are barred based on the doctrine of assumption of risk.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because the cross-claims and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

## NINETEENTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part because Cross-Defendants reasonably relied on the expertise and opinions of professional experts and had no reasonable ground to have known that there were inaccuracies in any alleged material misrepresentation or omissions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Cross-Defendants deny any allegations not specifically admitted above.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part to the extent that they are based on alleged statements that are not attributable to Cross-Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part by its own actions, omissions, and/or negligence.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred in whole or in part due to the doctrine of comparative negligence.

## TWENTY-FIFTH AFFIRMTIVE DEFENSE

The cross-claims are barred by the terms of the Placement Agency Agreement.

## TWENTY-SIXTH AFFIRMTIVE DEFENSE

The cross-claims are not ripe for adjudication.

## TWENTY-SEVENTH AFFIRMTIVE DEFENSE

To the extent DJSI's cross-claims refer to allegations in the underlying Complaint, Cross-Defendants restate and incorporate by reference their affirmative defenses to the underlying Complaint as set forth in their Answer thereto.

## ADDITIONAL DEFENSES

Cross-Defendants presently have insufficient knowledge of information to determine whether they may have additional, as yet unstated defenses.  Cross-Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter.  Cross-Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Lead Plaintiff's Complaint and Cross-Claimant's claims, through discovery or through further legal analysis of Cross-Claimant's position in this litigation.

Dated: New York, New York
      October 1, 2021

                                       **BAKER & HOSTETLER LLP**

*/s/ Douglas W. Greene*
Douglas W. Greene (*pro hac vice*)
dgreene@bakerlaw.com
Genevieve York-Erwin
gyorkerwin@bakerlaw.com
Chardaie Charlemagne
ccharlemagne@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200

*Counsel for Cross-Defendants*
*Robert H. "Hal" Turner*
*("Turner"), Edward "Ted"*
*O'Donnell ("O'Donnell"), Victor*
*Bozzo ("Bozzo") and Denis*
*McCarthy ("McCarthy")*

To: All counsel of record (Via ECF)