UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE PARETEUM SECURITIES LITIGATION

Case No. 1:19-cv-09767-AKH-GWG

**ANSWER BY DEFENDANT SQUAR MILNER LLP TO CROSS CLAIMS BY DEFENDANT JAMES DAWSON SECURITIES, INC.**

Defendant Squar Milner, LLP ("Squar Milner") by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby Answers the Cross-Claims (Doc. No. 203) by Defendant Dawson James Securities, Inc. ("DJSI"), as follows:

Except as specifically admitted, Squar Milner denies the allegations in the Cross-Claims, including without limitation any headings, subheadings, and footnotes contained in the Cross-Claims, and specifically denies any liability to DJSI. Squar Milner incorporates by reference all relevant portions of its Answer, filed on September 10, 2021 (Doc. No. 202).

Square Milner states in response to the initial unnumbered paragraph in the Cross-Claims that no response is required because it contains only legal conclusions and does not assert facts, but, to the extent a response is required, all allegations are denied.

## JURISDICTION AND VENUE

1.      The allegations contained in Paragraph 1 of the Cross-Claims are legal conclusions to which no response is required.

259725364v.1

2.      The allegations contained in Paragraph 1 of the Cross-Claims are legal conclusions to which no response is required.

## THE PARTIES

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 3 of the Cross-Claims.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 4 of the Cross-Claims.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 5 of the Cross-Claims.

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 6 of the Cross-Claims.

7.       Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 7 of the Cross-Claims.

8.      Denies the allegations contained in paragraph 8 of the Cross-Claims except admits that a firm formerly known as Squar Milner existed in California from 2014 until its business was combined with Baker Tilly and was engaged during certain periods as Pareteum's auditor.

## NATURE OF THE CROSS-CLAIMS

9.      Refers the Court to Lead Plaintiff's First Amended Complaint, which speaks for itself, and denies the allegations in paragraph 9 to the extent they are contrary to the allegations in the First Amended Complaint.

10.      Denies the allegations contained in paragraph 10 of the Cross-Claims.

11.      Denies the allegations contained in paragraph 11 of the Cross-Claims.

12.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 12 of the Cross-Claims.

13.     Denies the allegations contained in paragraph 13 of the Cross-Claims.

**FIRST CROSS CLAIM: CONTRACTUAL
INDEMNITY
(Against Pareteum)**

14.     Repeats each answer set forth above.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 15 of the Cross-Claims.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 16 of the Cross-Claims.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 17 of the Cross-Claims.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 18 of the Cross-Claims.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 19 of the Cross-Claims.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 20 of the Cross-Claims.

21.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 21 of the Cross-Claims.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 22 of the Cross-Claims.

259725364v.1

### SECOND CROSS-CLAIM: CONTRIBUTION
### (Against Pareteum and Individual Defendants)

23. Repeats each answer set forth above.

24. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 24 of the Cross-Claims.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 25 of the Cross-Claims.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 26 of the Cross-Claims.

### THIRD CROSS-CLAIM: INDEMNIFICATION
### (Against Pareteum and Individual Defendants)

27. Repeats each answer set forth above.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 28 of the Cross-Claims.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 29 of the Cross-Claims.

### FOURTH CROSS-CLAIM: BREACH OF CONTRACT
### (Against Pareteum)

30. Repeats each answer set forth above.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 31 of the Cross-Claims.

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 32 of the Cross-Claims.

259725364v.1

33. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 33 of the Cross-Claims.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 34 of the Cross-Claims.

## FIFTH CROSS-CLAIM: NEGLIGENT MISREPRESENTATION
### (Against Pareteum and Individual Defendants)

35. Repeats each answer set forth above.

36. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 36 of the Cross-Claims.

37. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 37 of the Cross-Claims.

38. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 38 of the Cross-Claims.

39. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 39 of the Cross-Claims.

40. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 40 of the Cross-Claims.

## SIXTH CROSS-CLAIM: NEGLIGENT MISREPRESENTATION
### (Against Squar Milner)

41. Repeats each answer set forth above.

42. Denies the allegations contained in paragraph 42 of the Cross-Claims.

43. Denies the allegations contained in paragraph 43 of the Cross-Claims.

44. Refers the Court to the Audit Report and otherwise denies the allegations contained in paragraph 44 of the Cross-Claims.

45.     Denies the allegations contained in paragraph 45 of the Cross-Claims, except takes no position whether DSJI was negligent or failed to adequately investigate.

46.     Denies the allegations contained in paragraph 46 of the Cross-Claims.

47.     Denies the allegations contained in paragraph 47 of the Cross-Claims

### SEVENTH CROSS-CLAIM: CONTRIBUTION
### (Against Squar Milner)

48.     Repeats the answers set forth above.

49.     Denies the allegations contained in paragraph 49 of the Cross-Claims.

50.     Denies the allegations contained in paragraph 50 of the Cross-Claims.

### EIGTH CROSS-CLAIM: INDEMNIFICATION
### (Against Squar Milner)

51.     Repeats the answers set forth above.

52.     Denies the allegations contained in paragraph 52 of the Cross-Claims.

53.     Denies the allegations contained in paragraph 53 of the Cross-Claims.

No response is required to DJSI's reservation of rights, prayer for relief, and jury demand. To the extent a response is required, Squar Milner denies that DSJI is entitled to any of the relief sought in the cross-claims, or to any relief whatsoever, and requests that the Court deny the Cross-Claims and dismiss them with prejudice.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Squar Milner, without waiver, limitation or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses:

259725364v.1

## FIRST AFFIRMATIVE DEFENSE

DJSI's Cross-Claims fail to state a claim against Squar Milner upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Squar Milner did not cause any damages suffered by DJSI.

## THIRD AFFIRMATIVE DEFENSE

DKSI's alleged losses were caused by the acts of DJSI itself or third parties over whom Squar Milner exercised no control.

## FOURTH AFFIRMATIVE DEFENSE

The Cross-Claims are barred by applicable law.

## FIFTH AFFIRMATIVE DEFENSE

The Cross-Claims are not ripe.

## SIXTH AFFIRMATIVE DEFENSE

DSJI did not rely upon Squar Milner for any decision or action it took in connection with Pareteum.

## SEVENTH AFFIRMATIVE DEFENSE

DSJI assumed the risk of any losses it incurred.

## ADDITIONAL DEFENSES

Squar Milner has insufficient knowledge of information to determine whether they may have additional, as yet unstated defenses. Squar Milner has not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter. Squar Milner reserves the right to amend this Answer to

7

the Cross-Claims to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Lead Plaintiff's Complaint and Cross-Claimant's claims, through discovery or through further legal analysis of Cross-Claimant's position in this litigation.

Dated:  White Plains, New York
         October 4, 2021

                          Respectfully submitted,

                  Wilson Elser Moskowitz Edelman & Dicker LLP


              By: */s/ Peter J. Larkin*
                  Peter J. Larkin
                  Rebecca R. Gelozin
                  1133 Westchester Avenue
                  White Plains, New York 10604
                  (914) 323-7000
                  *Attorneys for Defendant Squar Milner, LLP*

259725364v.1