## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**IN RE PARETEUM SECURITIES LITIGATION** | **Case No. 1:19-cv-09767-AKH-GWG**

<u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement, dated as of September 7, 2022 (the "Stipulation") is entered into between: (1) Lead Plaintiff, the Pareteum Shareholder Investor Group, comprised of Kevin Ivkovich, Stephen Jones, Keith Moore, Nicholas Steffey, and Robert E. Whitley, Jr. ("Lead Plaintiff") and additional plaintiff Douglas Loskot ("Loskot") (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and Defendants Victor Bozzo, Denis McCarthy, Edward O'Donnell, and Robert H. Turner named in the case *In re Pareteum Securities Litigation*, No. 19-cv-09767-AKH (S.D.N.Y.) (the "Federal Class Action"); and (2) Plaintiff Douglas Loskot and Defendants Victor Bozzo, Luis Jimenez-Tuñon, Robert Lippert, Edward O'Donnell, Yves Van Sante, and Robert H. Turner named in the case *Loskot v. Pareteum Corp.*, No. 20-CIV-02279 (Cal. Super. Ct., San Mateo Cnty.) (the "Loskot Action"). This Stipulation embodies the terms and conditions of the settlement of the Federal Class Action and the Loskot Action.[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve all Released Claims (defined below), and to dismiss with prejudice the

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

Federal Class Action and the Loskot Action and all claims asserted therein against the Individual Defendants.

WHEREAS:

A.      On October 22, 2019, the Federal Class Action was filed by Pareteum Shareholder Investor Group in the United States District Court for Southern District of New York (the "Court") as a putative class action.  ECF No. 1.  The case was assigned to United States District Court Judge Alvin K. Hellerstein and Magistrate Judge Gabriel W. Gorenstein.

B.      By Order dated January 10, 2020, the Court appointed the Pareteum Shareholder Investor Group as Lead Plaintiff and approved Kahn Swick & Foti, LLC ("Lead Counsel") as Lead Counsel for the proposed class.  ECF No. 79.

C.      On May 29, 2020, the Loskot Action was filed by plaintiff Douglas Loskot as a putative class action in the Superior Court of California, County of San Mateo (the "California Court").  The complaint in the Loskot Action (the "Loskot Complaint") asserted claims against Pareteum and certain Individual Defendants for violating Sections, 11 and 15 of the Securities Act.

D.      On July 17, 2020, Lead Plaintiff filed and served their First Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Defendants Pareteum Corporation ("Pareteum"), Robert H. Turner, Edward O'Donnell, Victor Bozzo, and Denis McCarthy under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against certain individual defendants under Section 20(a) of the Exchange Act, and against Defendants Pareteum, Robert H. Turner, Edward O'Donnell, Victor Bozzo, Dawson James Securities Inc. ("DJSI"), and Squar Milner LLP ("Squar Milner") for violating Sections, 11, 12, and/or 15 of the Securities Act of 1933 ("Securities Act"). Among other things, the Complaint alleged that between December 14, 2017 and October

21, 2019 (the "Class Period"), Pareteum, a communications corporation, and the certain Individual Defendants made materially false and misleading statements regarding Pareteum's reported revenues, realized revenue growth rates, and contractual revenue backlog. When Defendants' alleged misstatements and omissions were revealed and Pareteum announced its intention to issue a restatement of past financial statements on October 22, 2019, the Company's share price dropped to a 52-week low in after-market trading.  ECF No. 168 at ¶ 149.

E.      On August 3, 2020, defendants in the Federal Class Action filed and served motions to dismiss the Complaint.  ECF Nos. 175-183.  On August 27, 2020, Lead Plaintiff filed its omnibus opposition to Defendants' motions to dismiss. ECF No. 185.  On September 3-4, 2020, Defendants filed their reply papers.  ECF No. 187-188, 191.

F.      On February 25, 2021, Lead Counsel, Counsel for Loskot, Counsel for plaintiffs in another related, individual action, *Sabby Volatility Warrant Master Fund, Ltd. v. Pareteum Corp.*, No. 1:19-cv-10460-AKH (S.D.N.Y.) (the "Sabby Action"), and Defendants' Counsel participated in a full-day virtual mediation session overseen by David Murphy, Esq. of Phillips ADR Enterprises LLC. The session ended without any agreement being reached.

G.      On August 11, 2021, the Court issued an Opinion and Order denying Defendants' motions to dismiss. ECF 201.

H.      On September 13, 2021, Lead Plaintiff served Pareteum and certain Individual Defendants with its First Set of Requests for Production of Documents, to which Pareteum responded on October 12, 2021 and the Individual Defendants responded on October 18, 2021.

I.      On September 30, 2021, Lead Plaintiff served Pareteum and certain Individual Defendants with its Second Set of Requests for Production of Documents, to which certain

Individual Defendants responded on October 29, 2021 and Pareteum responded on November 1, 2021.

J.      The Court held a Status Conference on October 6, 2021. ECF No. 217. Thereafter, pursuant to the Court's instruction, the Parties negotiated and drafted a Joint Rule 26(f) Report Proposed Case Management Plan, which was submitted to the Court on October 13, 2021. ECF No. 219. The Court entered an Order endorsing the Proposed Case Management Plan on October 15, 2021. ECF No. 222.

K.      On November 10, 2021, Pareteum served Lead Plaintiff with its First Set of Requests for Production of Documents and First Set of Interrogatories. Each member of the Pareteum Shareholder Investor Group responded to the Requests for Production and Interrogatories on December 10, 2021 and Lead Plaintiff produced documents pursuant to the Requests for Production on November 2, 2021 and July 13, 2022.

L.      On December 1, 2021, Lead Plaintiff propounded Requests for Admission on Pareteum and certain Individual Defendants, and certain Individual Defendants propounded Requests for Admission on Lead Plaintiff the same day. Pareteum responded to the Requests for Admission on January 10, 2022. Lead Plaintiff responded to the Requests for Admission on January 14, 2022. Certain Individual Defendants responded to the Requests for Admission on July 13, 2022.

M.      On December 1, 2021 Lead Plaintiff filed a Motion for Class Certification (ECF No. 226), on January 21, 2022 the Court granted Lead Plaintiff's Motion for Class Certification (ECF No. 234), and on January 26, 2022 Defendant Pareteum filed a letter request that the Court withdraw its Order granting Lead Plaintiff's Motion for Class Certification in order to provide Defendants an opportunity to respond. ECF No. 235. The Court granted Pareteum's request on

January 26, 2022 and vacated the Order granting Lead Plaintiff's Motion for Class Certification. ECF No. 236.

N.      On February 4, 2022, Pareteum filed an Unopposed Motion to Stay Further Proceedings for 90 days in light of ongoing governmental investigations into Defendants' conduct relating to the same subject matter of the Federal Class Action and Loskot Action and the "precarious financial status of Pareteum, which has been exploring a range of strategic alternatives to address ongoing liquidity constraints." ECF No. 238 at 1. The Court granted Pareteum's Motion to Stay on February 10, 2022. ECF No. 239. On May 11, 2022, Pareteum requested that the Court extend the stay for an additional 90 days. ECF No. 242. On May 17, 2022, the Court entered an Order setting a Status Conference to address the request for May 25, 2022. ECF No. 243.

O.      On May 18, 2022, Pareteum filed a Suggestion of Bankruptcy. ECF No. 244. On May 20, 2022, the Court entered an Order rescheduling the Status Conference to June 1, 2022 and directing Lead Plaintiff to submit a letter providing the Court with an update on the status of the case and proposed agenda for the June 1, 2022 Status Conference (ECF No. 245), which Lead Plaintiff timely submitted on May 27, 2022. ECF No. 247.

P.      The Court held a Status Conference on June 1, 2022 and the same day entered a Post-Conference Order setting a schedule for ongoing proceedings in the Federal Class Action and Sabby Action as against all Defendants except Pareteum, as well as scheduling a Status Conference for September 13, 2022. ECF No. 249. The Post-Conference Order also provided, among other deadlines, that Lead Plaintiff complete at least five fact witness depositions by September 5, 2022.

Q.      On June 8, 2022, certain Individual Defendants served their First Set of Requests for Production of Documents on Lead Plaintiff. Each member of the Pareteum Shareholder Investor Group responded to the Requests for Production on July 8, 2022.

R.      On June 13, 2022, Lead Plaintiff served certain Individual Defendants with its First Set of Interrogatories.

S.      Lead Plaintiff served multiple third-party subpoenas throughout discovery.

T.      In response to Lead Plaintiff's Requests for Production, Pareteum and certain Individual Defendants produced 21,168 documents.

U.      Between June 24, 2022 and August 10, 2022, Lead Counsel and Counsel for certain Individual Defendants met and conferred numerous times via email and telephone regarding available dates for the depositions of certain Individual Defendants, potential other deponents, whether depositions would be in-person or remote, and whether Counsel for certain Individual Defendants would accept service of process of deposition subpoenas for witnesses Rob Mumby. Lead Plaintiff served Notices of Deposition on Counsel for certain Individual Defendants for the depositions of Defendants McCarthy and Bozzo on August 5 and August 8, 2021, respectively. Lead Plaintiff served a deposition subpoena on former Pareteum employee Dragana Linfield on August 10, 2022. Lead Plaintiff attempted to serve deposition subpoenas on former Pareteum employees Rob Mumby and Stanley Stefanski but were ultimately unsuccessful in their attempts. After a final meet-and confer on August 10, the Parties prepared their respective positions on the various discovery disputes in a joint letter to be submitted to the Court.

V.      On July 19, 2022, Lead Counsel, Counsel for Loskot, Counsel for Plaintiff Sabby, and Individual Defendants' Counsel participated in a second full-day virtual mediation session overseen by David Murphy, Esq. of Phillips ADR Enterprises LLC.

W.      The session ended without any agreement being reached.

X.      Following the mediation session, the Parties continued their discussions with Mr. Murphy (while simultaneously negotiating the details and logistics of certain Individual

6

Defendants' imminent depositions as detailed above), which culminated in Mr. Murphy making a settlement proposal for the Parties' consideration, which both sides accepted.  The Parties in the Federal Class Action and Loskot Action thereafter memorialized the settlement in a confidential Memorandum of Understanding (the "MOU") executed on August 15, 2022.[2] The Parties informed the Court of the MOU on August 17, 2022 and requested the Court stay further proceedings in the Federal Class Action (ECF No. 258), which the Court granted on August 19, 2022. ECF No.259.

Y.     The MOU sets forth, among other things, the Parties' agreement to settle and release all claims asserted against the Individual Defendants in the Federal Class Action and the Loskot Action in return for a cash payment by or on behalf of the Individual Defendants of: (1) $5,250,000; and (2) $100,000 toward the cost of class notice, subject to certain terms and conditions (as referenced in ¶ 24 below), and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

Z.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

AA.     Based upon their investigation, prosecution, and mediation of the case, Plaintiffs, Lead Counsel, and Counsel for Loskot have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of the Federal Class Action and the Loskot Action and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Federal Class Action and the Loskot Action pursuant to the terms and provisions of this Stipulation, after considering, among

---

[2] The parties in the Sabby Action executed a Settlement Agreement and Release, dated August 15, 2022.

other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

BB.    This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Individual Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Individual Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Individual Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Individual Defendants have, or could have, asserted.  Individual Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Federal Class Action or the Loskot Action, or an admission or concession that any of the Individual Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Federal Class Action and Loskot Action have been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Individual Defendants in good faith, that the Federal Class Action and Loskot Action are being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Individual Defendants, by and through their respective undersigned attorneys and subject to the approval of

the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against Individual Defendants' Releasees and all Released Individual Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(b)      "Authorized Claimant" means a Settlement Class Member who submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(c)      "Bankruptcy Court" means the court presiding over Defendant Pareteum's bankruptcy styled, *In re Pareteum Corp.*, No. 22-10615 (LGB) (Bankr. S.D.N.Y.).

(d)      "Claim" means a Claim Form submitted to the Claims Administrator.

(e)      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(f)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(g) "Claims Administrator" means the independent claims administrator selected by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i) "Class Period" means the period between December 14, 2017 and October 21, 2019, inclusive.

(j) "Complaint" means the First Amended Consolidated Complaint (the "Complaint") for Violations of the Federal Securities Laws filed by lead plaintiff in the Federal Class Action on July 17, 2020, ECF 168.

(k) "Counsel for Loskot" means The Weiser Law Firm.

(l) "Court" means the United States District Court for the Southern District of New York.

(m) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶29 of this Stipulation have been met and have occurred or have been waived.

(n) "Escrow Account" means an interest-bearing account maintained by the Escrow Agent.

(o) "Escrow Agent" means Lead Counsel Kahn Swick & Foti, LLC.

(p) "Excluded Claims" means (i) any claims asserted by Plaintiff in the Sabby Action and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(q)     "Federal Class Action" means the consolidated putative securities class action in the matter styled, *In re Pareteum Securities Litigation*, No. 19-cv-09767-AKH (S.D.N.Y.).

(r)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(s)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(t)     "Individual Defendants" means defendants Victor Bozzo, Denis McCarthy, Edward O'Donnell, and Robert H. Turner, named in the Federal Class Action; and defendants

11

Victor Bozzo, Luis Jimenez-Tuñon, Robert Lippert, Edward O'Donnell, Yves Van Sante, and Robert H. Turner, named in the case Loskot Action.

(u)    "Individual Defendants' Counsel" means Baker & Hostetler LLP and Davis Wright Tremaine LLP.

(v)    "Individual Defendants' Releasees" means: (i) Individual Defendants; (ii) for each Individual Defendant, their respective attorneys (including Individual Defendants' Counsel and McGonigle, P.C.), accountants, assigns, assignees, insurers, reinsurers, consultants, agents, experts, and any entity in which any Defendant has or had a controlling interest, in their capacities as such; (iii) for each the Individual Defendants, their respective Immediate Family members, heirs, executors, beneficiaries, and any trust of which any Defendant is the grantor or settlor or which is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family, in their capacities as such.

(w)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)    "Lead Counsel" means the law firm of Kahn Swick & Foti.

(y)    "Lead Plaintiff" means the Pareteum Shareholder Investor Group, comprised of Kevin Ivkovich, Stephen Jones, Keith Moore, Nicholas Steffey, and Robert E. Whitley, Jr.

(z)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Federal Class Action and the Loskot Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(aa)   "Loskot Action" means the putative securities class action in the matter styled, *Loskot v. Pareteum Corp.*, No. 20-CIV-02279 (Cal. Super. Ct., San Mateo Cnty.).

(bb)   "Loskot Complaint" means the complaint for Violations of the Federal Securities Laws filed by plaintiff Douglas Loskot in the Loskot Action on May 29, 2020.

(cc)   "Net Settlement Fund" means the balance of the Settlement Fund after payment of items (a) through (c) of ¶ 10 of this Stipulation.

(dd)   "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members.

(ee)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ff)   "Notice Fund" means the $100,000 in cash that the Individual Defendants cause to be paid toward Notice and Administration Costs.

(gg)   "Pareteum" means Pareteum Corporation.

(hh)   "Pareteum Common Stock" means the common stock of Pareteum.

(ii)   "Parties" means Individual Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(jj)    "Plaintiffs" means Pareteum Shareholder Investor Group, comprised of Kevin Ivkovich, Stephen Jones, Keith Moore, Nicholas Steffey, and Robert E. Whitley, Jr., and Douglas Loskot.

(kk)    "Plaintiffs' Counsel" means Lead Counsel Kahn Swick & Foti, LLC and The Weiser Law Firm, Counsel for Loskot, who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(ll)    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Federal Class Action and the Loskot Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, trusts, trustees, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(mm)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(nn)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(oo)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(pp)    "Released Claims" means all Released Individual Defendants' Claims and all Released Plaintiffs' Claims.

(qq)    "Released Defendants' Parties" means the Individual Defendants, the other Individual Defendants' Releasees, and Squar Milner.

(rr)   "Released Individual Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether accrued or unaccrued, whether asserted or unasserted, whether arising under federal, state, common or foreign law, or in equity, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Federal Class Action and Loskot Action against Individual Defendants.  Released Individual Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(ss)   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether accrued or unaccrued, whether asserted or unasserted, whether arising under federal, state, common or foreign law, or in equity, that Plaintiffs or any other member of the Settlement Class asserted in the Complaint or Loskot Complaint or could have asserted in any forum, and that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or Loskot Complaint that relate to the purchase, acquisition, sale, disposition, or holding of Pareteum Common Stock and/or any other form of Pareteum security, during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii); and any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(tt)   "Releasee(s)" means each and any of Individual Defendants' Releasees and each and any of Plaintiffs' Releasees.

(uu)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(vv)  "Sabby Action" means the individual action styled, *Sabby Volatility Warrant Master Fund, Ltd. v. Pareteum Corp.*, No. 1:19-cv-10460-AKH (S.D.N.Y.).

(ww)  "Settlement" means the settlement between Plaintiffs and Individual Defendants on the terms and conditions set forth in this Stipulation.

(xx)  "Settlement Amount" means $5,250,000 in cash.

(yy)  "Settlement Class" means all persons and entities who or which purchased or otherwise acquired Pareteum Pareteum securities, between December 14, 2017 and October 21, 2019, inclusive (the "Settlement Class Period") and were damaged thereby.  Excluded from the Class are: (1) persons who suffered no compensable losses; and (2) (a) Individual Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the Immediate Families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, predecessors and affiliates of Pareteum; (d) any persons who served as officers and/or directors of Pareteum during the Class Period; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest during the Class Period; (f) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family, as those terms are customarily defined in stipulations of settlement; and (g) Individual Defendants' liability insurance carriers.  Also excluded from the Class are the plaintiff in the Sabby Action  and any persons and entities who or which validly exclude themselves by submitting a request for exclusion that is accepted by the Court.

(zz)  "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(aaa)  "Settlement Class Period" means the period between December 14, 2017 and October 21, 2019, inclusive.

(bbb) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ccc) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ddd) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(eee) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(fff) "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Individual Defendants' Claims which any Individual Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Individual Defendants shall expressly waive, and each of the other Settlement Class

17

Members and each of the other Individual Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, or of equity, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Individual Defendants acknowledge, and each of the other Settlement Class Members and each of the other Individual Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## **CLASS CERTIFICATION**

2.      Solely for purposes of the Settlement and for no other purpose, Individual Defendants stipulate and agree to: (a) certification of the Federal Class Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## **PRELIMINARY APPROVAL OF SETTLEMENT**

3.      Within three (3) business days of execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Individual Defendants.  Concurrently with the

motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Individual Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Federal Class Action and Loskot Action as against Individual Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment , or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Individual Defendants and the other Individual Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of Individual Defendants' Releasees.  This release shall not apply to any Excluded Claim.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Individual Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment, or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every

4855-5955-0256.7

Released Individual Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Individual Defendants' Claims against any of Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

8.      Plaintiff in the Loskot Action will dismiss that litigation on final approval of the Settlement and the members of the class alleged in the Loskot Action shall be members of the Settlement Class in the Federal Class Action and part of the Plan of Allocation.

## THE SETTLEMENT CONSIDERATION

9.      In consideration of the settlement of the Released Plaintiffs' Claims against Individual Defendants and the other Individual Defendants' Releasees, the Individual Defendants' insurers shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than twenty (20) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Individual Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

10.     Subject to the terms of this Stipulation and any orders of the Court, the Settlement Fund shall be applied as follows:(a) to pay Notice and Administration Costs and/or all costs and expenses reasonably and actually incurred in connection with providing Notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Claims Forms, and pay escrow fees and costs, if any; (b) to pay Taxes; (c) to pay Plaintiffs' Counsel's attorneys' fees and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award"); and (d) after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation (including ¶¶ 20-27 below) and the Plan of Allocation and any other applicable order of the Court only after the Bankruptcy Court enters a comfort order after opposition or on consent to confirm that insurance proceeds may be utilized to fund the Settlement Award, Notice and Administration Costs, and the settlement in the Sabby Action. The Notice Fund shall be used to pay the Notice and Administration Costs.

11.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"); or (b) secured by instruments

4855-5955-0256.7

backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. Individual Defendants' Releasees shall not bear any responsibility for, or liability related to the investment of the Settlement Fund by the Escrow Agent.

12.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Individual Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Individual Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.     All Taxes shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without further order of the Court. Any tax returns

prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Individual Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14.     The Settlement is not a claims-made settlement.   Upon the occurrence of the Effective Date, no Individual Defendant, Individual Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     Individual Defendants through their insurers, shall remit $100,000 ("Notice Fund"), toward all Notice and Administration Costs actually incurred and paid or payable for the cost of class notice, into an escrow account specified by Lead Plaintiff no later than twenty (20) business days after the later of (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Individual Defendants' Counsel's receipt from Lead Counsel of a W-9 and wire instructions for the Notice Fund.   Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the escrow agent.   Notwithstanding the fact that the Effective Date has not yet occurred,

Lead Counsel may pay from the Notice Fund the actual costs of notice and settlement administration without further order of the Court. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Individual Defendants, any of the other Individual Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount and/or Notice Fund.

16.    The Parties acknowledge that the Settlement Amount and the Notice Fund will be funded from the applicable directors and officers' liability insurance program, which consists of XL Specialty Insurance Company Policy No. ELU162673-19; Wesco Insurance Company Policy No. EUW1522653 01; and North River Insurance Company Policy No. 577-100419-2 (collectively, the "ABC Policies").  The Parties agree that, other than payment of the Settlement Amount, Notice Fund, and payment of a settlement in the Sabby Action, the remaining proceeds of the ABC Policies only will be used to pay Defense Costs for Claims (as those terms are defined in the ABC Policies) covered under the ABC Policies.  The Parties also agree that the proceeds of XL Insurance Company Policy No. ELU162674-19 (the "Side A Policy") only will be used to pay Defense Expenses for Claims (as those terms are defined in the Side A Policy) covered under the Side A Policy.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.    Lead Counsel will apply to the Court for a collective award of attorneys' fees, which shall incorporate attorneys' fees and expenses for Counsel for Loskot in the Loskot Action, to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the

Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application

for an award of attorneys' fees and/or litigation expenses is not the subject of any agreement

between Individual Defendants and Plaintiffs other than what is set forth in this Stipulation.[3]

18.     Any attorneys' fees and litigation expenses that are awarded by the Court shall be

paid to Lead Counsel immediately upon final approval of the Settlement, notwithstanding the

existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral

attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make

appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net

rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of

this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful

collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed and

such order reducing or reversing the award has become Final.  Lead Counsel shall make the

appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from

Individual Defendants' Counsel notice of the termination of the Settlement; or (b) any order

reducing or reversing the award of attorneys' fees and/or litigation expenses has become Final.

An award of attorneys' fees and/or litigation expenses is not a necessary term of this Stipulation

and is not a condition of the Settlement embodied herein.  Neither Plaintiffs, Lead Counsel, nor

Counsel for Loskot may cancel or terminate the Settlement based on this Court's or any appellate

court's ruling with respect to attorneys' fees and/or litigation expenses.

19.     Individual Defendants and their insurance carriers shall have no responsibility for,

and no liability with respect to, the allocation of any attorneys' fees or costs among any Plaintiffs'

---

[3] Pursuant to a separate agreement, Lead Counsel and Counsel for Sabby in the Sabby Action will share any Loskot attorneys' fee 70/30%, respectively.

Counsel or to any other person or any obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon. The attorneys' fees and litigation expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

20.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to, the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Individual Defendants, nor any other Individual Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Member or Lead Counsel in connection with the foregoing.  Individual Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.     Plaintiffs shall file a motion requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") substantially in the form of Exhibit A-1 hereto, the Proof of Claim and Release (the "Claim Form") substantially in the form of Exhibit A-2 hereto, and the Summary Notice (the "Summary Notice") substantially in the form of Exhibit A-3 hereto, and the Postcard Notice (the "Postcard Notice") substantially in the form of Exhibit A-4 hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of

Allocation, the general terms of the request for attorneys' fees and litigation expenses, and the date of the Settlement Hearing (as defined below).

22.     Lead Counsel shall request the Court to schedule a hearing after notice is given (the "Settlement Hearing") at which hearing Plaintiffs will seek final Court approval of the Settlement and entry of the Judgment. At the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation. The form of Preliminary Approval Order submitted to the Court shall specifically include provisions that, among other things, will:

(a)     Preliminarily approve this Stipulation and the Settlement as fair, just, reasonable, and adequate;

(b)     Approve the form of the Notice to be posted on the Settlement website described in subparagraph (h) below and the Postcard Notice for mailing to Members of the Settlement Class for whom no email address is available, which shall direct Settlement Class Members to the Settlement website for Notice and Claim Form;

(c)     Approve the form of the Claim Form to be posted on the Settlement website described in subparagraph (h) below;

(d)     Approve the form of Summary Notice for publication and for emailing to Members of the Settlement Class for whom an email address is available, which shall direct Settlement Class Members to the Settlement website for Notice and Proof of Claim Form;

(e)     Direct Lead Counsel to cause to be mailed the Postcard Notice to those Persons in the Class who can be identified through reasonable effort (or for Settlement Class Members whose email addresses can reasonably be ascertained, emailed a link to the Settlement website containing the Notice and Proof of Claim) on or before the date specified in the Preliminary Approval Order;

(f)     Direct nominees who purchased or otherwise acquired common stock of Pareteum for the benefit of Settlement Class Members between December 14, 2017 and October 21, 2019, inclusive, to send the Postcard Notice to all such Settlement Class Members within ten (10) days after receipt of the Notice or send a list of the names, email address, and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice, and authorize the Claims Administrator to reimburse such nominees at no more than the rates provided in the Notice for sending such information;

(g)     Direct Lead Counsel to cause the Summary Notice to be published twice in nationally distributed, business-focused newswires on or before the dates specified in the Preliminary Approval Order, and to place a copy of the Notice, Claim Form, Complaint, Stipulation (including Exhibits), and other Settlement-related documents on a Settlement-specific page of a website maintained by the Claims Administrator, on or before the date specified in the Preliminary Approval Order;

(h)     Provide that Settlement Class Members who wish to participate in the Settlement shall complete and file Claim Forms pursuant to the instructions contained therein, and provide the Claims Administrator with all requested documentation;

(i)     Find that the notice given pursuant to subparagraphs (c)-(h) above constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

(j)     Schedule the Settlement Hearing to be held by the Court to consider and determine whether the Settlement should be approved as fair, reasonable, and adequate, and whether the Judgment approving the Settlement should be entered;

4855-5955-0256.7

(k)      Provide that any Settlement Class Member who so desires may exercise the right to exclude themselves from the Settlement but only if they comply with the requirements for so doing as set forth in the Notice;

(l)      Provide that at or after the Settlement Hearing, the Court shall determine whether the proposed Plan of Allocation should be approved;

(m)      Provide that at or after the Settlement Hearing, the Court shall determine and enter an Order regarding whether and in what amount attorneys' fees and reimbursement of expenses should be awarded to Plaintiffs' Counsel out of the Settlement Fund;

(n)      Provide that pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, whether directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Individual Defendants' Releasees;

(o)      Provide that any objections to: (i) the Settlement; (ii) entry of the Judgment approving the Settlement; (iii) the proposed Plan of Allocation; or (iv) Plaintiffs' Counsel's fee and expense application(s), and any papers submitted in support of said objections, shall be considered by the Court at the Settlement Hearing only if, on or before the date specified in the Preliminary Approval Order, Persons making objections shall have filed and served written objections (which shall set forth each objection and the basis therefore) and copies of any papers in support of their position as set forth in the Notice; and

(p)      Provide that the Settlement Hearing may be continued or adjourned by Order of the Court without further notice to the Settlement Class.

23.      Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound

by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Federal Class Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Individual Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Lead Counsel will apply to the Court, on notice to Individual Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

25.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Federal Class Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Individual Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

26.     No person or entity shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Individual Defendants' Releasees and/or their respective counsel, arising from distributions made

30

substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Individual Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

27.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

28.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Individual Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

29.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Bankruptcy Court enters a comfort order that the insurance proceeds contemplated to fund the Settlement Amount, Notice Fund, and the settlement in the Sabby Action may be utilized for those purposes;

(b)    the court presiding over the Loskot Action dismisses the Loskot Action;

(c)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(d)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 9 above;

(e)    Individual Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(f)    Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(g)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

30.    Upon the occurrence of all of the events referenced in ¶ 29 above, any and all remaining interest or right of Individual Defendants in or to the Settlement Fund or Notice Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

31.    If: (i) Individual Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Bankruptcy Court disapproves the motion for a comfort order

after opposition or on consent to confirm that insurance proceeds may be utilized to fund the Settlement Award, Notice and Administration Costs, and the settlement in the Sabby Action; (iv) the court in the Loskot Action refuses to dismiss the action; (v) the Court disapproves the Settlement; or (vi) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Plaintiffs and Individual Defendants shall revert to their respective positions in the Federal Class Action and Loskot Action as of September 7, 2022.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 31, shall have no further force and effect with respect to the Parties and shall not be used in the Federal Class Action, Loskot Action, or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Individual Defendants' Counsel and Lead Counsel to the Escrow Agent: (i) the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 18 above), less any Taxes paid, due or owing; and (ii) the Notice Fund, shall be refunded by the Escrow Agent to Individual Defendants (or such other persons or entities as Individual Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

4855-5955-0256.7

32.     It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Individual Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Bankruptcy Court denying a comfort order after opposition or on consent to confirm that the insurance proceeds may be utilized to fund the Settlement Award, Notice Fund, and the settlement in the Sabby Action; (b) the court presiding over the Loskot Action failing to dismiss the litigation; (c) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (d) the Court's final refusal to approve the Settlement or any material part thereof; (e) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (f) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (g) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 29 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of litigation expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

33.     In addition to the grounds set forth in ¶ 32 above, Individual Defendants shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Individual Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental

Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Individual Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

34.     The Judgment shall contain a provision, substantially in the form set forth in Exhibit "B" hereto (the "Bar Order"), barring claims for contribution by or against the Individual Defendants, to the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation. Nothing herein is intended to broaden the language of the PSLRA. The Judgment shall also contain a provision, substantially in the form set forth in Exhibit "B" hereto, requiring that any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order as defined herein be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Individual Defendants for common damages; or (ii) the amount paid pursuant to this Settlement to the Class or Class Member for common damages.

35.     The Final Approval Order shall have the following language:

a)  Bar Order: Upon the Effective Date, any and all claims for contribution, however denominated, arising out of or related in any way to the Action (a) by any person or entity against any Individual Defendant or (b) by any Individual Defendant against any person or entity, other than a person or entity whose liability to the Class has been extinguished

pursuant to the Settlement, are permanently barred, enjoined and finally discharged to the fullest extent provided 15 U.S.C. § 78u4(f)(7) and any other applicable law or regulation (the "Bar Order").

b) Judgment Reduction: Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Individual Defendants for common damages; or (b) the amount paid by or on behalf of the Individual Defendants to the Class or Class Member for common damages.

## NO ADMISSION OF WRONGDOING

36.     Neither the MOU, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and this Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Individual Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Individual Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Federal Class Action, the Loskot Action, the Sabby Action, or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Individual Defendants' Releasees or in any way referred to for any other reason as against any of the Individual Defendants' Releasees, in any

civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Individual Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

37.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38.      In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf

4855-5955-0256.7

of Individual Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Individual Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Individual Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 30 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 30.

39.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Individual Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and their counsel and Individual Defendants and their counsel agree not to assert in any forum that the Federal Class Action and the Loskot Action were brought by Plaintiffs or defended by Individual Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or any state analogue thereof, relating to the institution, prosecution, defense, or settlement of the Federal Class Action and the Loskot Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by David Murphy, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and

consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

40.     While retaining their right to deny that the claims asserted in the Federal Class Action and Loskot Action were meritorious, Individual Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Federal Class Action and Loskot Action were commenced or prosecuted in bad faith, nor will they deny that the Federal Class Action and Loskot Action were commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and Individual Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Federal Class Action and the Loskot Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

41.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Individual Defendants (or their successors-in-interest).

42.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

43.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and litigation expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

44.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

45.     This Stipulation and its exhibits constitute the entire agreement among Plaintiffs and the Individual Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits other than those contained and memorialized in such documents.

46.     This Stipulation may be executed in one or more counterparts, including by signature transmitted by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

47.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

48.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

49.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

50.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

4855-5955-0256.7

51.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

52.     Lead Counsel and Individual Defendants' Counsel agree to cooperate fully with one another in seeking entry of a comfort order by the Bankruptcy Court to confirm that the insurance proceeds may be utilized to fund the Settlement, Notice Fund, and the settlement in the Sabby Action.  Individual Defendants' Counsel will provide Lead Counsel with a draft of any pleadings to be submitted to the Bankruptcy Court to obtain the comfort order for their review and the form of such order shall be subject to Lead Counsel's reasonable consent. The Parties further agree to cooperate fully with one another in seeking Court approval for the Settlement in the Federal Class Action.  Lead Counsel will provide Individual Defendants' Counsel with a draft of the preliminary approval briefs for their review prior to filing the motions for preliminary approval in the Court.  The Parties will cooperate to defend the Settlement against any objections filed in the Bankruptcy Court and/or in the Federal Class Action.

53.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

<div style="padding-left: 2em;">

If to Plaintiffs or Lead Counsel:    Kahn Swick & Foti
Attn: Lewis S. Kahn
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Email: lewis.kahn@ksfcounsel.com

If to Individual Defendants:

As to Messrs. Turner, O'Donnell, McCarthy, Bozzo, and Van Sante:

</div>

41

Douglas W. Greene
Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: (212) 589-4200
Email: dgreene@bakerlaw.com

As to Messrs. Lippert and Jimenez-Tuñon:

James K. Goldfarb
Davis Wright Tremaine LLP
1185 Avenue of the Americas, 21st Floor
New York, NY 10036
Telephone: (212) 880-3999
Email: jamesgoldfarb@dwt.com

54.     Except as otherwise provided herein, each Party shall bear its own costs.

55.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

56.     All agreements made and orders entered during the course of the Federal Class Action and the Loskot Action relating to the confidentiality of information shall survive this Settlement.

57.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

4855-5955-0256.7

## NOTICE AS REQUIRED BY CAFA

58.    Individual Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"). Individual Defendants shall provide a copy of such notices as well as proof of service of such notices to Lead Counsel. In accordance with 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held earlier than ninety (90) days after any such requisite notices are served. Individual Defendants shall bear all cost and expenses associated with providing CAFA notice.


**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 7, 2022.


**KAHN SWICK & FOTI**
Kim E. Miller (NY-6996)
250 Park Ave., 7th Floor
New York, NY 10177
(866) 467-1400

*Lead Counsel for Lead Plaintiff in Federal Class Action*


**BAKER & HOSTETLER LLP**
Douglas W. Greene
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200

*Counsel for Defendants Victor Bozzo, Denis McCarthy, Edward O'Donnell, Robert H. Turner, and Yves Van Sante*


**THE WEISER LAW FIRM**
Chris Nelson
Four Tower Bridge 200
Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
(610) 225-2677

*Counsel for Plaintiff Douglas Loskot*


**DAVIS WRIGHT TREMAINE LLP**
James K. Goldfarb
1185 Avenue of the Americas, 21st floor
New York, NY 10036
(212) 880-3999

*Counsel for Defendants Robert Lippert and Luis Jimenez-Tuñon*

43

4855-5955-0256.7