UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE PARETEUM SECURITIES LITIGATION

Case No. 1:19-cv-09767-AKH-GWG

**EXHIBIT A**

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE OF PENDENCY**

This Court, having reviewed and considered the Settling Parties' Stipulations of Settlement dated July 14, 2022 and September 7, 2022 and their Amended Stipulations of Settlement dated October 25, 2022, and Plaintiffs' motion for an order preliminarily approving the Settlement, ORDERS:

1. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a settlement class consisting of all persons and entities that purchased or otherwise acquired Pareteum securities during the period from December 14, 2017, through October 21, 2019, inclusive (the "Class Period") (the "Settlement Class"). Excluded from the Settlement Class are the Individual Defendants, Defendant Squar Milner LLP ("Squar Milner" and together with the Individual Defendants, the "Settling Defendants"), the officers and directors of Pareteum and Squar Milner at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which the Settling Defendants have or had a controlling interest.

3. The Court has determined preliminarily and for the purpose of Settlement only that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims or defenses of Plaintiffs are typical of the Settlement Class; and (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class. The Court further preliminarily finds that the questions of law or fact

common to Settlement Class Members predominate over any questions affecting individual members, including but not limited to whether Pareteum published materially false and/or misleading statements between December 14, 2017, and October 21, 2019, as alleged by Plaintiffs. The Court also preliminarily finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. The Settlement Fairness Hearing shall be held before this Court on <u>April 25, 2023</u> at <u>10:30a.m.</u>, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 14D, New York, NY, 10007, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulations is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Settlement Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; whether a Judgment as provided in the Stipulations and their Exhibit B, which, *inter alia*, dismisses the Action with prejudice as to all Individual Defendants and Defendant Squar Milner and contains releases, should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of reasonable fees, time, costs, expenses, if any, that should be awarded to Lead Counsel. The Court may adjourn the Settlement Fairness Hearing without further notice to Settlement Class Members.

5. The Court approves, as to form and content, the Notice of Proposed Class Action Settlement (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), the Summary Notice (the "Summary Notice"), and the Postcard Notice (the "Postcard Notice"), included respectively as Exhibits A-1, A-2, A-3, and A-4, and finds that the mailing and email distribution of the Postcard Notice and publishing of the Summary Notice substantially in the manner and form set forth therein meet the requirements of Federal Rule of Civil Procedure 23 and due process, and

constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The Court further reserves the right to enter a Final Judgment and Order of Dismissal with Prejudice that approves the Settlement and dismisses the Action on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7. The Court appoints Strategic Claims Services ("SCS" or the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than 14 days after entry of this order (the "Notice Date"), Lead Counsel shall cause a link to the Summary Notice and the Claim Form, substantially in the forms annexed as Exhibits A-3 and A-2 hereto and hosted on a website maintained by the Claims Administrator, to be emailed to all Settlement Class Members whose last-known email addresses can be identified with reasonable effort. Where a last-known email address is not reasonably available or where an email is returned as being undeliverable, Lead Counsel shall cause a copy of the Postcard Notice (substantially in form annexed as Exhibit A-4 hereto) providing an address, phone number and website address where Settlement Class Members can obtain the Notice and Claim Form, advising them of their right to exclude themselves or to opt out, and of the date and time for the Settlement Hearing to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort.

(b) Not later than 21 days after the issuance of this Order, Lead Counsel shall cause the Summary Notice to be published twice in nationally distributed, business-focused newswires, and not later than 21 days after the issuance of this Order, Lead Counsel shall place a

copy of the Complaint and the Stipulation (including Exhibits) on the Settlement website maintained by the Claims Administrator.

(c) Not later than 30 days after the issuance of this Order, Lead Counsel shall cause to be served on the Settling Defendants' counsel and filed with the Court proof, by affidavit or declaration, of the mailing and publishing described above.

(d) Not later than 7 days prior to the Settlement Hearing, Lead Counsel shall cause the Claims Administrator to submit a report outlining the implementation of the Notice, including how many Notices were sent, how many Claim Forms were submitted, how many Claim Forms were approved, how many Claim Forms were rejected, and the total dollar amount of approved Claim Forms to-date.

8. Nominees who purchased or otherwise acquired securities of Pareteum for the benefit of Settlement Class Members between December 14, 2017, and October 21, 2019, inclusive, shall send the Notice and Claim Form to all such Settlement Class Members within ten (10) days after receipt of the Notice or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice. Lead Counsel shall, if requested, reimburse, out of the Class Notice and Administration Fund, banks, brokerage houses or other nominees solely for their reasonable, documented out-of-pocket expenses incurred in providing notice to beneficiaries who are Settlement Class Members up to $0.03 for providing names, addresses and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by nominees, plus postage at the rate used by the Claims Administrator; or $0.03 per notice sent by email.

9. All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

10. Settlement Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than April 3, 2023. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

11. Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulations, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulations or the Judgment.

12. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13. Any Settlement Class Member may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel.

14. Any Settlement Class Member who does not make a written objection in the manner provided and/or appear in person or through a representative at the Settlement Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to the Plan of Allocation, to the award of

attorneys' fees and expenses to Lead Counsel.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulations and Plan of Allocation provided, however, that it may only do so after the Bankruptcy Court has entered a comfort order after opposition or on consent to confirm that insurance proceeds may be utilized to fund the Settlement Award, Notice and Administration Costs in this Action and in the Sabby Action.

16. No Released Defendants' Parties or Released Plaintiffs' Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Settlement Fairness Hearing, the Court will determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

18. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulations. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

19. Neither the Stipulations, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by any Released Person of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an

4895-1068-7537.2

admission or concession that, Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss.

20. In the event that the Settlement does not become Final in accordance with the Stipulations or the Effective Date does not occur, or the Bankruptcy Court does not enter a comfort order to confirm that insurance proceeds may be utilized to fund the Settlement Award, Notice and Administration Costs in this Action and in the Sabby Action, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulations and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulations.

21. The Court reserves the right to continue the Settlement Fairness Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

22. Pending the Settlement Fairness Hearing, all Settlement Class Members are enjoined from initiating or prosecuting any actions or claims against any Released Defendants' Parties that are within the scope of the releases provided for by the Stipulations. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of Defendants' Releasees.

23. The following schedule of dates shall govern the resolution of this Settlement:

| EVENT: | PROPOSED DEADLINE: |
|---|---|
| Deadline for Lead Counsel to provide notice to Settlement Class Members by either: (a) emailing the Summary Notice to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses; or (b) mailing the Postcard Notice, if an email address cannot be obtained, by first class mail, postage prepaid, to Settlement Class Members who can be identified with reasonable effort by Lead Counsel, through the Claims Administrator | Not later than **28 days** after the later of entry of Preliminary Approval Order and entry by Bankruptcy Court of a comfort order on insurance proceeds. |
| Deadline for Lead Counsel to cause the Summary Notice to be published twice in nationally distributed, business-focused newswires | Not later than **35 days** after the later of entry of Preliminary Approval Order and entry by Bankruptcy Court of a comfort order on insurance proceeds. |
| Deadline for Lead Counsel to file affidavit of notice of emailing, mailing, and publication | Not later than **44 days** after the later of entry of Preliminary Approval Order and entry by Bankruptcy Court of a comfort order on insurance proceeds. |
| Deadline for filing of papers in support of (i) the Settlement, (ii) the Plan of Allocation, (iii) the application by Lead Counsel for attorneys' fees and/or reimbursement of expenses (collectively, the "Applications") | Not later than **30 days** before the Settlement Hearing and after entry by Bankruptcy Court of a comfort order on insurance proceeds. |
| Deadline for Settlement Class Members to submit/file:<br>• Proof of Claim and Release Forms<br>• Requests to be excluded from the Settlement Class<br>• Objections to the Settlement, or any of the Applications | Not later than **21 days** before the Settlement Hearing and after entry by Bankruptcy Court of a comfort order on insurance proceeds. |
| Deadline for filing reply to any opposition to the Applications or any response to any objection(s) filed | Not later than **7 days** before the Settlement Hearing and after entry by Bankruptcy Court of a comfort order on insurance proceeds. |
| Deadline for Claims Administrator to submit report outlining implementation of notice and claims administration | Not later than **7 days** before the Settlement Hearing and after entry by Bankruptcy Court of a comfort order on insurance proceeds. |
| Date of Settlement Hearing | At least **124 days** after entry of Preliminary Approval Order and after entry by Bankruptcy Court of a comfort order on insurance proceeds. |

Date: DEC. 20, 2022

SO ORDERED.

_____
Honorable Alvin K. Hellerstein, U.S.D.J

4895-1068-7537.2