**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PARETEUM SECURITIES LITIGATION | Case No. 1:19-cv-09767-AKH-GWG<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT** |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**If you purchased or otherwise acquired Pareteum Corporation common stock (ticker symbol "TEUM") between December 14, 2017 and October 21, 2019, inclusive, including in connection with Pareteum's tender offer exchange for iPass, Inc. common stock on or about February 12, 2019, or Pareteum's Secondary Offering on or about September 20, 2019, you could receive a payment from this class action settlement.[1]**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- This Settlement resolves claims against Defendants Victor Bozzo, Denis McCarthy, Edward O'Donnell, and Robert H. Turner (the "Individual Defendants")[2] and Squar Milner LLP ("Squar Milner," and collectively with the Individual Defendants, the "Settling Defendants") in a federal class action lawsuit alleging that Pareteum Corporation ("Pareteum" or the "Company") and certain Individual Defendants issued materially false and misleading statements between December 14, 2017 and October 21, 2019, inclusive (the "Settlement Class Period") regarding, among other things, Pareteum's reported revenue and realized growth rates, revenue recognition, GAAP compliance, internal controls, and financial reporting, backlog value and conversion rates, access to a credit facility, and Company growth. In so doing, Lead Plaintiff alleges that certain Individual Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as well as Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"). The same lawsuit alleges that Defendant Squar Milner issued an audit report (the "Audit Report") of Pareteum Corporation's ("Pareteum" or the "Company") consolidated financial statements as of and for the year ended December 31, 2018, which falsely certified that Pareteum's financial statements fairly presented the Company's financial position as of December 31, 2018, and December 31, 2017, and were prepared in accordance with GAAP, and falsely represented that it conducted its audits or reviews in accordance with Public Company According Oversight Board ("PCAOB") standards. In so doing, Lead Plaintiff alleges that Squar Milner violated Section 11 of the Securities Act.

- The Settling Defendants deny Lead Plaintiff's allegations. The Settling Defendants and Lead Plaintiff disagree on, among other things, whether the Settling Defendants violated any federal securities laws and whether the alleged violations caused any damages to the Settlement Class Members.

- The federal court has certified, for settlement purposes only, a class consisting of all persons and entities that purchased or otherwise acquired Pareteum securities between December 14, 2017 and October 21,

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement with the Defendant Squar Milner LLP, dated July 14, 2022 (the "Squar Milner Stipulation" of the "Squar Milner Settlement") and the Stipulation of Settlement with the Individual Defendants, dated September 7, 2022 (the "Individual Defendants' Stipulation" or the "Individual Defendants' Settlement") and the Amended Stipulations and Agreements of Settlement dated October 25, 2022. Collectively the Squar Milner Settlement and Individual Defendants' Settlement are referred to herein at various times as "the Settlement."

[2] In addition to those individual defendants named in *In re Pareteum Securities Litigation*, No. 19-cv-09767-AKH (S.D.N.Y.), the "Individual Defendants" include defendants Luis Jimenez-Tuñon, Robert Lippert, and Yves Van Sante, named in the case *Loskot v. Pareteum Corp.*, No. 20-CIV-02279 (Cal. Super. Ct., San Mateo Cnty.) (the "Loskot Action").

1

2019, inclusive, including in connection with Pareteum's tender offer exchange for iPass, Inc. common stock on or about February 12, 2019, or Pareteum's Secondary Offering on or about September 20, 2019. The Settlement Class excludes all non-Settling Defendants and all Settling Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which the non-Settling Defendants or Settling Defendants has or had a controlling interest, and Sabby Volatility Warrant Master Fund, Ltd. ("Plaintiff Sabby").

- The Individual Defendants' Settlement and Squar Milner Settlement will provide a combined $5,650,000 cash Settlement Fund for the benefit of Settlement Class Members. The average recovery per damaged share of Pareteum common stock is $0.022 before deduction of fees and expenses. However, your recovery from the Settlement Fund will depend on a number of variables, including the number of shares of Pareteum common stock you purchased during the Settlement Class Period, the timing of your purchases and any sales, and the number and size of claims actually filed.

- The Court-appointed Lead Plaintiff is the Pareteum Shareholder Investor Group, comprised of Kevin Ivkovich, Stephen Jones, Keith Moore, Nicholas Steffey, and Robert E. Whitley, Jr. ("Lead Plaintiff" or "PSIG"). The Settling Defendants are the Individual Defendants and Squar Milner. The Non-Settling Defendants are Pareteum and Dawson James Securities Inc ("DJSI").

- Only those claims against the Settling Defendants will be dismissed upon the Effective Date of the Individual Defendants' Settlement and Squar Milner Settlement.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY APRIL 3, 2023** | The only way to get a payment in the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY APRIL 3, 2023** | Get no payment pursuant to the Settlement. This is the **only** option that allows you to be a part of any other lawsuit against the Settling Defendants and their affiliates involving the claims released by the Individual Defendants' Settlement and Squar Milner Settlement. |
| **OBJECT BY APRIL 3, 2023** | Write a letter to the Court objecting to the Settlement. You must still file a claim if you want to receive payment from the Settlement. |
| **GO TO A HEARING ON APRIL 25, 2023** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | Get no payment from the Settlement. You will also be giving up your rights regarding all claims released by the Settlement and any other lawsuit as to the securities. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals by Settlement Class Members are resolved.

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery Under the Settlement

Pursuant to the Settlement described herein, a combined $5,650,000 cash Settlement Fund has been established. Lead Plaintiff estimates that there were approximately 256.4 million Pareteum common stock shares traded during the Settlement Class Period that may have been damaged. Lead Plaintiff estimates that the average recovery per damaged share of Pareteum common stock under the Settlement is approximately $0.022 before deduction of fees and expenses. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund (defined below), determined by that Claimant's recognized loss (*i.e.*, a claim proved by timely submission of a valid Proof of Claim and Release form) as compared to the total recognized losses of all Settlement Class Members. This proportional allocation is called "proration." *See* the Plan of Allocation beginning on Page 8 for more information.

### Statement of Claims, Issues, Defenses, and Potential Outcome of Case

Lead Plaintiff alleges that certain Individual Defendants violated Sections 10(b) and 20(a) of the Exchange Act, as well as Sections 11 and 15 of the Securities Act, by making materially false and misleading statements throughout the Settlement Class Period regarding, among other things, Pareteum's reported revenue and realized growth rates, revenue recognition, GAAP compliance, internal controls and financial reporting, backlog value and conversion rates, access to a credit facility, and Company growth. Lead Plaintiff alleges that Defendant Squar Milner, Pareteum's outside auditor, violated Section 11 of the Securities Act, by falsely certifying that Pareteum's financial statements presented the Company's financial position as of December 31, 2018 and December 31, 2017 and were prepared in accordance with GAAP, and falsely representing that it conducted its audits or reviews in accordance with PCAOB standards. Lead Plaintiff also alleges Non-Settling Defendants violated Sections 10(b) and 20(a) the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) and/or Sections 11 and 15 of the Securities Act.

Lead Plaintiff filed a First Consolidated Amended Class Action Complaint (the "FAC") on July 17, 2020, asserting claims against Pareteum, certain Individual Defendants, Squar Milner, and DJSI. Defendants filed motions to dismiss the FAC on August 4, 2020, and the matter was heard before the Court on October 29, 2020. At the conclusion of oral argument, the Court held that Lead Plaintiff had adequately pled falsity with respect to its Exchange Act and Securities Act claims and took the remainder of the issues under advisement. On August 11, 2021, the Court issued an Opinion and Order denying Defendants' motions to dismiss in their entirety. With respect to Squar Milner, the Court found that Lead Plaintiff adequately pled that Squar Milner's Audit Report was not protected opinion because there were sufficient allegations that "misleading information was embedded and further information was necessary to make these figures not misleading."

On February 25, 2021, Lead Plaintiff and the Settling Defendants took part in a full-day mediation with David Murphy of Phillips ADR. Thereafter, Lead Plaintiff and the Settling Defendants worked continuously towards a resolution of Lead Plaintiffs' claims. On May 15, 2022, Pareteum filed a voluntary petition for Chapter 11 Bankruptcy and, as a result, the Action was automatically stayed as to Defendant Pareteum. Lead Plaintiff and Squar Milner reached an agreement in principle to settle the action on June 23, 2022. Lead Plaintiff and the Individual Defendants reached an agreement in principle to settle the action on September 7, 2022.

Had the case gone to trial, the Settling Defendants would have asserted a myriad of factual and legal defenses, including their argument that the Individual Defendants and Squar Milner fully complied with the federal securities laws and did not make any materially untrue or misleading statements or omissions. The Settling Defendants would also have contested: (1) the measure and amount of recoverable damages, if any; and (2) the extent to which the statements that Lead Plaintiff alleged as materially false or misleading influenced (if at all) the trading prices of Pareteum securities during the relevant time period.

Furthermore, to the extent Lead Plaintiff succeeded on any claims, certain Settling Defendants could have appealed, which could have resulted in additional years of litigation with no certainty as to outcome. Thus, had this Action continued, Lead Plaintiff and the Settlement Class would have faced the possibility of obtaining no recovery. This Settlement enables the Settlement Class to promptly recover a meaningful percentage of the alleged damages as calculated by Lead Counsel in conjunction with their economics consultant, without incurring any additional risk. As a result, Lead Plaintiff and Lead Counsel believe the Settlement is a fair, reasonable, and adequate recovery.

Lead Plaintiff and the Settling Defendants disagree on the amount of damages, if any, which would have been recoverable had Lead Plaintiff prevailed on its claims against certain Individual Defendants and Squar Milner

in this Action. Lead Plaintiff contends that certain Settling Defendants' misrepresentations and omissions alleged in the FAC were a direct cause of the artificial elevation and eventual decline in the price of Pareteum's common stock and caused Lead Plaintiff and the Settlement Class to be damaged. Lead Plaintiff further contends that the alleged stock decline(s) are fully attributable to the alleged misrepresentations and omissions set forth in the FAC. The Settling Defendants contend that they made no misrepresentations or omissions and that the alleged misrepresentations and/or omissions set forth in the FAC did not cause a decline in Pareteum's common stock and, therefore, Lead Plaintiff and the Settlement Class are not entitled to any recovery.

**<u>Statement of Attorneys' Fees and Costs Sought</u>**

Lead Counsel will move the Court to award (1) attorneys' fees in an amount not greater than thirty percent (30%) of the gross Settlement Fund, and (2) reimbursement of expenses incurred in connection with the prosecution of this Action not to exceed $425,000. The requested fees and expenses, which will be paid out of the gross Settlement Fund, would amount to an average of not more than $0.008 per damaged share in total for fees and expenses for Pareteum common stock shares. Lead Counsel and Plaintiff Sabby have a fee agreement with Counsel for Loskot.  The agreement provides that the fee, if any, for Counsel for Loskot will be determined by a mediator, with 70% of any fees awarded to Counsel for Loskot to be paid out of Lead Counsel's fee award in this Action, and 30% to be paid by Plaintiff Sabby. The Mediator's determination is subject to appeal to Judge Hellerstein. See Questions 8-11 below for more information. Settlement Class Members are not personally liable for any such fees, expenses, or compensation.

**<u>Further Information</u>**

Further information regarding the Action and this Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Hearing (the "Notice") may be obtained by contacting the Claims Administrator: Pareteum Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, Telephone (866) 274-4004, www.PareteumSecuritiesLitigation.com or Lead Counsel: Lewis S. Kahn, Esq., Kahn Swick & Foti, LLC, 1100 Poydras Street, Suite 3200, New Orleans, Louisiana 70163, Telephone: 504-455-1400.

**<u>Reasons for the Settlement</u>**

For Lead Plaintiff, the principal reason for the Settlement is the benefit to be provided to the Settlement Class at this time, compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future. Lead Plaintiff further considered, after conducting a substantial investigation into the factual and legal issues, the risks to proving liability and damages and to sustaining a certified class through trial, as well as the impact of Pareteum's bankruptcy filing. For the Settling Defendants, which deny all allegations of wrongdoing or liability, the principal reason for the Settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

**<u>HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM FORM</u>**

**How can I get a payment?**

To qualify for a payment, you must send in a Proof of Claim and Release form ("Claim Form"). A Claim Form is being circulated with this Notice. You may also get a Claim Form on the Internet at www.PareteumSecuritiesLitigation.com. Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked no later than April 3, 2023.

**When would I get my payment?**

The Court will hold a hearing on April 25, 2023, to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals by Settlement Class Members. Resolving appeals can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed.

**What am I giving up to get a payment?**

Unless you specifically exclude yourself, you will be treated as a member of this Class Action. This means that upon the Effective Date, you will relinquish all Released Claims against the Released Defendants' Parties. These terms are defined below:

4

"Released Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiffs, any Settlement Class Members, or their successors, assigns, executors, administrators, representatives, attorneys and agents, whether brought directly, indirectly, or derivatively against any of the Released Defendants' Parties, which arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in, or that could have been set forth, alleged, or referred to in, the First Amended Consolidated Complaint (the "FAC") filed in the Action on July 17, 2020, or which could have been asserted in any other forum that arise out of or are based upon the allegations, transactions, facts, matters, representations, or omissions, involved, set forth, or referred to in the FAC. For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement.

"Released Defendants' Parties" means each and all of defendants Victor Bozzo, Denis McCarthy, Edward O'Donnell, and Robert H. Turner, named in the Federal Class Action, defendants Victor Bozzo, Luis Jimenez-Tuñon, Robert Lippert, Edward O'Donnell, Yves Van Sante, and Robert H. Turner, named in the Loskot Action, Squar Milner LLP, and all past, present and future direct and indirect parent entities, subsidiaries, related entities and affiliates, and, as applicable, their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers (specifically including, but not limited to XL Specialty Insurance Company, Wesco Insurance Company, North River Insurance Company, Navigators Specialty Insurance Company, and The Hartford), reinsurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

The "Effective Date" will occur when an order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a Member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Settling Defendants and the other Released Defendants' Parties in some other lawsuit as to the Released Claims in this lawsuit, then you must take steps to remove yourself from this lawsuit. **You may wish to consult with your own counsel before excluding yourself or "opting out" of the Settlement.** If more than a certain percentage of Settlement Class Members opt out or exclude themselves from the Settlement, the Settling Defendants may withdraw from and terminate the Settlement(s).

### How do I exclude myself from the proposed settlement?

To exclude yourself from the Settlement, you must send a signed letter by mail stating that you "request exclusion from the Settlement Class in *In re Pareteum Securities Litigation*, Civil Action No. 1:19-cv-09767." Your letter should state the date(s), price(s), and number of shares of all your purchases and sales of Pareteum securities during the Settlement Class Period. In addition, be sure to include your name, address, telephone number, and signature. You must mail your exclusion request so that it is received no later than April 3, 2023 to:

Pareteum Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

You cannot exclude yourself by telephone or by email. If you ask to be excluded, you will not get any Settlement payment and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Settling Defendants and the other Released Defendants' Parties in the future. If you exclude yourself, do not send in a Claim Form to ask for any money.

5

**If I do not exclude myself from the Settlement, can I sue the Settling Defendants and the other Released Defendants' Parties later for the same alleged conduct?**

No. Unless you exclude yourself, you give up any rights to sue the Settling Defendants and the other Released Defendants' Parties for any and all Released Claims. **If you exclude yourself from the Settlement Class, you may not be able to pursue certain claims due to the expiration of certain applicable statutes of repose.** Remember, the exclusion deadline is April 3, 2023.

**If I exclude myself from the Settlement, can I get money from the proposed settlement?**

No.

## IF YOU DO NOTHING

**What happens if I do nothing?**

The judgment of the Court will be binding upon you if you do nothing. You will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Settling Defendants and the other Released Defendants' Parties about the Released Claims in this case, ever again. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 1). To start, continue, or be a part of any other lawsuit against the Settling Defendants and the other Released Defendants' Parties about the Released Claims in this case, you must exclude yourself from this Class (*see* Question 4).

## THE LAWYERS REPRESENTING CLASS MEMBERS

**Do I have a lawyer in this case?**

The Court ordered that Kahn Swick & Foti, LLC ("KSF") represent all Settlement Class Members. This firm is called Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How will Lead Counsel be paid?**

Lead Counsel will move the Court to award Lead Counsel's attorneys' fees from the gross Settlement Fund in a total amount not greater than thirty percent (30%) of the gross Settlement Fund. Lead Counsel also will move the Court to award Lead Counsel reimbursement of their expenses in an amount no greater than $425,000. All of these amounts will be paid out of the gross Settlement Fund.

**How will the notice costs and expenses be paid?**

Lead Counsel may pay the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement, and distributing the Settlement proceeds to the members of the Settlement Class upon approval of the Court. The Claims Administrator's fees and expenses will be paid out of the gross Settlement Fund. The Claims Administrator was selected through a competitive bidding process and multiple bids were reviewed and considered.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**How do I object to the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the application by Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection(s). You should state reasons why you think the Court should not approve any or all of the Settlement terms or arrangements.

You must object in writing by sending a signed letter stating that you object to the proposed Settlement in *In re Pareteum Securities Litigation*, Civil Action No. 1:19-cv-09767 (S.D.N.Y.). Your objection must include a cover page identifying this case name and number and naming the hearing date of April 25, 2023, at 10:30 a.m. in Courtroom 14D of the Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, NY 10007. Be sure to include your name, address, telephone number, and signature; identify the date(s), price(s), and number of shares of all purchases and sales of Pareteum securities you made during the Settlement Class Period and state the

6

reasons why you object to the Settlement. Your objection must be postmarked on or before April 3, 2023 to the Court; Kahn Swick & Foti, LLC, on behalf of the Lead Plaintiff; and Counsel for the Individual Defendants and Squar Milner at the following addresses:

| COURT: | FOR LEAD PLAINTIFF: | FOR THE INDIVIDUAL DEFENDANTS |
|---|---|---|
| Clerk of the Court<br>Daniel Patrick Moynihan<br>U.S. Courthouse<br>Southern District of New York<br>500 Pearl Street<br>New York, NY 10007 | Lewis S. Kahn<br>KAHN SWICK & FOTI, LLC<br>1100 Poydras Street, Suite 3200<br>New Orleans, LA 70163<br>*Lead Counsel for Lead Plaintiff and the Class* | As to Messrs. Turner, O'Donnell, McCarthy, Bozzo, and Van Sante:<br>Douglas W. Greene<br>Baker & Hostetler, LLP<br>45 Rockefeller Plaza<br>New York, NY 10111-0100<br>Telephone: (212) 589-4200<br>Email: dgreene@bakerlaw.com<br><br>As to Messrs. Lippert and Jimenez-Tuñon:<br>James K. Goldfarb<br>Davis Wright Tremaine LLP<br>1185 Avenue of the Americas, 21st Floor<br>New York, NY 10036<br>Telephone: (212) 880-3999<br>Email: jamesgoldfarb@dwt.com<br><br>**FOR DEFENDANT SQUAR MILNER LLP:**<br>Peter J. Larkin<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>1133 Westchester Avenue<br>White Plains, NY 10604<br>*Counsel for Defendant Squar Milner LLP* |

You do not need to go to the Settlement Hearing to have your written objection considered by the Court.

At the Settlement Hearing any Settlement Class Member who has not previously submitted a request for exclusion from the Settlement Class may appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Hearing. If you or your representative intend to appear in person but have not submitted a written objection postmarked by April 3, 2023, it is recommended that you give advance notice to Lead Counsel and/or counsel for the Settling Defendants of your intention to attend the hearing in order to object and the basis for your objection. You may contact them at the addresses provided above.

**What is the difference between objecting to the Settlement and excluding myself from the Settlement?**

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you remain in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

**When and where will the Court decide whether to approve the proposed settlement?**

The Court will hold a Settlement Hearing on April 25, 2023, at 10:30 a.m. in Courtroom 14D of the Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, NY 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. At the Settlement Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Lead Counsel for

7

attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections mailed in accordance with the instructions in the answer to Question 11. The Court also will listen to people who seek to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. *See* Question 11 for more information about speaking at the hearing. The Court will also decide how much to pay to Lead Counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing. The Court may also order the hearing to be held remotely. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

## GETTING MORE INFORMATION

**Are there more details about the proposed settlement?**

This Notice summarizes the proposed Settlement. More details are contained in the Amended Stipulations of Settlement with the Individual Defendants (the "Individual Defendants' Stipulation") and Defendant Squar Milner (the "Squar Milner Stipulation") dated October 25, 2022. You can get a copy of the Stipulations by writing to Lead Counsel at their address above.

You also can call the Claims Administrator toll-free at 866-274-4004; write to the Claims Administrator at Pareteum Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste 205, Media, PA 19063; email info@PareteumSecuritiesLitigation.com or visit the website at www.PareteumSecuritiesLitigation.com, where you will find a Claim Form, answers to common questions about the Settlement, and other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

**How do I get more information?**

For more detailed information concerning the matters involved in this Action, you can inspect the pleadings, the Stipulations, the Orders entered by the Court, and the other papers filed in the Action at the Office of the Clerk, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, NY 10007, during regular business hours. You may also contact Lead Counsel.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
## SETTLEMENT CLASS MEMBERS

This Plan of Allocation has been prepared by Lead Plaintiff and Lead Counsel with the assistance of their economics consultant. The Settling Defendants dispute that any damages were suffered by any Members of the Settlement Class.

The $5,650,000 combined cash Settlement Amount and the interest earned thereon shall be the gross Settlement Fund. The gross Settlement Fund, less all taxes and approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Members of the Settlement Class who submit acceptable Claim Forms ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss. The recognized loss formulas are not intended to be estimates of the amount a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount(s) that will be paid to Authorized Claimants pursuant to the Settlement. The recognized loss formulas are the bases upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects the allegations in the FAC that the Settling Defendants made materially false and misleading statements and omissions throughout the Settlement Class Period. The FAC alleges that these misrepresentations resulted in the artificial inflation of the prices of Pareteum's securities during the Settlement Class Period from December 14, 2017 to October 21, 2019, inclusive, including at the time Pareteum acquired iPass, Inc. in an all-stock tender offer that closed on or about February 12, 2019, and at the time of Pareteum's Secondary Offering on or about September 20, 2019. The Settling Defendants deny that they did anything wrong.

8

Each Authorized Claimant shall be paid based on the percentage of the Net Settlement Fund that each Authorized Claimant's recognized loss bears to the total of the recognized losses of all Authorized Claimants (the "Pro Rata Share").

Securities eligible for recognizable losses include those shares of Pareteum common stock purchased or otherwise acquired from December 14, 2017 to October 21, 2019, inclusive, including in the iPass Acquisition on or about February 12, 2019 and Pareteum's Secondary Offering on or about September 20, 2019.

## PLAN OF ALLOCATION

1. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors or company-specific factors unrelated to the alleged violations of law. The Plan of Allocation reflects the allegations of the FAC and the advice of Lead Plaintiff's damages consultant, including a review of publicly available information regarding Pareteum and statistical analysis of the price movements of Pareteum common stock and the price performance of relevant market and peer indices during the Settlement Class Period. The Plan of Allocation, however, is not a formal damages analysis.

2. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants.

3. For losses to be compensable damages under Section 10(b) of the Securities Exchange Act of 1934, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Lead Plaintiff alleges that the Settling Defendants made false statements and omitted material facts from December 14, 2017 through October 21, 2019, inclusive, that inflated the price of Pareteum common stock. Lead Plaintiff argues that multiple corrective disclosures released to the market between June 7, 2019 and October 21, 2019 revealed the allegedly misrepresented information, impacted the market price of Pareteum common stock, and partially removed alleged artificial inflation from the Pareteum common stock price on June 7, 2019, June 26, 2019, August 23, 2019, and October 22, 2019. Further, while Lead Plaintiff only alleges violations of Section 11 of the Securities Act by Defendant Squar Milner in relation to its Audit Report, which was incorporated into Pareteum's Secondary Offering Filings, it could have further amended the operative complaint to allege violations of Section 10(b) of the Exchange Act based on those same misstatements and omissions.

4. Settlement Class Members who purchased or otherwise acquired Pareteum common stock at any time during the Settlement Class Period have potential claims under Section 10(b). Lead Plaintiff also asserts claims under Sections 11 of the Securities Act on behalf of Settlement Class Members who purchased or otherwise acquired Pareteum common stock pursuant to the iPass Acquisition that closed on or about February 12, 2019 and/or Pareteum's Secondary Offering on or about September 20, 2019. Settlement Class Members who acquired shares of Pareteum common stock pursuant or traceable to the iPass Acquisition at the exchange price of $2.90 on or about February 12, 2019 may have a larger claim under the alternative calculation provided for such transactions. Similarly, Settlement Class Members who purchased or otherwise acquired shares pursuant or traceable to the Secondary Offering at the offering price of $1.76 on or about September 20, 2019 may have a larger claim under the alternative calculation provided for such transactions. Claims under the Exchange Act have more risk for plaintiffs because, unlike Securities Act claims, they require proof of defendants' culpable state of mind, known as "scienter," and are accordingly discounted somewhat for that risk.

## CALCULATION OF RECOGNIZED LOSS

5. A Recognized Loss Amount will be calculated for each share of Pareteum common stock purchased or acquired during the Settlement Class Period from December 14, 2017, through October 21, 2019, inclusive, pursuant to ¶ 6 below. If the calculation of a Recognized Loss Amount for any particular share purchased or acquired during the Settlement Class Period results in a negative number, that number shall be set to zero. For shares of Pareteum

common stock acquired pursuant or traceable to the iPass Acquisition at the exchange price of $2.90[3] on or about February 12, 2019, an alternative Recognized Loss Amount may be calculated pursuant to ¶ 7 below. For shares of Pareteum common stock purchased or otherwise acquired pursuant or traceable to the Secondary Offering at the offering price of $1.76[4] on or about September 20, 2019, an alternative Recognized Loss Amount will be calculated pursuant to ¶ 8 below.

6.  For each share of Pareteum common stock purchased or otherwise acquired during the Settlement Class Period, and:

    i.   sold before June 7, 2019, the Recognized Loss Amount for each share shall be zero;

    ii.  sold from June 7, 2019, up to and including October 21, 2019, the Recognized Loss Amount for each share is **90%[5] *of the least of*:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table 1 below **minus** the amount of artificial inflation per share on the date of sale as stated in Table 1 below; or (ii) the purchase/acquisition price **minus** the sale price;

    iii. sold from October 22, 2019 through and including the close of market trading on January 17, 2020, the Recognized Loss Amount for each share is **90% of the least of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table 1 below; (ii) the purchase/acquisition price **minus** the average closing price between October 22, 2019 and the date of sale as stated in Table 2 below;[6] or (iii) the purchase/acquisition price **minus** the sale price;

    iv.  held as of the close of market trading on January 17, 2020, the Recognized Loss Amount for each share is **90% of the least of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table 1 below; or (ii) the purchase/acquisition price **minus** $0.46, the average closing price of Pareteum common stock between October 22, 2019 and January 17, 2020, as shown on the last line of Table 2 below.

7.  Alternatively, for each share of Pareteum common stock acquired pursuant or traceable to the iPass Acquisition on or about February 12, 2019, the Recognized Loss Amount shall be calculated below if it is greater than the amount as calculated under ¶ 6 above:

    i.   for shares sold from February 12, 2019 through and including October 21, 2019, the Recognized Loss Amount is the difference between the acquisition price (not to exceed $2.90, the closing price of Pareteum common stock on February 12, 2019, the date of the tender offer exchange), **minus** the sale price;

    ii.  for shares sold from October 22, 2019 through and including January 17, 2020, the Recognized Loss Amount is the difference between the acquisition price (not to exceed $2.90, the closing price of Pareteum common stock on February 12, 2019, the date of the tender offer exchange), **minus** the sale

---

[3] Because shares of Pareteum common stock acquired pursuant to the iPass Acquisition are indistinguishable from shares of Pareteum common stock purchased on the open market, only those shares acquired on or about February 12, 2019 and at the tender offer exchange price of $2.90 will be considered as having been acquired pursuant or traceable to the iPass Acquisition.

[4] Because shares of Pareteum common stock issued pursuant to the Secondary Offering are indistinguishable from shares of Pareteum common stock issued previously, only those shares purchased or otherwise acquired on or about September 20, 2019 and at Secondary Offering price of $1.76 will be considering as having been purchased pursuant or traceable to the Secondary Offering.

[5] This discount is designed to reflect increased risk Plaintiffs faced in proving both liability and damages on their Exchange Act claims.

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Pareteum common stock during the "90-day look-back period," October 22, 2019 through and including January 17, 2020. The mean (average) closing price for Pareteum common stock during this 90-day look-back period was $0.46.

price (not to be less than the $0.2992 closing price on the date this lawsuit was filed on October 22, 2019);

   iii.  for shares still held as of the close of market trading on January 17, 2020, the Recognized Loss Amount is $2.6008, the difference between the $2.90 tender offer exchange price and the $0.2992 closing price on the date this lawsuit was filed.

8. Alternatively, for each share of Pareteum common stock acquired pursuant or traceable to the Secondary Offering on or about September 20, 2019, the Recognized Loss Amount shall be calculated below if it is greater than the amount as calculated under ¶ 6 above:

   i.  for shares sold from September 20, 2019 through and including October 21, 2019, the Recognized Loss Amount is the difference between the acquisition price (not to exceed $1.76, the Secondary Offering price), **minus** the sale price;

   ii.  for shares sold from October 22, 2019 through and including January 17, 2020, the Recognized Loss Amount is the difference between the acquisition price (not to exceed $1.76, the Secondary Offering price), **minus** the sale price (not to be less than the $0.2992 closing price on the date this lawsuit was filed on October 22, 2019);

   iii.  for shares still held as of the close of market trading on January 17, 2020, the Recognized Loss Amount is $1.4608, the difference between the $1.76 Secondary Offering price and the $0.2992 closing price on the date this lawsuit was filed.

**<u>ADDITIONAL PROVISIONS</u>**

9. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

10. If a Settlement Class Member has more than one purchase/acquisition or sale of Pareteum common stock during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

11. Purchases or acquisitions of Pareteum common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Pareteum common stock during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of these Pareteum common stock shares for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Pareteum common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Pareteum common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Pareteum common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

12. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Pareteum common stock shares. The date of a "short sale" is deemed to be the date of sale of Pareteum common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases/acquisition covering "short sales" is zero. In the event that a Claimant has an opening short position in Pareteum common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

13. With respect to Pareteum common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

14. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

15. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $20 or greater. If the prorated payment to any Authorized Claimant calculates to less than $20, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

16. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $20 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

17. Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, or other agent designated by Lead Counsel, the Settling Defendants, the Settling Defendants' Counsel or predecessor counsel, or any other Released Plaintiffs' Parties, Released Defendants' Parties, or the Claims Administrator arising from determinations or distributions to Claimants made substantially in accordance with the Stipulations, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, the Settling Defendants, and their respective counsel and predecessor counsel, and all of Released Plaintiffs' Parties or Released Defendants' Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim or any actions taken (or not taken) by the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

18. The Plan of Allocation set forth herein is the plan that is being proposed by the Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Settlement Class. Any orders regarding a modification of the Plan of Allocation will be posted to the website for this Settlement, www.PareteumSecuritiesLitigation.com.

## TABLE 1

### Common Share Alleged Artificial Inflation

| Transaction Date: | Alleged Artificial Inflation Per Share: |
|---|---|
| December 14, 2017 – June 6, 2019 | $2.15 |
| June 7, 2019 – June 25, 2019 | $1.26 |
| June 26, 2019 – August 22, 2019 | $0.75 |
| August 23, 2019 – October 21, 2019 | $0.42 |
| October 22, 2019 - Thereafter | $0.00 |

**TABLE 2**

**Pareteum Common Share Price and Average 90-Day Look-Back Price**
**October 22, 2019– January 17, 2020**

| Date: | Pareteum Common Stock Closing Price: | Pareteum Common Stock Average Closing Price Between October 22, 2019 and Date Shown Closing Price: |
|---|---|---|
| October 22, 2019 | $0.30 | $0.30 |
| October 23, 2019 | $0.38 | $0.34 |
| October 24, 2019 | $0.44 | $0.37 |
| October 25, 2019 | $0.43 | $0.39 |
| October 28, 2019 | $0.39 | $0.39 |
| October 29, 2019 | $0.38 | $0.39 |
| October 30, 2019 | $0.39 | $0.39 |
| October 31, 2019 | $0.37 | $0.39 |
| November 1, 2019 | $0.36 | $0.38 |
| November 4, 2019 | $0.37 | $0.38 |
| November 5, 2019 | $0.35 | $0.38 |
| November 6, 2019 | $0.44 | $0.38 |
| November 7, 2019 | $0.47 | $0.39 |
| November 8, 2019 | $0.45 | $0.39 |
| November 11, 2019 | $0.44 | $0.40 |
| November 12, 2019 | $0.41 | $0.40 |
| November 13, 2019 | $0.43 | $0.40 |
| November 14, 2019 | $0.40 | $0.40 |
| November 15, 2019 | $0.38 | $0.40 |
| November 18, 2019 | $0.37 | $0.40 |
| November 19, 2019 | $0.37 | $0.40 |
| November 20, 2019 | $0.37 | $0.39 |
| November 21, 2019 | $0.38 | $0.39 |
| November 22, 2019 | $0.42 | $0.40 |
| November 25, 2019 | $0.44 | $0.40 |
| November 26, 2019 | $0.41 | $0.40 |
| November 27, 2019 | $0.41 | $0.40 |
| November 29, 2019 | $0.44 | $0.40 |
| December 2, 2019 | $0.43 | $0.40 |
| December 3, 2019 | $0.43 | $0.40 |
| December 4, 2019 | $0.42 | $0.40 |
| December 5, 2019 | $0.47 | $0.40 |
| December 6, 2019 | $0.43 | $0.40 |
| December 9, 2019 | $0.42 | $0.41 |
| December 10, 2019 | $0.42 | $0.41 |
| December 11, 2019 | $0.41 | $0.41 |
| December 12, 2019 | $0.42 | $0.41 |
| December 13, 2019 | $0.41 | $0.41 |
| December 16, 2019 | $0.42 | $0.41 |
| December 17, 2019 | $0.45 | $0.41 |
| December 18, 2019 | $0.41 | $0.41 |
| December 19, 2019 | $0.42 | $0.41 |
| December 20, 2019 | $0.40 | $0.41 |

| Date: | Pareteum Common Stock Closing Price: | Pareteum Common Stock Average Closing Price Between October 22, 2019 and Date Shown Closing Price: |
|---|---|---|
| December 23, 2019 | $0.41 | $0.41 |
| December 24, 2019 | $0.41 | $0.41 |
| December 26, 2019 | $0.40 | $0.41 |
| December 27, 2019 | $0.40 | $0.41 |
| December 30, 2019 | $0.40 | $0.41 |
| December 31, 2019 | $0.44 | $0.41 |
| January 2, 2020 | $0.43 | $0.41 |
| January 3, 2020 | $0.46 | $0.41 |
| January 6, 2020 | $0.76 | $0.42 |
| January 7, 2020 | $0.66 | $0.42 |
| January 8, 2020 | $0.62 | $0.42 |
| January 9, 2020 | $0.66 | $0.43 |
| January 10, 2020 | $0.69 | $0.43 |
| January 13, 2020 | $0.63 | $0.44 |
| January 14, 2020 | $0.88 | $0.44 |
| January 15, 2020 | $0.81 | $0.45 |
| January 16, 2020 | $0.77 | $0.46 |
| January 17, 2020 | $0.78 | $0.46 |

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Pareteum securities between December 14, 2017 to October 21, 2019, inclusive, including in connection with Pareteum's tender offer exchange for iPass, Inc. common stock on or about February 12, 2019, or Pareteum's Secondary Offering on or about September 20, 2019, for the beneficial interest of a person or organization other than yourself, the Court has directed that WITHIN TEN DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased Pareteum securities during such time period or (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners of those Pareteum securities. If you choose to follow alternative procedure (b), the Court has directed that upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Pareteum Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
info@PareteumSecuritiesLitigation.com

If you choose to mail the Postcard Notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

DATED: DECEMBER 20, 2022

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 1:19-cv-09767-AKH-GWG

IN RE PARETEUM SECURITIES LITIGATION

**PROOF OF CLAIM**

**Deadline for Submission: April 3, 2023**

If you purchased or otherwise acquired Pareteum Corporation ("Pareteum" or the "Company") common stock (ticker symbol "TEUM") between December 14, 2017 and October 21, 2019, inclusive, including in connection with Pareteum's tender offer exchange for iPass, Inc. common stock on or about February 12, 2019, or Pareteum's Secondary Offering on or about September 20, 2019, you could receive a payment from this class action settlement.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND SUBMIT IT ELECTRONICALLY OR MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN APRIL 3, 2023 TO THE FOLLOWING ADDRESS:

Pareteum Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
info@PareteumSecuritiesLitigation.com

YOUR FAILURE TO SUBMIT YOUR CLAIM BY APRIL 3, 2023 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE SETTLING PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

**CLAIMANT'S STATEMENT**

1.      I (we) purchased Pareteum common stock and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase Pareteum common stock during the designated Settlement Class Period).

2.      By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Actions or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

15

3.       I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proof of Claim.

4.       I (we) have set forth where requested below all relevant information with respect to each purchase of Pareteum common stock shares, and each sale, if any. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.       I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale, or retention of Pareteum common stock listed below in support of our claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.       I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.       Upon the occurrence of the Effective Date, as defined in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Persons", as defined in the Notice.

8.       NOTICE REGARDING ELECTRONIC FILES: Claimants may submit information regarding their transactions in electronic files. All Claimants MUST submit a signed Proof of Claim form whether or not they submit electronic files. If you wish to file your claim electronically, you must contact the Claims Administrator toll-free at 1-866-274-4004 or visit their website at www.PareteumSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronic submission.

PARETEUM

**PART I - CLAIMANT INFORMATION**

| Beneficial Owner's Name | | |
|---|---|---|
| Co-Beneficial Owner's Name | | |
| Entity Name (if claimant is not an individual) | | |
| Representative or Custodian Name (if different from Beneficial Owner(s) listed above) | | |
| Address 1: | | |
| Address 2: | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email Address | | |
| Account Number: | | |

Specify one of the following:

☐ Individual(s)  ☐ Corporation  ☐ UGMA Custodian  ☐ IRA  ☐ Partnership  ☐ Estate  ☐ Trust
☐ Other:

Enter Taxpayer Identification Number below for the Beneficial Owner(s).

Last 4 Digits of Social Security No.          or      Taxpayer Identification No.
(for individuals)                                        (for estates, trusts, corporations, etc.)

17

PARETEUM

## PART II - TRANSACTIONS IN PARETEUM COMMON STOCK

**A.  iPass Purchases and Acquisitions:** List all acquisitions of Pareteum common stock (ticker symbol: "TEUM") pursuant to its acquisition of iPass, Inc. in an all-stock tender offer that closed on or about February 12, 2019, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price | Total Cost (Excluding Commissions, Taxes, and Fees) | Transaction Type (P/R)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*P – Purchase, R – Received (Transfer-In)

**B.  Secondary Offering Purchases and Acquisitions:** List all purchases and acquisitions of Pareteum common stock (ticker symbol: "TEUM") pursuant to its Secondary Offering on or about September 20, 2019, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price | Total Cost (Excluding Commissions, Taxes, and Fees) | Transaction Type (P/R)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*P – Purchase, R – Received (Transfer-In)

**C.  Beginning Holdings:** State the total number of shares of Pareteum common stock owned at the close of trading on December 13, 2017, long or short (*must be documented*).

**D.  Purchases and Acquisitions:** Separately list each and every purchase of Pareteum common stock during the period from December 14, 2017, to January 17, 2020, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price | Total Cost (Excluding Commissions, Taxes, and Fees) | Transaction Type (P/R)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*P – Purchase, R – Received (Transfer-In)

PARETEUM

**E. Sales:** Separately list each and every sale of Pareteum common stock during the period from December 14, 2017, to January 17, 2020, inclusive, and provide the following information *(must be documented)*:

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price | Amount Received (Excluding Commissions, Taxes, and Fees) | Transaction Type (S/D)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*S – Sale, D – Delivery (Transfer-Out)

**F.  Ending Holdings:** State the total number of Pareteum common stock owned at the close of trading on January 17, 2020, long or short *(must be documented)*.

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and the last 4 digits of your Social Security or Taxpayer Identification number at the top of each sheet.**

**CERTIFICATION**

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____

(Signature)

_____

(Signature)

_____

(Capacity of person(s) signing, *e.g.* beneficial purchaser(s), executor, administrator, trustee, etc.) (*See* Item 2 on Page 15 for instructions)

Date: _____

Pareteum Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN APRIL 3, 2023 AND MUST BE SUBMITTED ELECTRONICALLY OR MAILED TO:**

Pareteum Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
info@PareteumSecuritiesLitigation.com

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by April 3, 2023 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, such as in electronic submission, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

**REMINDER CHECKLIST**

1.      Please be sure to sign this Proof of Claim. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.
2.      Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.
3.      Do NOT use highlighter on the Proof of Claim or any supporting documents.
4.      If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.