**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PARETEUM SECURITIES LITIGATION | Case No. 1:19-cv-09767-AKH-GWG |

**LIMITED OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT BY
LIQUIDATION TRUSTEE FOR THE TEUM LIQUIDATION TRUST**

Anthony M. Saccullo, in his capacity as the Liquidation Trustee (the "Liquidation Trustee") for the TEUM Liquidating Trust, by and through his counsel, and pursuant to the Court's *Order Preliminarily Approving Settlement and Providing for Notice of Pendency* (ECF No. 275) (the "Preliminary Approval Order") and the *Notice of Pendency of Class Action and Proposed Settlement* (ECF No. 278-3) (the "Long-Form Notice"), hereby files this Limited Objection (the "Limited Objection") to the proposed *Amended Stipulation and Agreement of Settlement* (ECF No. 273) (the "Proposed Settlement")[1], and states as follows:

## I.     LIMITED OBJECTION

The Liquidation Trustee objects to the Proposed Settlement solely to the extent that it seeks to modify the terms of an insurance contract and negatively impact the Liquidating Trust's rights by including the following language: "The Parties also agree that the proceeds of XL Insurance Company Policy No. ELU162674-19 (the 'Side A Policy') only will be used to pay Defense Expenses for Claims (as those terms are defined in the Side A Policy) covered under the Side A Policy." Proposed Settlement at ¶ 16 (hereinafter referred to as the "Insurance Proceeds Clause").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation* (ECF No. 280).

The Insurance Proceeds Clause wrongfully seeks to modify the terms of the Side A Policy and prevent the Liquidation Trustee from having any recourse to the Side A Policy, despite the Side A Policy being property of the Debtor's bankruptcy estate and the Liquidation Trustee, who is not a party to the Proposed Settlement, possessing valuable claims against the Individual Defendants. Accordingly, the Insurance Proceeds Clause improperly impairs the rights of the Liquidation Trustee, violates the automatic stay and post-confirmation injunction protecting the Liquidating Trust, and should be stricken from the Proposed Settlement. Striking the Insurance Proceeds Clause will have no impact on the beneficiaries of the Proposed Settlement – the class action shareholders – and protects the rights of the Liquidation Trustee (and the creditors of the Debtor's bankruptcy estate) that the Proposed Settlement is inappropriately trying to restrict.

### A. The Liquidating Trust Was Previously Unable to Defend its Rights

The Liquidation Trustee is seeking to be heard now because he had no opportunity to defend the Liquidating Trust's rights previously. At the time of the October 12, 2022 hearing to preliminarily approve the Proposed Settlement, the Liquidating Trust had not yet come into existence and the Liquidation Trustee had not yet been appointed.[2] As such, the Liquidation Trustee was unable to oppose the preliminary approval of the Proposed Settlement, but the Court plainly recognized the impact that the Proposed Settlement would have on the Liquidating Trust. Indeed, at the October 12th hearing, after being informed of the Individual Defendants' attempt to *not* "set aside" any proceeds of the Side A Policy for potential claims of the then yet to be appointed Liquidation Trustee, the Court questioned: "Well, should the trustee be involved in the

---

[2] The Pareteum debtors' liquidating Chapter 11 plan was confirmed on October 7, 2022, but its effective date did not occur until October 21, 2022. On the October 21, 2022 effective date, the TEUM Liquidating Trust came into being to succeed to the rights of the Pareteum debtors. *See* Notice of Effective Date, ECF No. 397 and Confirmation Order, ECF No. 374 ("Confirmation Order") at ¶¶ 52, 54, both in *In re Pareteum Corp., et al.*, Case No. 22-10615-LGB (Bankr. S.D.N.Y.).

settlement?"  *See* Transcript of October 12, 2022 Hearing ("10/12/22 Tr.") at 8:8-19.[3]   The

response given was that the Liquidation Trustee had not yet been appointed.  *Id.* at 8:20-21.

However, since that hearing, the Liquidation Trustee was not only appointed but also brought suit

against the Individual Defendants for breaching their fiduciary duties to Pareteum Corp. based

upon various improper conduct, including the material misstatements of Pareteum Corp.'s

financials.  *See* Complaint, ECF No. 1 in *Saccullo v. Turner, et al.*, Adv. Proc. No. 22-01177-LGB

(Bankr. S.D.N.Y.) (hereinafter, the "D&O Adversary").[4]   Nonetheless, the Defendants now seek

approval of the Proposed Settlement which, they assert, will permit them to run the meter on their

defense costs while precluding the Liquidation Trustee from accessing the policy, whether via a

settlement or judgment.

### B.  The Insurance Proceeds Clause Violates New York Law

The attempt to shoehorn the Insurance Proceeds Clause into the Proposed Settlement is

inappropriate because it purports to impair the rights of the Liquidation Trustee in violation of his

contractual rights.  In fact, the Individual Defendants concede that the purpose of this language is

to, among other things, prevent the Liquidation Trustee from accessing the Side A Policy proceeds,

stating: "the [Individual Defendants] need to preserve some insurance proceeds for defense of the

government investigations."  *See* Individual Defendants' Reply in Support of Stay Relief Motion,

ECF No. 411 at ¶ 23 in Case No. 22-10615-LGB (Bankr. S.D.N.Y.).  The intended result is ironic

given that the Pareteum debtors paid for the Side A Policy in the first place, but the Insurance

Proceeds Clause also runs contrary to the terms of the Side A Policy itself as well as established

case law.  To wit, the Side A Policy provides that its proceeds are available to fund both Defense

---

[3] A copy of the relevant excerpts of this transcript is annexed hereto as <u>Exhibit A</u>.

[4] A copy of the Complaint in the D&O Adversary is annexed hereto as <u>Exhibit B</u>.

Costs and Losses (*i.e.*, including judgments or settlements),[5] and New York law prohibits the insurer and the insureds from entering into a settlement which impairs the rights of third parties with respect to the Side A Policy.[6] *See Smith & Wesson v. Birmingham Fire Ins. Co.*, 123 A.D.2d 135, 137-38 (N.Y. App. Div. 1st Dept. 1987) (holding that settlement agreement between insurer and insured for loss of goods could not impair rights against insurance policy of party whose goods were lost by insured); *Rushing v. Commercial Cas. Ins. Co.*, 251 N.Y. 302 (1929) (Cardozo, J.) (settlement between insurer and insured could not impair rights of third party as "she is not, indeed, affected by the compromise, which was unavailing to divest her of rights previously accrued."); *see also Scott v. Freeport Motor Cas. Co. of Freeport*, 392 Ill. 332, 346, 64 N.E.2d 542, 549 (1946) ("It would be an injustice to such injured party if the law would permit the acts of the insured occurring after the accident to defeat the policy."). This same principle is true here, as the insureds and various claimants have jointly sought to enjoin another claimant (the Liquidation Trustee) from accessing the insurance policy proceeds, but the Liquidation Trustee's rights to those proceeds and under the Side A Policy have already accrued.

Furthermore, the Insurance Proceeds Clause plainly violates New York Insurance Law § 3420, which both (i) requires insurance policies to permit creditors who have obtained a judgment against an insured to bring an action against the insurer for payment of that judgment up to the

---

[5] The Side A Policy defines Loss (with some exclusions not relevant here) as "damages, *judgments, settlements* or other amounts (including pre- & post-judgment interest, punitive or exemplary damages, or the multiplied portion of any damage award, where insurable by law) and **Defense Expenses** that the **Insured Persons** are obligated to pay." *See* Side A Policy at II.K (emphasis added). A copy of the Side A Policy with endorsements is annexed hereto as Exhibit C. Defense Expenses, in turn, are defined as "reasonable legal fees and expenses incurred in the defense or investigation of any **Claim**" but not including "overhead expenses or any salaries, wages, fees, or benefits of its directors, officers, or employees. *Id.* at II.E.

[6] New York Law governs the Side A Policy. The Side A Policy was purchased by an entity with its principal place of business in New York and contains multiple endorsements to provide notice and provisions to accord with New York requirements. *See* Side A Policy at Item 1 and Endorsement Nos. 3, 4, 5, 6.

limit of coverage and (ii) provides that such judgment creditors can bring such actions. *See* N.Y. Ins. Law §§ 3420(a)(2), 3420(b); *Sales v. U.S. Underwriters Ins. Co.*, No. 93 Civ. 7580, 1995 WL 144783, at *9 (S.D.N.Y. Apr. 3, 1995) (because "plaintiffs' right of action under Section 3420(a)(2) accrued at the time of the injury . . . any subsequent settlement or release effectuated by [the tortfeasor] and [insurance company] is not determinative of plaintiffs' rights."); *Mineweaser v. Once Beacon Ins. Co.*, No. 14-CV-0585A (Sr), 2021 WL 5149736, at *2 (W.D.N.Y. Nov. 5, 2021) (same); *see also Goldstein v. Bernstein*, 315 Mass. 329, 332, 52 N.E.2d 559, 561 (1943) (holding, in construing a similar direct action statute: "After a cause of action has accrued to the injured persons against the insured, then the parties to the contract of insurance cannot by any release, agreement or collusion destroy the rights of the injured persons in the indemnity."); *Spann v. Commercial Standard Ins. Co. of Dallas, Tex.*, 82 F.2d 593, 599 (8th Cir. 1936) (construing a similar right of action; holding that attempt to cancel insurance policy by insured subsequent to accrual of injured's claim to be of no effect: "A contrary rule allowing the insured and insurer to destroy the claim of the injured would render the right of little value."). In short, the parties are seeking Court approval of a Proposed Settlement that contains language contrary to well-established law.

**C. The Insurance Proceeds Clause Violates the Automatic Stay and the Plan Injunction**

The Insurance Proceeds Clause is further inappropriate because it violates the automatic stay of Bankruptcy Code § 362[7] and the plan injunction of the confirmation order[8] protecting the

---

[7] The plan and confirmation order provide for the automatic stay to continue in effect post-confirmation. *See* Confirmation Order at ¶ 60 (adopting injunctions provided for in plan); *id.* at Ex. A, § 10.4 ("Unless otherwise provided, all injunctions or stays arising under or entered during these Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Chapter 11 Cases.").

[8] *See* Confirmation Order, ECF No. 374 at ¶ 61 ("Upon entry of this Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere

Liquidating Trust.  Regardless of whether the proceeds of the Side A Policy are estate property, the policy itself and the Liquidating Trust's rights as a claimant under that Policy are.  As such, the parties in this action via the Proposed Settlement cannot seek to impair those rights.  *See Eastern Equipment and Servs. Corp. v. Factory Point Nat'l Bank, Bennington*, 236 F.3d 117, 121 (2d Cir. 2010) (finding Bankruptcy Code precludes jurisdiction in the district courts to determine stay violations).[9]

### D. The Insurance Proceeds Clause Can and Should Be Stricken

Striking the Insurance Proceeds Clause would have no impact on the Proposed Settlement. The language does not impact the distributions to be made to the class by the Proposed Settlement. If anything, to the extent the Liquidation Trustee can make a claim to the Side A Policy, the more likely it is that he can make distributions to Pareteum's creditors.  Further, the Insurance Proceeds Clause was not included in the notice provided to the class regarding the Proposed Settlement. Members of the class were sent postcards with a brief description of the claims and the proposed settlement, none of which referenced the Side A Policy or the Insurance Proceeds Clause.  *See* January 19, 2023 Declaration of Margery Craig, ECF No. 278 ("Craig Decl.") at ¶ 3, Ex. A.  That postcard referred recipients to a website for further information, *see id.*, which provides the Long-Form Notice and summary notice, the proof of claim form, the operative complaints, the Court's August 11, 2021 opinion denying the motions to dismiss, the proposed stipulation of settlement with Squar Milner, LLP, and the Proposed Settlement.  *See* Craig Decl. at ¶ 11; *see also*

---

with the implementation or consummation of the Plan, including the making of Distributions and payments contemplated under the Plan.").

[9] The parties herein obtained stay relief from the Bankruptcy Court for the settlement payout from the insurance policies, but did not obtain stay relief to enter into the Proposed Settlement or for any of its proposed terms, including the Insurance Proceeds Clause.  *See* Stay Relief Order, ECF No. 459 in *In re Pareteum Corp., et al.*, Case No. 22-10615-LGB (Bankr. S.D.N.Y.).

https://pareteumsecuritieslitigation.com/ (accessed March 25, 2023). The Insurance Proceeds Clause is buried in the middle of the 45-page Proposed Settlement. The Long-Form Notice was also sent via the Legal Notice System of the Depository Trust Company, and the summary notice was published via GlobeNewswire and PR Newswire, but none of those notices refer to the Insurance Proceeds Clause. *See* Craig Decl. at ¶¶ 8-9, Exs. C, D. As such, striking the Insurance Proceeds Clause should not require additional notice, and even if it did, such notice could be provided at limited additional expense.

## II.    CONCLUSION

For the forgoing reasons, the Liquidation Trustee respectfully requests that the Court strike the Insurance Proceeds Clause but otherwise approve the Proposed Settlement, and grant such other and further relief as the Court deems just and proper.

Dated: April 3, 2023

**BAST AMRON LLP**

By: */s/ Jaime Leggett*
Jaime B. Leggett, Esq.
One Southeast Third Avenue
Suite 2410
Miami, Florida 33131
(305) 379-7904
bamron@bastamron.com
pklock@bastamron.com
jleggett@bastamron.com

*Attorneys for Plaintiff Anthony M. Saccullo,*
*in his capacity as the Liquidation Trustee for*
*the TEUM Liquidating Trust*