# EXHIBIT I

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PARETEUM CORPORATION, | ) Case No. 22-10615 (LGB) |
| *et al.*,[1] | ) |
| | ) |
| Debtors. | ) |
| | ) |

**ORDER GRANTING MOTION FOR ORDER CONFIRMING AND/OR**
**DETERMINING THAT PROCEEDS OF CERTAIN D&O INSURANCE POLICIES ARE**
**NOT SUBJECT TO THE AUTOMATIC STAY**

Upon consideration of the Motion (the "Motion") (Docket No. 329) of Non-Debtors

Robert H. Turner, Edward O'Donnell, Denis McCarthy, Victor Bozzo, Robert Mumby and Yves

Van Sante ("Movants") seeking an order that, pursuant to sections 105(a) and 362(d)(1) of title

11 of the United States Code (the "Bankruptcy Code"), proceeds under those certain insurance

policies (the "ABC Policies") are not property of the Debtors' estates and that section 362 of the

Bankruptcy Code is not applicable or should be modified to the extent necessary so that the

proceeds may be utilized towards settlement of certain litigations (as detailed in the Motion); and

Anthony M. Saccullo, in his capacity as Liquidating Trustee, for the TEUM Liquidating Trust

(the "Trustee") having filed an Objection to the Motion on November 2, 2022 (the "Objection")

(Docket No. 409); and the Movants having filed a Reply to the Objection (the "Reply") (Docket

No. 411); and the Court having held an initial hearing on the Motion on November 10, 2022 (the

"Initial Hearing"); and at the Initial Hearing, the Court having scheduled an evidentiary hearing

---

[1]    The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification
number, if applicable, are: Pareteum Corporation (7538); Pareteum North America Corp. (f/k/a Elephant Talk
North America Corp.) (9623); Devicescape Holdings, Inc. (2909); iPass, Inc. (4598); iPass IP LLC (2550);
Pareteum Europe B.V.; Artilium Group Ltd. (f/k/a Artilium PLC); Pareteum Asia Pte. Ltd.; and Pareteum N.V.
(f/k/a Artilium N.V.). The Debtors' corporate headquarters is located at 1185 Avenue of the Americas, 2nd Floor,
New York, NY 10036.

for December 12, 2022 and authorizing the Movants and the Trustee (collectively, the "Parties")

to file supplemental briefing further addressing certain issues including the lifting of the

automatic stay and application of the *Sonnax* factors as set forth in *Sonnax Indus., Inc. v. Tri

Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990) (the "Sonnax

Factors"); and the Parties having filed their respective supplemental briefing on December 7,

2022 (Docket Nos. 449, 450); and the Court having held an evidentiary hearing on the Motion on

December 12, 2022 (the "Evidentiary Hearing"); and it appearing that the Court has jurisdiction

to consider the Motion; and it appearing that no other or further notice need be provided; and

upon the Motion and all of the proceedings before the Court, including the Initial Hearing and

the Evidentiary Hearing; and after due deliberation; and good and sufficient cause appearing

therefore; it is hereby

**ORDERED** that

1.      The Motion is granted as set forth herein;

2.      The proceeds of the ABC Policies are property of the Debtors' estates for the

reasons set forth on the record by the Court at the Evidentiary Hearing;

3.      Cause exists to lift the automatic stay pursuant to the applicable *Sonnax* Factors

for the reasons set forth on the record by the Court at the Evidentiary Hearing;

4.      The automatic stay imposed by Bankruptcy Code section 362, to the extent

applicable, does not bar XL Specialty Insurance Company, Wesco or Crum & Forster

(collectively, the "Insurers") from paying, reimbursing, and/or advancing insurance proceeds

under the ABC Policies to fund the $7.6 million settlements of the following actions: *In re

Pareteum Securities Litigation*, No. 1:19-cv-09767-AKH-GWG (S.D.N.Y.); *Douglas Loskot v.*

*Pareteum Corp. et al.*, 20-CIV-02279 (Cal. Super. Ct., San Mateo Cnty.); and *Sabby Volatility*

*Warrant Master Fund, Ltd. v. Pareteum Corp., et al.*, No. 19-cv-10460-AKH (S.D.N.Y.);

5.    All amounts advanced to, or on behalf of, the Insureds (as defined in the ABC

Policies) to fund the Settlement Amount, as discussed in the Motion, shall reduce the limit of

liability of the ABC Policies, as provided in the respective ABC Policies;

6.    Nothing contained in this Order shall modify or change (i) any of the terms and

conditions of the ABC Policies or (ii) any person's rights, if any, under the ABC Policies;

7.    The fourteen (14) day stay provided by Bankruptcy Rule 4001(a)(3) is waived;

8.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry;

9.    Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion under the circumstances of these cases; and

10.    The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: December 13, 2022                    /s/ **Lisa G. Beckerman**
New York, New York                    Honorable Lisa G Beckerman
                                      U.S. Bankruptcy Judge


3