# EXHIBIT N

*Confidential and Subject to Fed. R. Evid. 408 and Cal. Evid. Code §1152*
*For Settlement Purposes Only*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| DOUGLAS LOSKOT, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> vs. <br><br> PARETEUM CORPORATION, ROBERT H. TURNER, EDWARD O'DONNELL, VIC BOZZO, YVES VAN SANTE, ROBERT LIPPERT, and LUIS JIMENEZ-TUÑON, and DOES 1 through 10, inclusive, <br><br> *Defendants*. | Case No. 20-CIV-02279 |

### STATE COUNSEL'S FEE RESPONSE

**THE WEISER LAW FIRM, P.C.**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
(610) 249-0005

**KASKELA LAW LLC**
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
(484) 258 – 1585

**KELLER GROVER LLP**
1965 Market Street
San Francisco, CA, 94103
(415) 543-1305

*State Class Counsel*

*Confidential and Subject to Fed. R. Evid. 408 and Cal. Evid. Code §1152*
*For Settlement Purposes Only*

State Class Counsel[1] respectfully submit this reply in further support of their proposed allocation of attorneys' fees in the Actions and opening submission thereon (the "State Submission"). Federal Class Counsel and Sabby's Counsel's response (the "Federal Submission") misrepresents the facts, misapplies the law, and offers no credible basis to undermine State Class Counsel's arguments that they were an integral part of the litigation and settlement of the Actions, and are entitled to a fair fee.

As a preliminary matter, Federal Class Counsel states that "in the exercise of its discretion" as "lead counsel" that it has determined to award State Class Counsel "$66,000 at the most." Federal Submission at 1. If Federal Class Counsel truly possesses such powers, one is compelled to wonder why we are engaged in a fee arbitration at all. It appears that Federal Class Counsel's position is that it has been appointed "Lead Counsel" over both cases, and that its word is law. Federal Submission at 3. This is false. Federal Class Counsel is not "Lead Counsel" in any case but its own; the State Action was filed and litigated separately. The Supreme Court has been quite clear on the point: Section 11 cases, like the instant one, are not the exclusive purview of the federal courts, and they may not bind state courts or their parties. *Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 200 L. Ed. 2d 332, 138 S. Ct. 1061, 1064 (2018). Reality disabuses Federal Class Counsel's argument; the State Class Action is, and has always been, a separate case prosecuted independently by State Class Counsel.

Similarly false is Federal Class Counsel and Sabby's claim that only the fees of the Weiser Firm are in dispute. Federal Submission at 1-2. That is, the Federal Submission represents the first time such a position has been suggested or conveyed to State Class Counsel, and it represents the antithesis of every prior discussion or exchange among the parties and the mediator to such an extent that it suggests actual bad faith. Every discussion – whether with the mediator or Federal Class Counsel – regarding the resolution of the fee dispute has referred to the fees in the Loskot Action relative to the fees in the Federal Class Action. Every pleading submitted in the State Class Action has included Mr. Loskot's co-counsel – the Weiser Firm and Kaskela Law – as well as Mr. Loskot's local counsel, Keller Grover. The Memorandum of Understanding notes that "Lead Counsel's attorneys' fees and expenses, as awarded by the Court, which shall incorporate *attorneys' fees and expenses for Plaintiff Loskot's counsel in the Loskot Action*, shall be paid from the escrow account immediately upon final approval…" MOU at ¶17. The emails exchanged by the parties in connection with the fee arbitration refer to the "Loskot Action" and "each side" in the fee dispute. *See, e.g.*, October 26, 2022 email from David Murphy to counsel. State Class Counsel shared their total lodestar, including time from the Weiser "firm, co-counsel, and local counsel" with Federal Class Counsel and Sabby on October 11, 2022 via email; if the parties meant only to resolve the Weiser Firm's time, one certainly would have expected Federal Class Counsel to suggest that only one firm, out of three, representing Mr. Loskot, would be compensated for their work at some time prior to the Federal Submission. But Federal Class Counsel did not do so; its suggestion is disingenuous, at odds with the understanding, communications, and behavior of the parties to this point, and would

---

[1] Capitalized terms are used as defined in the State Submission.

*Confidential and Subject to Fed. R. Evid. 408 and Cal. Evid. Code §1152*
*For Settlement Purposes Only*

lead to a ridiculous result.[2]   If Federal Class Counsel does not wish to include the time of Kaskela Law or Keller Grover in its fee application to the court, it is certainly free to do so, but that does not change the fact that the parties to this arbitration agreed that the fees in the Loskot Action would be resolved herein, and paid by Federal Class Counsel.[3]

Finally, the Federal Submission incorrectly calculates the damages in the Actions and misallocates the relative recoveries and lodestar to justify its position on fees.   Federal Submission at 3.   As a preliminary matter on this point, and as explained in detail in State Class Counsel's opening submission, a plain lodestar comparison is of no moment to the question of fees, as it is at odds with both the law and equity.   *See* State Submission at 1-3 (discussing request of defendants, the mediator, and Federal Class Counsel that State Class Counsel "stand down" to preserve resources, as well as the efforts and contributions towards litigation and settlement undertaken by State Class Counsel).

First, Federal Class Counsel's raw damages numbers are incorrect: State Class Counsel's expert calculates the Section 11 damages as approximately $12 million, and the Section 10(b) damages as approximately $91 million.   Thus, even if relative damages were the proper measure for allotting fees (and they are not, as already explained), the damages at play in the State Class Action represent 11.6% of the aggregate damages, not 3.4% as stated by Federal Class Counsel. Federal Submission at 2.   And damages, as a relative percentage, are in no case the be all end all of the analysis, as the Section 11 claims are "worth" far more in that they are overwhelmingly factually stronger than the Section 10(b) claims, and far easier to prove due to the lower standard of proof.

And Federal Class Counsel does not even use the correct lodestar numbers; State Class Counsel's lodestar is $350,000, not $300,000.   *Compare* Federal Submission at 1 *with* State Submission at 1 n2; *see also* October 11, 2022 email from Christopher Nelson to Kim Miller (setting forth $350,000 lodestar and $12,000 in expenses).   Further, even if Federal Class Counsel's shockingly inflated lodestar of $3.5 million (*ten times* that of State Class Counsel) is used and the court awards a $1.567 million fee, that represents a lodestar multiplier of .44; yet in the next sentence Federal Class Counsel, inexplicably, awards a lodestar multiplier of .22 to State Class Counsel's time.   If the "correct" .44 multiplier calculated by Federal Class Counsel were used, that would result in .44*$350,000=$154,000 in fees, and an additional $12,000 in expenses apportioned to State Class Counsel.   In any case, and as already explained, a raw

---

[2] That the Stipulation of Settlement refers to the "Weiser Law Firm" as "Counsel for Loskot" is consistent and does not compel a different reading – the Weiser Law Firm is lead counsel in the State Class Action and, quite naturally, as Federal Class Counsel's own authorities recognize (Federal Submission at 3), will apportion fees amongst the members of its own "side."

[3] Equally inappropriate are Federal Class Counsel's attacks on State Class Counsel for not attending the preliminary approval hearing; State Class Counsel is not admitted in the S.D.N.Y., nor has it appeared as counsel for the Class in the federal action.   Given that the underlying settlement provided that all settlement matters would be addressed by Federal Class Counsel through Judge Hellerstein, participation by State Class Counsel would have been not only improper, but also a waste of resources in that it would have inflated costs to the Class.

*Confidential and Subject to Fed. R. Evid. 408 and Cal. Evid. Code §1152*
*For Settlement Purposes Only*

lodestar comparison is not the correct measure – either under equity or the law. *See* State Submission at 1-3. To reward Federal Class Counsel for overbilling the case with pointless make-work which served only to burn the insurance policies and the Class' recovery is the most perverse of incentives. *Id*.

For the foregoing, as well as the reasons set forth in the State Submission, State Class Counsel reiterates its position that it should be awarded 33% of the overall fees awarded in the Action.


Dated:  February 6, 2023                    /s/ Christopher L. Nelson
                                            **THE WEISER LAW FIRM, P.C.**
                                            Christopher L. Nelson
                                            Four Tower Bridge
                                            200 Barr Harbor Drive, Suite 400
                                            West Conshohocken, PA 19428
                                            (610) 249-0005

                                            **KASKELA LAW LLC**
                                            D. Seamus Kaskela
                                            18 Campus Boulevard, Suite 100
                                            Newtown Square, PA 19073
                                            (484) 258-1585

                                            **KELLER GROVER, LLP**
                                            Kathleen R. Scanlan
                                            1965 Market Street
                                            San Francisco, CA, 94103
                                            (415) 543-1305

                                            *State Class Counsel*