UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PARETEUM SECURITIES LITIGATION | Case No. 1:19-cv-09767-AKH-GWG<br><br>[PROPOSED] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>**EXHIBIT B** |

This matter came before the Court for hearing on the application of the Settling Parties for approval of the Settlement set forth in the Stipulations of Settlement dated July 14, 2022 and September 7, 2022, and the Amended Stipulations of Settlement dated October 25, 2022. Due and adequate notice having been given of the Settlement, and the Court having previously certified the Class, for Settlement purposes only, and having considered all papers filed and proceedings held herein, and good cause appearing,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**:

1. This Judgment incorporates by reference the definitions in the Stipulations, and all capitalized terms used herein shall have the same meanings set forth in the Stipulations. This Judgment incorporates and makes a part hereof: (a) the Stipulation and Agreement of Settlement; and (b) the Notice and the Summary Notice.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, adequate to, and in the best interests of the Lead Plaintiffs, the Released Plaintiffs' Parties, and each of the Settlement Class Members. This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the

Released Plaintiffs' Parties, the Settlement Class Members, the Individual Defendants, and Defendant Squar Milner. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the Stipulations. The limited Objection of the Liquidation Trustee for the Teum Liquidation Trust (ECF No. 284) is overruled.

4. The Action and all claims contained therein, as well as all the Settled Claims, are dismissed with prejudice as against each and all of the Released Defendants' Parties, including Victor Bozzo, Denis McCarthy, Edward O'Donnell, Robert H. Turner, and Squar Milner LLP. Lead Plaintiff, the Released Plaintiffs' Parties, and the Settlement Class will not make applications against any of Released Defendants' Parties, and Released Defendants will not make applications against the Lead Plaintiff or the Released Plaintiffs' Parties for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action.

5. Upon the Effective Date, Lead Plaintiff, the Released Plaintiffs' Parties, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) as against the Released Defendants' Parties, whether or not such Settlement Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

6. Upon the Effective Date, all Settlement Class Members (including Lead Plaintiff)

and anyone claiming through or on behalf of any of them, except any Person who has validly and timely requested exclusion from the Settlement Class, will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) asserting any of the Released Claims against any of the Released Defendants' Parties.

7. Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, the Released Plaintiffs' Parties, each and all of the Settlement Class Members, and Plaintiffs' Counsel from all claims whatsoever arising out of, relating to, or in connection with the investigation, institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for those claims brought to enforce the Settlement.

8. Upon the Effective Date, any and all claims for contribution, however denominated, arising out of or related in any way to the Action: (a) by any person or entity against any Released Defendants' Parties; or (b) by any Released Defendants' Parties against any person or entity, other than a person or entity whose liability to the Settlement Class has been extinguished pursuant to the Settlement, are permanently barred, enjoined and finally discharged to the fullest extent provided 15 U.S.C. § 78u4(f)(7) and any other applicable law or regulation (the "Bar Order"). Nothing herein is intended to broaden the language of the PSLRA.

9. The releases in paragraphs 5 – 8 shall not apply to the one Settlement Class Member who submitted a valid and timely exclusion, Mr. Dennis Lally (ECF No. 286, Ex. A).

10. Upon the Effective Date Judgment Reduction: Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Released Defendants' Parties for common damages; or (b) the amount paid by or on behalf of the Released Defendants' Parties to the Settlement Class or Settlement Class Member for common damages.

11. The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action, mailing of Postcard Notice, and emailing and publication of the Summary Notice as provided for in the Preliminarily Approval Order, as previously ordered at ¶ 7 of the Order Preliminarily Approving Settlement Providing for Notice of Pendency, constituted the best notice practicable under the circumstances – including individual notice to all Settlement Class Members who could be identified through reasonable effort – of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12. Neither any objection to this Court's approval of the Plan of Allocation submitted by Lead Counsel nor to any portion of this order regarding the Attorneys' Fee and Expense Application shall in any way disturb or affect the finality of this Judgment.

13. Neither the Stipulations, nor the Settlement, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them: (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted

in the Action, or of any alleged wrongdoing, liability, negligence, or fault of any Released Defendants' Parties; or (b) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any of the Released Defendants' Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any of the Released Defendants' Parties may file the Stipulations and/or the Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; and (c) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulations and this Judgment.

15. After completion of the processing of all claims by the Claims Administrator, the Escrow Agent shall disburse the Net Settlement Fund in accordance with the Stipulations and Plan of Allocation without further order of this Court..

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them: (a) that Lead Counsel would seek an award of attorneys'

fees of up to thirty percent (30%) of the Settlement Fund on behalf of Plaintiffs' Counsel, and reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $425,000; and (b) that Settlement Class Members had a right to object to such application(s). A full and fair opportunity was given to all Persons who are Settlement Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees to Lead Counsel of 30% percent of the Settlement Fund ($ 1,695,000.00), plus accrued interest, plus reimbursement of expenses to Lead Counsel in the amount of $ 422,214.12, plus accrued interest, both to be paid from the Settlement Fund pursuant to the Stipulation, after an initial distribution is made from the Settlement Fund to Authorized Claimants. Out of Lead Counsel's attorneys' fee award, Counsel for Loskot is awarded $70,000.00 in attorneys' fees, plus accrued interest. Plaintiff Sabby will pay or cause to be paid an additional $30,000.00 to Counsel for Loskot, plus accrued interest.

In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $5,650,000 in cash (as well as $100,000 toward Notice costs) that has been funded into escrow pursuant to the terms of the Amended Stipulations, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b) Approximately 74,617 potential Settlement Class Members and nominees were mailed the Notice. The Notice stated that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $425,000. There were no objections to the requested

attorneys' fees or reimbursement of Litigation Expenses;

(c) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action raised a number of complex issues;

(e) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less than the Settlement Amount, or nothing at all;

(f) Lead Counsel devoted at least 4,700 hours through March 24, 2023, with a lodestar value of approximately $3.614 million, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

18. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Settlement Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate among Settlement Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

19. This Action is hereby dismissed in its entirety with prejudice as to the Released

Defendants' Parties.

20. All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Order, pursuant to their terms. The terms of the Stipulation and of this Judgment shall be forever binding on Released Defendants' Parties, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

21. In the event that the Settlement does not become Final in accordance with the Stipulation, or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulations and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation, and this litigation shall revert to the state at which it existed on July 13, 2022.

22. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: May 3, 2023

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK